1 | JAMES J. YUKEVICH (SBN 159896)
      *JYukevich@yukelaw.com*
2 | CRISTINA M. CIMINELLI (SBN 206201)
      *CCiminelli@yukelaw.com*
3 | MATTHEW E. MEYER (SBN 275098)
      *MMeyer@yukelaw.com*
4 | ELIZABETH M. CALLAHAN (SBN 276963)
      *Ecallahan@yukelaw.com*
5 | YUKEVICH CAVANAUGH
    355 S. Grand Avenue, 15th Floor,
6 | Los Angeles, California 90071-1560
    Telephone:  (213) 362-7777
7 | Facsimile:   (213) 362-7788

8 | THOMAS C. CORLESS (SBN 100614)
      *Thomas.corless@wilsonelser.com*
9 | WILSON ELSER MOSKOWITZ
    EDELMAN & DICKER LLP
10 | 555 S. Flower Street - Suite 2900
     Los Angeles, CA 90071-2407
11 | Telephone:  (213) 330-8890

12 | NORMAND A. AYOTTE (SBN 130609)
       *Nayotte@jonesandayotte.net*
13 | JONES & AYOTTE
     221 East Walnut Street, Suite 238
14 | Pasadena, CA 91101-1554
     Telephone:  (626) 792-9741

15 |

16 | Attorneys for Defendants
     GROUP V SAN BERNARDINO, LP;
     NIJJAR REALTY INC. dba PAMA
17 | MANAGEMENT CO. (erroneously sued
     as "PAMA MANAGEMENT CO.")

18 |



19 | **UNITED STATES DISTRICT COURT**

20 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

21 | DARLENE GARCIA; ANGELA      CASE NO. **CV13-01911** MMM (AGR)
     MENDOZA; ROSEMARY PEREZ;
22 | DALIA GARCIA; JACKIE GARCIA;
     FERNANDO CAMPOS; ABDUL       **NOTICE OF REMOVAL OF**
23 | MOHAMMED; LISA WILSON;        **ACTION UNDER 28 U.S.C.**
     SONNY ROYBALL; FRED MEDINA;  **SECTION 1441(a) AND (c)**
24 | FLORENCE MEDINA; ANA         **(FEDERAL QUESTION)**
     CECILIA ARAUJO; ROMULO
25 | ROMERO; BETTY DRESDA;        JURY TRIAL DEMANDED
     BEATRIZ DIAZ RETANA; JACINTO
26 | CORIO BRITO; and DOLORES
     CAMACHO,                     Trial Date:     None Set
27 |
              Plaintiffs,
28 |

YUKEVICH CALFO & CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR,
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1     vs.

2     GROUP V SAN BERNARDINO, LP;
      PAMA MANAGEMENT CO.; and
3     DOES 1 THROUGH 50, inclusive,

4           Defendants.

5

6                        **NOTICE OF REMOVAL**

7           Defendants GROUP V SAN BERNARDINO, LP and NIJJAR REALTY

8     INC. dba PAMA MANAGEMENT CO. (erroneously sued as "PAMA

9     MANAGEMENT CO.") (collectively, "removing defendants"), through

10    undersigned counsel, hereby remove the state-court action entitled *Darlene Garcia,*

11    *et. al. v. Group V San Bernardino, LP, et. al.,* Civil Action No. LC099543, filed in

12    the Superior Court of California, County of Los Angeles.  This Court has original

13    jurisdiction over Title VIII of the Civil Rights Act of 1968 (Federal Fair Housing

14    Act) claims pursuant to 28 U.S.C. § 1331 because they are claims arising under

15    federal statutes.  This Court has supplemental jurisdiction over the remaining state

16    law claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal

17    claims that they form part of the same case or controversy under Article III, § 2, of

18    the United States Constitution.  Accordingly, this matter is removable to federal

19    court under 28 U.S.C. §§ 1441(a) and (c).

20          In support of removal, removing defendants state as follows:

21    I.    **FILING AND SERVICE OF THE COMPLAINT**

22          1.    On or about January 18, 2013, plaintiffs commenced this action against

23    GROUP V SAN BERNARDINO, LP and NIJJAR REALTY INC. dba PAMA

24    MANAGEMENT CO. (erroneously sued as "PAMA MANAGEMENT CO."), and

25    un-named Doe defendants, by filing a Complaint in the Superior Court of Los

26    Angeles County, in the State of California, bearing case number LC099543.

27          2.    The   first   date   upon   which   Defendants   GROUP   V   SAN

28    BERNARDINO, LP and NIJJAR REALTY INC. dba PAMA MANAGEMENT

YUKEVICH CALFO & CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR,
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1  CO. (erroneously sued as "PAMA MANAGEMENT CO.") were served, was on or

2  about February 22, 2013.  In accordance with California Code of Civil Procedure §

3  415.20 (b), which provides in pertinent part, "[s]ervice of a summons in this manner

4  [substitute service] is deemed complete on the 10th day after the mailing,"

5  substituted service was allegedly made on January 31, 2013, and mail service was

6  made on or about February 12, 2013.  Accordingly, the effective service completion

7  date is February 22, 2013.  A copy of the summons, Complaint, and proof of

8  services are attached hereto as Exhibit 1.

9       3.     Plaintiff also names numerous "Doe" defendants whose citizenship is

10 disregarded for purposes of removal. 28 U.S.C. § 1441(a).

11      4.     Removing defendants have not yet responded to the Complaint.  To

12 removing defendants' knowledge, no other potential "Doe" defendants have been

13 identified or served.

14 **II.    THIS COURT HAS FEDERAL QUESTION JURISDICTION**

15      5.     This Court has original federal question jurisdiction over this lawsuit

16 pursuant to 28 U.S.C. § 1331, and it is removable under 28 U.S.C. § 1441(a) and (c).

17 All requirements for such jurisdiction are met.

18      6.     A district court has jurisdiction over cases that arise under the

19 Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.  A case arises

20 under federal law where federal law creates an express cause of action.  *Merrell*

21 *Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 807-808, 106 S. Ct. 3229,

22 3232 (1986); *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F3d 148, 152-153

23 (4th Cir. 1994).

24      7.     Title VIII of the Civil Rights Act of 1968 expressly grants a private

25 right of action to an aggrieved person and provides that such person may sue in the

26 United States District Court for alleged violations of the Fair Housing Act pursuant

27 to 42 U.S.C. § 3613.  The question of removal is whether plaintiff could have filed

28 its complaint in federal court in the first instance.  Because plaintiffs expressly

1   allege a claim under the Federal Fair Housing Act, they could have brought this

2   action in federal court originally.  Accordingly, the federal question jurisdiction has

3   been met, warranting removal to this Court.

4       8.    Plaintiffs' Complaint arises under the laws of the United States because

5   the Fair Housing Act is a law of the United States, and plaintiffs expressly seek

6   relief for an alleged violation of the Fair Housing Act. *See* Compl. ¶¶ 121-128.

7       9.    Specifically, plaintiffs assert violations under 42 U.S.C § 3601 *et seq.*,

8   and in particular, 28 U.S.C. §§ 3604 and 3617, alleging defendants injured plaintiffs

9   by committing discriminatory housing practices instituted by the owners and

10  landlords of residential properties where the plaintiffs reside. *See* Compl. ¶¶ 49-51

11  and 121-128.

12      10.   This Court has supplemental jurisdiction over the remaining state law

13  claims pursuant to 28 U.S.C. § 1367 because they are transactionally related (i.e.,

14  "supplemental") to the federal claims that form part of the same case or controversy

15  under Article III, § 2, of the United States Constitution. *See  City of Chicago v.*

16  *International College of Surgeons*, 522 U.S. 156, 165, 118 S.Ct. 523, 529-530

17  (1997).

18      11.   Plaintiffs allege seven individual causes of action, including the

19  following six state-based causes of action:  (1) Failure to provide habitable dwelling;

20  (2) Breach of Covenant and right to quiet enjoyment and possession of the property;

21  (3) Nuisance; (4) Negligence; (5) Intentional infliction of emotional distress; and

22  (6) Violation of the California Fair Employment and Housing Act.  Each of the six

23  state-based causes of action arise out of the same set of facts, in the same case, as

24  the facts alleged under the federal Fair Housing Act cause of action.  Accordingly,

25  the state-law claims are removable to federal district court.  *See* Complaint attached

26  as Exhibit 1.

27  / / /

28  / / /

YUKEVICH CALFO & CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR,
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

YUKEVICH CALFO & CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR,
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

**III.   DEFENDANTS HAVE SATISFIED THE PROCEDURAL**
**REQUIREMENTS FOR REMOVAL**

12.   Removal to Proper Court.  Removal to this Court is proper because it is part of the "district and division" embracing the place where this action was filed. The Superior Court of Los Angeles County – Northwest District is located within the Central District of California.  *See* 28 U.S.C. § 1441(a).

13.   Pleadings and Process.  Pursuant to 28 U.S.C. § 1446(a), a copy of all of the papers served on removing defendants are attached hereto as Exhibit 1.

14.   Removal is Timely.  28 U.S.C. § 1446(b), requires timely removal within 30 days of service "after the receipt by the defendant, through service or otherwise." Defendants GROUP V SAN BERNARDINO, LP and NIJJAR REALTY INC. dba PAMA MANAGEMENT CO. (erroneously sued as "PAMA MANAGEMENT CO.") were served by substitution and mail service on or about February 22, 2013.  The filing of this Notice of Removal is filed within the time period required under 28 U.S.C. § 1446(b).

15.   Consent to Removal.  Consent to removal is not necessary because there are no other defendants to this action other than the removing defendants.

16.   No previous application has been made for the relief requested herein.

17.   Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff and a copy is being filed with the Clerk of the Superior Court of the County of Los Angeles.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1    WHEREFORE, removing defendants respectfully remove this action from the

2  Superior Court of the County of Los Angeles, in the State of California, bearing case

3  Number LC099543 to this Court.

4  DATED: March 18, 2013        YUKEVICH CAVANAUGH

5

6

7                        By: _____

8                            James J. Yukevich
                             Cristina M. Ciminelli

9                            Matthew E. Meyer
                             Elizabeth M. Callahan

10                           Attorneys for Defendants
                             GROUP V SAN BERNARDINO, LP;

11                           NIJJAR REALTY INC. dba PAMA
                             MANAGEMENT CO. (erroneously sued

12                           as "PAMA MANAGEMENT CO.")

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

YUKEVICH CALFO & CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR,
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

**EXHIBIT 1**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GROUP V SAN BERNARDINO, LP; PAMA MANAGEMENT CO;
and DOES 1 THROUGH 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DARLENE GARCIA,  (see additional names attached)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ORIGINAL FILED
Northwest District

JAN 18 2013

LOS ANGELES
SUPERIOR COURT

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* LOS ANGELES SUPERIOR COURT | CASE NUMBER: *(Número del Caso):* LC 099543 |
| --- | --- |

Van Nuys Courthouse East-Northwest District
6230 Sylmar Ave., Van Nuys, CA  91403

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Chandra Gehri Spencer (SBN 184010), CHANDRA GEHRI SPENCER, APLC, 2625 Townsgate Rd., #330,
Westlake Village, CA, 91361  Phone: 213-631-8331  Fax: 888-922-8027

| DATE: *(Fecha)* | Clerk, by *(Secretario)* G.F. MOLINA | , Deputy *(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

JAN 18 2013   JOHN A. CLARKE

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT 1 - PAGE 000007

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| GARCIA V. GROUP V SAN BERNARDINO, LP | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[✓] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

ANGELA MENDOZA;

ROSEMARY PEREZ;

DALIA GARCIA;

JACKIE GARCIA;

FERNANDO CAMPOS;

ABDUL MOHAMMED;

LISA WILSON;

SONNY ROYBALL;

FRED MEDINA;

FLORENCE MEDINA;

ANA CECILIA ARAUJO;

ROMULO ROMERO;

BETTY DRESDA;

BEATRIZ DIAZ RETANA;

JACINTO CORIO BRITO;

and DOLORES CAMACHO

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

EXHIBIT 1 - PAGE 000008

| | |
|---|---|
| 1 | Chandra Gehri Spencer (SBN 184010)<br>CHANDRA GEHRI SPENCER, APLC |
| 2 | 2625 Townsgate Rd., Suite 330<br>Westlake Village, CA 91361 |
| 3 | Tel: (213) 631-8331<br>Fax: (888) 422-8027 |
| 4 | E-mail: cgs@cgslaw.com |

ORIGINAL FILED
Northwest District

JAN 18 2013

LOS ANGELES
SUPERIOR COURT

5    Margaret A. Elder (SBN 177424)
      17011 Beach Blvd., Suite 900
6    Huntington Beach, CA 91647
      Tel: (714) 375-6696
7    Fax: (714) 962-2807
      E-mail: margaret@margaretelder.com

8

9    Attorneys for Plaintiffs DARLENE GARCIA, ANGELA MENDOZA, ROSEMARY PEREZ,
      DALIA GARCIA, JACKIE GARCIA, FERNANDO CAMPOS, ABDUL MOHAMMED, LISA
10   WILSON, SONNY ROYBALL, FRED MEDINA, FLORENCE MEDINA, ANA CECILIA
      ARAUJO, ROMULO ROMERO, BETTY DRESDA, BEATRIZ DIAZ RETANA, JACINTO
11   CORIO BRITO and DOLORES CAMACHO

12

13                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                     COUNTY OF LOS ANGELES   LC099543

15                           LC099543 **By Fax**

| | | |
|---|---|---|
| 16 | DARLENE GARCIA; | Case No: |
| 17 | ANGELA MENDOZA; | COMPLAINT FOR: |
| 18 | ROSEMARY PEREZ; | |
| 19 | DALIA GARCIA; | 1. FAILURE TO PROVIDE HABITABILE DWELLING |
| 20 | JACKIE GARCIA; | 2. BREACH OF COVENANT AND RIGHT TO QUIET ENJOYMENT AND POSSESSION OF THE PROPERTY |
| 21 | FERNANDO CAMPOS; | 3. NUISANCE<br>4. NEGLIGENCE |
| 22 | ABDUL MOHAMMED; | 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |
| 23 | LISA WILSON; | 6. VIOLATION OF FEDERAL FAIR HOUSING ACT |
| 24 | SONNY ROYBALL; | 7. VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT |
| 25 | FRED MEDINA; | |
| 26 | FLORENCE MEDINA; | DEMAND FOR JURY TRIAL |
| 27 | ANA CECILIA ARAUJO; | |
| 28 | ROMULO ROMERO; | |

1

COMPLAINT; DEMAND FOR JURY TRIAL

EXHIBIT 1 - PAGE 000009

1   BETTY DRESDA;

2   BEATRIZ DIAZ RETANA;

3   JACINTO CORIO BRITO;

4   and DOLORES CAMACHO,

5                                   Plaintiffs,

6       v.

7   GROUP V SAN BERNARDINO, LP;

8   PAMA MANAGEMENT CO.;

9   and DOES 1 THROUGH 50, inclusive,

10                                  Defendants.

11

12  PLAINTIFFS, AND EACH OF THEM, ALLEGE:

13                          PARTIES

14  A.    PLAINTIFFS

15          1.      The individual Plaintiffs, and each of them, are, or at all relevant times were,

16  tenants of the residential property located at 8400 Langdon Avenue, North Hills, California,

17  91343, Assessor's Parcel Number 2654027026, a 34-unit apartment building; and 8414 Langdon

18  Avenue, North Hills, California, 91343, Assessor's Parcel Number 2654027025, a 55-unit

19  apartment building ("the Property").  Plaintiffs have at all times satisfied the provisions of their

20  leases and were in lawful possession of their respective apartments.

21          2.      Plaintiffs DARLENE GARCIA, and her five minor children were tenants at 8400

22  Langdon Ave., Unit 1 from 2003 to December 2011.  Plaintiffs ANGELA MENDOZA, and

23  ROSEMARY PEREZ were signatories on the lease agreement.  These Plaintiffs have a written

24  lease for the apartment which renewed as a matter of law, which Plaintiffs believe is in

25  Defendants' possession, custody or control.  For the purposes of this action, the essential terms of

26  that lease agreement are that: Plaintiffs paid rent for Plaintiff DARLENE GARCIA to live in the

27  apartment and Plaintiffs' landlord was required to comply with whatever obligations are imposed

28  by law as to the agreement, including the implied warranty of habitability and the covenant of

1  quiet enjoyment.

2       3.      Plaintiffs JACKIE GARCIA and FERNANDO CAMPOS have been tenants at

3  8400 Langdon Avenue, Unit 22, since March 2012. These Plaintiffs have a written lease for the

4  apartment which renewed as a matter of law, which Plaintiffs believe is in Defendants'

5  possession, custody or control. For the purposes of this action, the essential terms of that lease

6  agreement are that: Plaintiffs pay rent to live in the apartment and Plaintiffs' landlord was

7  required to comply with whatever obligations are imposed by law as to the agreement, including

8  the implied warranty of habitability and the covenant of quiet enjoyment.

9       4.      Plaintiff ABDUL MOHAMMED has been a tenant at 8414 Langdon Avenue, Unit

10  21, since February 2012. This Plaintiff has a written lease for the apartment which renewed as a

11  matter of law, which Plaintiff believes is in Defendants' possession, custody or control. For the

12  purposes of this action, the essential terms of that lease agreement are that: Plaintiff pays rent to

13  live in the apartment and Plaintiff's landlord was required to comply with whatever obligations

14  are imposed by law as to the agreement, including the implied warranty of habitability and the

15  covenant of quiet enjoyment.

16       5.      Plaintiff LISA WILSON and her minor child have been tenants at 8414 Langdon

17  Avenue, Unit 1, since October 2005. This Plaintiff has a written lease for the apartment which

18  renewed as a matter of law, which Plaintiff believes is in Defendants' possession, custody or

19  control. For the purposes of this action, the essential terms of that lease agreement are that:

20  Plaintiff pays rent to live in the apartment and Plaintiff's landlord was required to comply with

21  whatever obligations are imposed by law as to the agreement, including the implied warranty of

22  habitability and the covenant of quiet enjoyment.

23       6.      Plaintiffs ANA CECILIA ARAUJO and ROMULO ROMERO have been tenants

24  at 8414 Langdon Avenue, Unit 3 at the Property since March 2009. These Plaintiffs have a

25  written lease for the apartment which renewed as a matter of law, which Plaintiffs believe is in

26  Defendants' possession, custody or control. For the purposes of this action, the essential terms of

27  that lease agreement are that: Plaintiffs pay rent to live in the apartment and Plaintiffs' landlord

28  was required to comply with whatever obligations are imposed by law as to the agreement,

3
COMPLAINT; DEMAND FOR JURY TRIAL

EXHIBIT 1 - PAGE 000011

1    including the implied warranty of habitability and the covenant of quiet enjoyment.

2          7.     Plaintiffs SONNY ROYBALL, FRED MEDINA and FLORENCE MEDINA

3    have been tenants at 8414 Langdon Avenue, Unit 23 at the Property since May 2010. These

4    Plaintiffs have a written lease for the apartment which renewed as a matter of law, which is

5    attached hereto as Exhibit A and incorporated herein by reference.

6          8.     Plaintiff BETTY DRESDA and her two minor children have been tenants at 8414

7    Langdon Avenue, Unit 49, since December 2011. This Plaintiff has a written lease for the

8    apartment which renewed as a matter of law, which Plaintiff believes is in Defendants'

9    possession, custody or control. For the purposes of this action, the essential terms of that lease

10   agreement are that: Plaintiff pays rent to live in the apartment and Plaintiff's landlord was

11   required to comply with whatever obligations are imposed by law as to the agreement, including

12   the implied warranty of habitability and the covenant of quiet enjoyment.

13         9.     Plaintiff BEATRIZ DIAZ RETANA and her minor child were tenants at 8414

14   Langdon Avenue, North Hills, California, 91343 in Unit 52 from May 2009 until 2012. This

15   Plaintiff has a written lease for the apartment which renewed as a matter of law, which Plaintiff

16   believes is in Defendants' possession, custody or control. For the purposes of this action, the

17   essential terms of that lease agreement are that: Plaintiff paid rent to live in the apartment and

18   Plaintiff's landlord was required to comply with whatever obligations are imposed by law as to

19   the agreement, including the implied warranty of habitability and the covenant of quiet

20   enjoyment.

21        10.     Plaintiffs JACINTO CORIO BRITO and DOLORES CAMACHO and their four

22   minor children were tenants at 8414 Langdon Avenue, Unit 53 from December 2008 until 2012.

23   These Plaintiffs have a written lease for the apartment which renewed as a matter of law, which

24   Plaintiffs believe is in Defendants' possession, custody or control. For the purposes of this

25   action, the essential terms of that lease agreement are that: Plaintiffs paid rent to live in the

26   apartment and Plaintiffs' landlord was required to comply with whatever obligations are imposed

27   by law as to the agreement, including the implied warranty of habitability and the covenant of

28   quiet enjoyment.

4

11.    All Plaintiffs listed above will be collectively referred to herein as "Plaintiffs."

**B.    DEFENDANTS**

12.    Plaintiffs are informed and believe, and thereon allege, that Defendant, GROUP V SAN BERNARDINO, LP is the current record title holder of the Property; has been the record title holder of the Property since June 18, 2004; and GROUP V SAN BERNARDINO, LP is a Limited Partnership authorized to do business in the State of California.

13.    Plaintiffs are further informed and believe and thereon allege that GROUP V SAN BERNARDINO, LP, engaged in activities of a lessor and/or landlord at the Property, including, but not limited to: receiving rents for the Property; being entitled to receive rents for the Property; management of the Property; operation of the Property; leasing of the Property; maintenance of the Property; maintaining books, records and accounts for the Property; obtaining and keeping tenants at the Property; negotiation, renewal, extension, modification and cancellation of leases for the Property; performance, or lack thereof, of tenant leases for the Property; enforcement of tenant leases for the Property; collection and keeping of rents at the Property; pursuing legal action against tenants for allegedly failing to pay rents due for the Property; inspecting the Property; distribution of notices for the Property; and/or promulgation of rules for the Property.

14.    Plaintiffs are informed and believe, and thereupon allege that Defendant PAMA MANAGEMENT CO. is an unknown business entity doing business in the State of California with offices in Los Angeles County.

15.    Plaintiffs are further informed and believe, and thereon allege, that, PAMA MANAGEMENT CO., engaged in activities of a lessor and/or landlord at the Property, including, but not limited to: receiving rents for the Property; being entitled to receive rents for the Property; management of the Property; operation of the Property; leasing of the Property; maintenance of the Property; maintaining books, records and accounts for the Property; obtaining and keeping tenants at the Property; negotiation, renewal, extension, modification and cancellation of leases for the Property; performance, or lack thereof, of tenant leases for the Property; enforcement of tenant leases for the Property; collection and keeping of rents at the

5

1   Property; pursuing legal action against tenants for allegedly failing to pay rents due for the

2   Property; inspecting the Property; distribution of notices for the Property; and/or promulgation of

3   rules for the Property.

4        16.   The true names and/or capacities, whether individual, corporate, association or

5   otherwise, of Defendants DOES 1 through 50, inclusive, are unknown to Plaintiffs at this time,

6   who therefore sue said Defendants by fictitious names. Plaintiffs are informed and believe, and

7   thereupon allege that each of the Defendants fictitiously named herein as a DOE is legally

8   responsible, negligently or in some other actionable manner, for the evens and happenings

9   hereinafter referred to, and thereby proximately and legally cause the injuries and damages to

10  Plaintiffs and hereinafter alleged. Plaintiffs will seek leave of court to amend this Complaint to

11  insert the true names and/or capacities of such fictitiously named Defendants when the same

12  have been ascertained.

13       17.   Unless otherwise noted, all Defendants will hereinafter be collectively referred to

14  as "Defendants."

15       18.   At all times mentioned herein, in doing the things hereinafter alleged, each agent,

16  employee and representative of any entity Defendant that performed the actions for such entity

17  Defendant, was acting within the course and scope of such agency, service and representation,

18  and that such entity Defendant directed, aided and abetted, authorized or ratified each and every

19  act and conduct hereinafter alleged.

20       19.   Plaintiffs are informed and believe, and thereon allege, that an officer, director, or

21  managing agent of each entity defendant had advance knowledge of the unfitness of the agent,

22  employee or representative who committed such unlawful acts and the entity and employed such

23  agent, employee or representative with a conscious disregard of the rights or safety of others or

24  authorized or ratified the wrongful conduct or was personally guilty of oppression, fraud, or

25  malice.

26  ///

27  ///

28  ///

6

## THE PROPERTY

20.     The Property is an apartment complex, which includes a 34-unit apartment building, 8400 Langdon Ave., North Hills, California, 91343, and a 55-unit apartment building, 8414 Langdon Ave., North Hills, California, 91343 which is occupied by tenants and their families, including low-income tenants, minorities and families with children.

21.     The Property is a dwelling within the meaning of the Fair Housing Act, 42 U.S.C. § 3602, and a housing accommodation within the meaning of the California Fair Employment and Housing Act, Government Code § 12927.

22.     During all times relevant to this action, the Property was untenantable as a result of the failure of Defendants, and each of them, to repair conditions of the Property which have rendered it untenantable pursuant to Code of Civil Procedure Section 1941.1 and substandard pursuant to Health and Safety Code Section 17920.3, in violation of numerous civil and criminal provisions of both state and local law.

23.     During all times relevant to this action, the Property—including the respective units where Plaintiffs resided during that time--has substantially lacked any or all of the following affirmative standard characteristics:

- Effective waterproofing and weather protection of roof and exterior walls, including unbroken windows;
- Plumbing or gas facilities that conformed to applicable law in effect at the time of installation, maintained in good working order;
- A water supply system that is under the control of the landlord that produces hot and cold running water which is furnished to appropriate fixtures;
- Heating facilities that conformed with applicable law at the time of installation, maintained in good working order;
- Electrical lighting, with wiring and electrical equipment that conformed with applicable law at the time of installation, maintained in good working order;
- Areas under control of the landlord, kept in every part clean, sanitary, and free from all accumulations of debris, filth, rubbish, garbage, rodents, and vermin;

7

COMPLAINT; DEMAND FOR JURY TRIAL

EXHIBIT 1 - PAGE 000015

1   and/or

2   • Floors, stairways, and railings maintained in good repair.

3   24. Further, Defendants failed to abate, correct and/or repair any or all of the

4   following conditions at the Property that have existed and/or continue to exist at the Property, to

5   the extent that have endangered and/or continue to endanger the life, limb, health, property,

6   safety, or welfare of the public or the occupants of the Property:

7   • Inadequate sanitation, including, but not limited to, the following:

8       o Improper water closet, lavatory, or bathtub or shower in dwelling units;

9       o Improper kitchen sink;

10      o Lack of hot and cold running water to plumbing fixtures;

11      o Lack of adequate heating;

12      o Lack of, or improper operation of required ventilating equipment;

13      o Dampness of habitable rooms;

14      o Infestation of insects, vermin, or rodents; and/or

15      o General dilapidation or improper maintenance;

16  • Structural hazards including, but not limited to, the following:

17      o Defective or deteriorated flooring or floor supports; and/or

18      o Members of ceilings, roofs, ceilings and roof supports, or other horizontal

19          members which sag, split, or buckle due to defective material or

20          deterioration;

21  • Nuisances as defined by the Los Angeles Municipal Code and the California Civil

22      Code;

23  • Wiring that either did not conform with applicable laws in effect at the time of

24      installation or not maintained in good and safe condition and working properly;

25  • Plumbing that either did not conform with all applicable laws in effect at the time

26      of installation or not maintained in good and safe condition and working properly;

27  • Mechanical equipment that either did not conform with all applicable laws in

28      effect at the time of installation or not maintained in good and safe condition

8

1   working properly;

2   • Faulty weather protection, including, but not limited to, the following:

3   ○ Deteriorated, crumbling, or loose plaster;

4   ○ Deteriorated or ineffective waterproofing of exterior walls, roof,

5   foundations, or floors, including broken windows or doors; and/or

6   ○ Defective or lack of weather protection for exterior wall coverings,

7   including lack of paint, or weathering due to lack of paint or other

8   approved protective covering;

9   • Accumulation of weeds, vegetation, junk and debris, and similar materials or

10   conditions constituting fire, health, or safety hazards;

11   • A building or portion thereof with exit facilities which have not been adequately

12   maintained; and/or

13   • A building or portion thereof whose fire-resistive integrity and fire-extinguishing

14   systems or equipment have not been adequately maintained.

15   25.   Attached hereto as Exhibit B, and incorporated herein by reference, is a list of

16   defects found in the units that were inspected in June 2012.

17   26.   The Los Angeles Housing Department ("LAHD") and County of Los Angeles-

18   Environmental Health Department ("Health Department") are responsible for enforcement of

19   housing laws related to the Property.

20   27.   Prior to filing this action, the Property was subject to repeated inspections by

21   public officers or employees of those enforcement agencies.

22   28.   Following such inspections, Defendants were notified by such public officers or

23   employees of Defendants' obligations to abate the nuisances and substandard conditions

24   identified above at the Property. Attached hereto as Exhibit C and incorporated herein by

25   reference are true and correct copies of some of those notices.

26   29.   Such notices issued by LAHD include a requirement that Defendants "eliminate

27   all of the described conditions and diligently pursue the work necessary to eliminate any

28   violations of the LAMC and Health and Safety Code" on or before a specified date, when

COMPLAINT; DEMAND FOR JURY TRIAL

EXHIBIT 1 - PAGE 000017

1  applicable "obtain a permit and request related inspections from the Department of Building and

2  Safety," that "any and all units . . . require the same uniform compliance throughout the

3  premises" and that "[t]he entire premises must be in full compliance with the Los Angeles

4  Municipal Code."

5        30.   Such notices issued by the Health Department include a requirement that "[a]ll

6  violations, including violations existing in units not inspected, shall be corrected in a

7  workmanlike manner and conform to all state and local regulations."

8        31.   Defendants failed to appeal any of the orders to comply in a timely manner, such

9  that they are final and binding.

10        32.   The aforementioned nuisances and substandard conditions existed and were not

11  abated by Defendants within 35 days after the date of service of such notices.

12        33.   Defendants' delay in repairing such nuisances and substandard conditions was

13  without good cause.

14        34.   Such nuisances and substandard conditions were not caused by an act or omission

15  of Plaintiffs.

16        35.   Defendants unlawfully demanded rent, collected rent, issued a notice of a rent

17  increase and/or issued a three-day notice to pay rent or quit for the Property following issuance

18  of such notices and after Defendants failed to abate or repair said nuisances and substandard

19  conditions within 35 days after issuance of said notices, without good cause.

20        36.   Plaintiffs and other tenants at the Property continued to complain to Defendants

21  about the unlawful and substandard conditions at the Property.  Defendants refused to repair the

22  Property as requested, and threatened, harassed and intimidated Plaintiffs and other tenants at the

23  Property when they continued to complain about Property conditions.

24        37.   During the time that the Property was managed and/or owned by Defendants,

25  Defendants were responsible for the management and maintenance of the property either directly

26  or through managers they hired.

27        38.   Defendants maintained the property in a disgusting condition and refused to make

28  repairs, despite the fact that they knew Plaintiffs were suffering and knew the property was

1  uninhabitable and untenantable.

2      39.    Defendants acted with callous and intentional disregard for Plaintiffs' health,

3  safety and well being.

4      40.    In the four years prior to filing this action, Plaintiffs constantly made verbal and

5  written complaints to Defendants about the conditions of the Property which rendered it

6  untenantable pursuant to Code of Civil Procedure Section 1941.1 and substandard pursuant to

7  Health and Safety Code Section 17920.3, in violation of numerous civil and criminal provisions

8  of both state and local law.  Plaintiffs' complaints were ignored.

9      41.    From the notices Defendants received from governmental entities, including those

10  attached hereto as Exhibit B, Defendants were also on actual notice of the conditions of the

11  Property which rendered it untenantable pursuant to Code of Civil Procedure Section 1941.1 and

12  substandard pursuant to Health and Safety Code Section 17920.3, in violation of numerous civil

13  and criminal provisions of both state and local law.

14      42.    Defendants were on also actual and constructive notice of the conditions of the

15  Property which rendered it untenantable pursuant to Code of Civil Procedure Section 1941.1 and

16  substandard pursuant to Health and Safety Code Section 17920.3, in violation of numerous civil

17  and criminal provisions of both state and local law, based on the obvious nature of the

18  conditions, the number of times Defendants and the agents were present at or inspected the

19  Property and the complaints made by Plaintiffs and other tenants at the Property.

20      43.    Defendants have exercised real and apparent authority over the property and have

21  always had the ultimate legal authority and obligation to fix all conditions of the Property which

22  rendered it untenantable pursuant to Code of Civil Procedure Section 1941.1 and substandard

23  pursuant to Health and Safety Code Section 17920.3, in violation of numerous civil and criminal

24  provisions of both state and local law, and failed to manage the Property in accordance with the

25  standard of care.

26      44.    The conditions of the Property which rendered it untenantable pursuant to Code of

27  Civil Procedure Section 1941.1 and substandard pursuant to Health and Safety Code Section

28  17920.3, in violation of numerous civil and criminal provisions of both state and local law,

1    alleged herein, are a consequence of Defendants' pattern and practice of failing to implement

2    basic preventative maintenance, timely repair work, inspection and fumigation efforts.

3         45.    Defendants, as owners and managers of the Property, knew or should have known

4    that these failures would cause or continue to allow conditions of the Property which rendered it

5    untenantable pursuant to Code of Civil Procedure Section 1941.1 and substandard pursuant to

6    Health and Safety Code Section 17920.3, in violation of numerous civil and criminal provisions

7    of both state and local law.

8         46.    Such conditions affected the safe and sanitary use of the Property by Plaintiffs, to

9    the extent that Plaintiffs could not safely reside in their apartments, yet Defendants failed and

10   refused to relocate Plaintiffs as is required by law.

11        47.    Defendants also substantially and intentionally entered Plaintiffs' units without

12   providing advance written notice to Plaintiffs as required by Civil Code 1954 and/or have

13   entered Plaintiffs' units for reasons other than those permitted by Civil Code 1954.  Such entries

14   were not justified by emergency conditions, or any other reason permitted by law.

15        48.    Defendants also compelled some of Plaintiffs to execute leases or other

16   documents containing lease terms and provisions which were not adequately explained, and were

17   not properly translated for those Plaintiffs who are only fluent in Spanish.

18        49.    Defendants have engaged in a pattern or practice of discrimination against

19   families with minor children based on familial status in the operation of the Property.

20   Defendants continue to engage in such a pattern or practice of discrimination so as to constitute a

21   continuing violation.

22        50.    Defendants' pattern or practice of discrimination includes, but is not limited to:

23        •    Making statements indicating a limitation, preference or discrimination, or the

24             intent to discriminate, based on familial status;

25        •    Limiting the use of privileges, services or facilities associated with a dwelling

26             because of familial status;

27        •    Promulgating and enforcing unreasonably restrictive rules with the purpose or

28             effect of discriminating against families with children;

12

COMPLAINT; DEMAND FOR JURY TRIAL

EXHIBIT 1 - PAGE 000020

- Creating and maintaining a hostile environment for families with children based on familial status; and,

- Interfering with families with children in their enjoyment of a dwelling because of their familial status, or because they have exercised their fair housing rights.

51. Defendants enforced rules for the Property which discriminated against Plaintiffs due to familial status. Attached hereto as Exhibit D and incorporated herein by reference are true and correct copies of discriminatory rules issued by Defendants for the Property and a notice to correct issued by Defendants' representative enforcing such discriminatory rules for the Property.

52. When Plaintiffs sought the help of counsel, Defendants threatened, harassed and intimidated tenants, including telling the tenants that they would be evicted if they continued to seek such assistance and  Defendants would not repair any of their apartments if they continued to seek such assistance.

53. Defendants' conscious disregard of the consequences of their actions and failures to act was intentional, malicious and outrageous.

54. As a result of the foregoing acts and omissions by Defendants, each Plaintiff suffered and continues to suffer actual damage and/or injury.

55. As a result of the foregoing acts and omissions by Defendants, each Plaintiff suffered and/or continues to suffer loss of or damage to personal property and personal injury.

56. Plaintiffs also experienced and/or continue to experience considerable and severe emotional distress as a result of the foregoing actions and failures to act by Defendants.

57. Plaintiffs also suffered a diminishment in the value of their leasehold as a result of the foregoing actions and failures to act by Defendants.

///
///
///
///
///
///

13

# FIRST CAUSE OF ACTION

## (Failure to Provide Habitable Dwelling)

## (By all Plaintiffs against all Defendants)

58.   Plaintiffs incorporate the allegations of paragraphs 1 through 57 above as though fully set forth herein.

59.   Defendants, as alleged above, engaged in activities of lessors at the Property, including, but not limited to: receiving rents for the Property; being entitled to receive rents for the Property; management of the Property; operation of the Property; leasing of the Property; maintenance of the Property; maintaining books, records and accounts for the Property; obtaining and keeping tenants at the Property; negotiation, renewal, extension, modification and cancellation of leases for the Property; performance, or lack thereof, of tenant leases for the Property; enforcement of tenant leases for the Property; collection and keeping of rents at the Property; pursuing legal action against tenants for allegedly failing to pay rents due for the Property; inspecting the Property; distribution of notices for the Property; and/or promulgation of rules for the Property.

60.   Under contract principles applicable to residential dwellings, Defendants were required to provide a habitable premises to Plaintiffs and failed to do so. Plaintiffs were either signatories to or intended beneficiaries of lease agreements for rental of their respective units at the Property. Such lease agreements were entered into with, assigned to or inured to the benefit of the Defendants. The lease agreements for rental of Plaintiffs' respective units at the Property imposed, among other terms, an implied warranty of habitability under California law.

61.   Also under statutory law applicable to residential dwellings, Defendants, as lessors of the Property, were required to provide Plaintiffs with a tenantable dwelling, and failed to do so.

62.   Also under common law and principles of tort liability applicable to Defendants as owners and managers of the Property, Defendants were required to provide a habitable and tenantable dwelling to Plaintiffs, and failed to do so.

///

COMPLAINT; DEMAND FOR JURY TRIAL

EXHIBIT 1 - PAGE 000022

63.    Defendants, who were managers and owners in possession, custody or control of the Property, had a duty to adequately repair and abate the conditions at the Property for the benefit of Plaintiffs, yet failed to do so.

64.    The conditions of the Property alleged herein constituted violations of state and local criminal and civil housing laws, including, but not limited to, Civil Code Section 1941, Health and Safety Code Section 17920.3 and the Los Angeles Municipal Code.  Such conditions posed health, safety and fire hazards to Plaintiffs and the public.

65.    As a result of Defendants' actions or failures to act as herein alleged, the Property at all material times has lacked or continues to lack many of the affirmative standard characteristics identified in California Civil Code section 1941.1.

66.    Defendants had actual or constructive notice of the untenantable and substandard conditions at the Property, as alleged herein.

67.    Despite such notice, Defendants failed to adequately repair and abate the untenantable and substandard conditions at the Property, as alleged herein.

68.    Public officers or employees have notified Defendants in writing of their duty to correct some or all of the untenantable and substandard conditions at the Property.

69.    Without good cause, these Defendants failed to make repairs within 35 days of receiving notices to correct the untenantable and substandard conditions, during which time the conditions continued to exist.

70.    Plaintiffs did not cause the existence of the untenantable and substandard conditions at the Property, which are alleged herein.

71.    Defendants breached the implied warranty of habitability contained within the lease agreements by failing to properly maintain and repair the premises, failing to correct the untenantable and substandard conditions at the Property and failing to provide habitable rental units to Plaintiffs at the Property.

72.    Moreover, by failing to correct said defective conditions, Defendants have breached their duty to maintain the Property in a habitable condition.

///

15

73.     By Defendants' failure to maintain the Property in a habitable condition, these Defendants and each of them acted unreasonably and in want of ordinary care.

74.     Defendants knew or should have known that permitting said defective conditions to exist threatened the physical and emotional health and well-being of Plaintiffs, and posed a serious threat and danger to their health and safety.

75.     As a direct and proximate result of these Defendants' breaches of the warranty of habitability, Plaintiffs have suffered actual damage in an amount to be established at trial.

76.     Such untenantable and substandard conditions have caused, and will continue to cause in the future, Plaintiffs, and each of them, to suffer general and special damages.

77.     Plaintiffs are entitled to rent abatement in an amount to be proven at trial.

78.     As a direct and proximate result of Defendants' actions and failures to act as alleged above, Plaintiffs, and each of them, have suffered loss of or damage to their personal property, and have suffered and continue to suffer physical injury, pain, anxiety, discomfort, annoyance, inconvenience and distress all to their detriment and damage in an amount to be determined at trial.

79.     Defendants' actions and failures to act as alleged above were knowing, intentional, and malicious.  Plaintiffs are therefore each entitled to exemplary and punitive damages in an amount to be determined at trial.

80.     In addition, pursuant to California Civil Code section 1942.4(a), Plaintiffs are entitled to statutory damages in an amount not less than $100 or more than $5,000, as shall be determined at trial for each separate violation of Civil Code section 1942.4, because these Defendants unlawfully demanded rent, collected rent, issued a notice of a rent increase and/or issued a three-day notice to pay rent or quit for the Property following notification by public officers in writing to these Defendants in writing of their duty to correct some or all of the nuisances and substandard conditions at the Property and these Defendants' failure to abate or repair said nuisances and substandard conditions within 35 days after issuance of said notices, without good cause.

///

## SECOND CAUSE OF ACTION

### (Breach of Covenant and Right to Quiet Enjoyment and Possession of the Property)

### (By all Plaintiffs against all Defendants)

81.    Plaintiffs incorporate the allegations of paragraphs 1 through 80 above as though fully set forth herein.

82.    Defendants, as alleged above, engaged in activities of lessors at the Property, including, but not limited to: receiving rents for the Property; being entitled to receive rents for the Property; management of the Property; operation of the Property; leasing of the Property; maintenance of the Property; maintaining books, records and accounts for the Property; obtaining and keeping tenants at the Property; negotiation, renewal, extension, modification and cancellation of leases for the Property; performance, or lack thereof, of tenant leases for the Property; enforcement of tenant leases for the Property; collection and keeping of rents at the Property; pursuing legal action against tenants for allegedly failing to pay rents due for the Property; inspecting the Property; distribution of notices for the Property; and/or promulgation of rules for the Property.

83.    Implied in Plaintiffs' lease agreements is a covenant that Defendants would not interfere with Plaintiffs' quiet enjoyment of the premises during the term of each tenancy.

84.    Civil Code Section 1927 requires that all Defendants, as lessors of the Property, to secure to Plaintiffs the quiet possession of the Property against all persons.

85.    Los Angeles Municipal Code Section 41.33 prohibits all Defendants, as persons defined by the Los Angeles Municipal Code, from interfering with the peaceful enjoyment, use, possession or occupancy of the Property by Plaintiffs by threat, fraud, intimidation, coercion, duress, or by the maintenance or toleration of a public nuisance, or by cutting off heat, light, water or fuel.

86.    Under common law and principles of tort liability applicable to Defendants as owners and managers of the Property, Plaintiffs have a right to the quiet enjoyment of the Property.

///

1    87.    Defendants interfered with Plaintiffs' quiet enjoyment and possession of the

2    Property through their actions and failures to act as alleged herein.

3    88.    As a direct and proximate result of Defendants' interference with Plaintiffs' right

4    to quiet enjoyment and possession of the Property, Plaintiffs, and each of them have suffered, and

5    will continue to suffer in the future, general and special damages.

6    89.    As a direct and proximate result of Defendants' actions and failures to act as

7    alleged above, Plaintiffs, and each of them, have suffered loss of or damage to their leasehold

8    interest to their detriment and damage in an amount to be determined at trial.

9    90.    As a direct and proximate result of Defendants' actions and failures to act as

10   alleged above, Plaintiffs, and each of them, have suffered loss of or damage to their personal

11   property, and have suffered and continue to suffer physical injury, pain, anxiety, discomfort,

12   annoyance, inconvenience and distress all to their detriment and damage in an amount to be

13   determined at trial.

14   91.    Defendants' actions and failures to act as alleged above were knowing,

15   intentional, and malicious.  Plaintiffs are therefore each entitled to exemplary and punitive

16   damages in an amount to be determined at trial.

17

18                         **THIRD CAUSE OF ACTION**

19                                **(Nuisance)**

20   **(By Plaintiffs DARLENE GARCIA, DALIA GARCIA, JACKIE GARCIA, FERNANDO**
     **CAMPOS, ABDUL MOHAMMED, LISA WILSON, SONNY ROYBALL, FRED**
21   **MEDINA, FLORENCE MEDINA, ANA CECILIA ARAUJO, ROMULO ROMERO,**
     **BETTY DRESDA, BEATRIZ DIAZ RETANA, JACINTO CORIO BRITO and**
22                **DOLORES CAMACHO against all Defendants)**

23   92.    Plaintiffs incorporate the allegations of paragraphs 1 through 91 above as though

24   fully set forth herein.

25   93.    The untenantable and substandard conditions at the Property, as alleged herein,

26   Defendants, and each of them, negligently and intentionally caused to exist at the Property

27   constitute a nuisance within, but not limited to, the meaning of Civil Code Section 3479.

28   ///

                                      18

94.    Said conditions were and are injurious to the health and safety of Plaintiffs and/or the public at large, indecent and offensive to the senses of Plaintiffs and/or the public at large and did continue or still continue to interfere substantially with Plaintiffs' comfortable enjoyment of the premises.

95.    The untenantable and substandard conditions at the Property, as alleged herein, that Defendants, and each of them, negligently and intentionally caused to exist at the Property are public nuisances, in that they affect at the same time an entire community or neighborhood and/or a considerable number of persons.

96.    The untenantable and substandard conditions at the Property, as alleged herein, that Defendants, and each of them, negligently and intentionally caused to exist at the Property are designated public nuisances under Los Angeles Municipal Code Section 11.00(l)

97.    Such public nuisances were and are specifically injurious to Plaintiffs.

98.    The untenantable and substandard conditions at the Property, as alleged herein that Defendants, and each of them, negligently and intentionally caused to exist are otherwise private nuisances within the definition of Civil Code Section 3481.

99.    Pursuant to California Civil Code sections 3491 and 3501, Plaintiffs bring this civil action for damages resulting from such public and/or private nuisances.

100.    Such public and/or private nuisances have caused, and will continue to cause in the future, Plaintiffs, and each of them, to suffer general and special damages.

101.    As a direct and proximate result of Defendants' failures to abate the public and/or private nuisances at the Property, Plaintiffs, and each of them, have suffered loss of or damage to their personal property and have suffered and continue to suffer physical injury, pain, anxiety, discomfort, annoyance, inconvenience and distress all to their detriment and damage in an amount to be determined at trial.

102.    Defendants' failures to abate the public and/or private nuisances at the Property were knowing, intentional, and malicious. Plaintiffs are therefore each entitled to exemplary and punitive damages in an amount to be determined at trial

///

# FOURTH CAUSE OF ACTION

## (Negligence)

**(By Plaintiffs DARLENE GARCIA, DALIA GARCIA, JACKIE GARCIA, FERNANDO CAMPOS, ABDUL MOHAMMED, LISA WILSON, SONNY ROYBALL, FRED MEDINA, FLORENCE MEDINA, ANA CECILIA ARAUJO, ROMULO ROMERO, BETTY DRESDA, BEATRIZ DIAZ RETANA, JACINTO CORIO BRITO and DOLORES CAMACHO against all Defendants)**

103.   Plaintiffs incorporate the allegations of paragraphs 1 through 102 above as though fully set forth herein.

104.   As owners and managers of the Property, Defendants owed Plaintiffs the duty under common law and Civil Code Section 1714 to exercise due care in management of the Property so as to avoid foreseeable injury to others.

105.   This due care required Defendants to comply with all building, health, fire and safety codes, ordinances, regulations and other laws applying to maintenance and operation of residential housing, including, but not limited to, Civil Code Section 1941, Health and Safety Code Section 17920.3 and the Los Angeles Municipal Code.

106.   The duties owed by Defendants to Plaintiffs to exercise reasonable care include, but are not limited to: the duty to refrain from interfering with Plaintiffs' full use and quiet enjoyment of their rented premises; the duty to comply with all applicable state and local laws governing Plaintiffs' rights as tenants; the duty to maintain Plaintiffs' premises in a safe, healthy and habitable condition for the entire term of Plaintiffs' tenancies; the duty to not obstruct Plaintiffs' full use and occupancy of their rented residences; and, the duty to provide adequate security.

107.   Defendants, by the conduct alleged above, so negligently and carelessly maintained, operated, and managed the Property as to breach the common law and statutory duties of due care that they owed to Plaintiffs.

108.   Defendants knew, or reasonably should have known, that Plaintiffs would be injured as a result of this breach of these duties of due care.

109.   As a direct and proximate result of Defendants' negligent maintenance of the premises, Plaintiffs have been damaged in an amount to be proven at trial.

1      110.   Such actions and failures to act by Defendants have caused Plaintiffs, and each of

2 them, to suffer general and special damages.

3      111.   As a direct and proximate result of Defendants' actions and failures to act as

4 alleged above, Plaintiffs, and each of them, have suffered loss of or damage to their personal

5 property, and have suffered and continue to suffer physical injury, pain, anxiety, discomfort,

6 annoyance, inconvenience and distress all to their detriment and damage in an amount to be

7 determined at trial.

8

9                           **FIFTH CAUSE OF ACTION**

10                 **(Intentional Infliction of Emotional Distress)**

11 **(By Plaintiffs DARLENE GARCIA, DALIA GARCIA, JACKIE GARCIA, FERNANDO**
     **CAMPOS, ABDUL MOHAMMED, LISA WILSON, SONNY ROYBALL, FRED**

12 **MEDINA, FLORENCE MEDINA, ANA CECILIA ARAUJO, ROMULO ROMERO,**
     **BETTY DRESDA, BEATRIZ DIAZ RETANA, JACINTO CORIO BRITO and**

13              **DOLORES CAMACHO against all Defendants)**

14      112.   Plaintiffs incorporate the allegations of paragraphs 1 through 111 above as though

15 fully set forth herein.

16      113.   As owners and managers of the Property, Defendants conducted themselves in a

17 fashion that was outrageous, and intended to cause Plaintiffs emotional distress, or acted with

18 reckless disregard of the probability that Plaintiffs would suffer emotional distress, knowing that

19 Plaintiffs were present when the conduct occurred.

20      114.   Defendants' conduct is so extreme that it goes beyond all possible bounds of

21 decency, and is intolerable in a civilized community.

22      115.   Defendants, as owners and managers of the Property, abused their position of

23 authority or relationship with Plaintiffs that gave them apparent power to affect Plaintiffs'

24 interests.

25      116.   Defendants knew that Plaintiffs were particularly vulnerable to emotional distress

26 and further knew that their outrageous conduct would likely result in harm due to mental distress.

27      117.   By virtue of Defendants' outrageous conduct, Plaintiffs have suffered severe

28 emotional distress, including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry,

COMPLAINT; DEMAND FOR JURY TRIAL

EXHIBIT 1 - PAGE 000029

1   shock, humiliation and shame.

2      118.   Defendants' conduct was a substantial factor in causing Plaintiffs' severe

3   emotional distress.

4      119.   As a direct and proximate result of the outrageous conduct of these Defendants,

5   Plaintiffs have suffered and continue to suffer emotional distress, anxiety, annoyance and

6   discomfort all to Plaintiffs' detriment and damage in an amount to be proven at trial.

7      120.   Defendants' outrageous conduct was knowing, intentional, and malicious.

8   Plaintiffs are therefore entitled to exemplary and punitive damages in an amount to be

9   determined at trial.

10

11                        **SIXTH CAUSE OF ACTION**

12                    **(Violation of Federal Fair Housing Act)**

13   **(By Plaintiffs DARLENE GARCIA, DALIA GARCIA, JACKIE GARCIA, FERNANDO
     CAMPOS, ABDUL MOHAMMED, LISA WILSON, SONNY ROYBALL, FRED**

14   **MEDINA, FLORENCE MEDINA, ANA CECILIA ARAUJO, ROMULO ROMERO,
     BETTY DRESDA, BEATRIZ DIAZ RETANA, JACINTO CORIO BRITO and**

15   **DOLORES CAMACHO against all Defendants)**

16      121.   Plaintiffs incorporate the allegations of paragraphs 1 through 120 above as though

17   fully set forth herein.

18      122.   Defendants coerced, intimidated, threatened, and interfered with Plaintiffs' rights

19   granted or protected by federal law.

20      123.   Defendants injured Plaintiffs by committing discriminatory housing practices in

21   violation of the federal Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*

22      124.   Defendants enforced discriminatory rules against Plaintiffs and other tenants,

23   including limiting the areas where children could play, telling Plaintiffs their children could not

24   play outside and requiring children to be "controlled" under threat of fine or eviction, in violation

25   of 42 U.S.C. §§ 3604, *et seq.*

26      125.   Defendants engaged in a pattern of coercion, threats and harassment against

27   Plaintiffs in violation of 42 U.S.C. § 3617.

28   ///

                                    22

1    126.    As a direct and proximate result of the foregoing, Plaintiffs are entitled to actual

2  damages in an amount to be determined at trial.

3    127.    As a direct and proximate result of Defendants' actions and failures to act as

4  alleged above, Plaintiffs, and each of them, have suffered loss of or damage to their personal

5  property, and have suffered and continue to suffer physical injury, pain, anxiety, discomfort,

6  annoyance, inconvenience and distress all to their detriment and damage in an amount to be

7  determined at trial.

8    128.    Defendants' actions and failures to act as alleged above were knowing,

9  intentional, and malicious.  Plaintiffs are therefore each entitled to exemplary and punitive

10  damages in an amount to be determined at trial.

11

12                            SEVENTH CAUSE OF ACTION

13                  (Violation of California Fair Employment and Housing Act)

14  (By Plaintiffs DARLENE GARCIA, DALIA GARCIA, JACKIE GARCIA, FERNANDO
    CAMPOS, ABDUL MOHAMMED, LISA WILSON, SONNY ROYBALL, FRED
15  MEDINA, FLORENCE MEDINA, ANA CECILIA ARAUJO, ROMULO ROMERO,
    BETTY DRESDA, BEATRIZ DIAZ RETANA, JACINTO CORIO BRITO and
16              DOLORES CAMACHO against all Defendants)

17    129.    Plaintiffs incorporate the allegations of paragraphs 1 through 128 above as though

18  fully set forth herein.

19    130.    Defendants injured plaintiffs by committing unlawful housing practices in

20  violation of the California Fair Employment and Housing Act, California Government Code §§

21  12955, *et seq.*

22    131.    Government Code Section 12955 makes it unlawful for Defendants to

23  discriminate against or harass Plaintiffs based on familial status.  Defendants discriminated

24  against or harassed the tenants at the Property based on familial status.

25    132.    Defendants published and promulgated rules for the Property which indicated or

26  intended to make a preference, limitation and/or discrimination based on familial status.

27    133.    In doing the acts or failing to as alleged herein, Defendants coerced, intimidated,

28  threatened, and interfered with Plaintiffs' rights in violation of rights granted or protected by

1    state law, as set forth in Government Code Section 12955.

2         134.    Such actions by Defendants have caused, and will continue to cause in the future,

3    Plaintiffs, and each of them, to suffer damages.

4         135.    As a direct and proximate result of Defendants' actions as alleged above,

5    Plaintiffs, and each of them, have suffered and continue to suffer physical injury, pain, anxiety,

6    discomfort, annoyance, inconvenience and distress all to their detriment and damage in an

7    amount to be determined at trial.

8         136.    Defendants' actions as alleged above were knowing, intentional, and malicious.

9    Plaintiffs are therefore each entitled to exemplary and punitive damages in an amount to be

10   determined at trial.

11

12                          <u>PRAYER FOR RELIEF</u>

13        WHEREFORE, Plaintiffs, and each of them, pray for relief as follows:

14   <u>ON THE FIRST CAUSE OF ACTION:</u>

15        1.    For general and special damages in an amount to be determined at trial.

16        2.    For rent abatement in an amount to be determined at trial.

17        3.    For statutory damages in an amount not less than $100 or more than $5,000, as

18              shall be determined at trial for each separate violation of California Civil Code

19              section 1942.4.

20        4.    For exemplary and punitive damages in an amount to be determined at trial.

21   <u>ON THE SECOND CAUSE OF ACTION:</u>

22        1.    For general and special damages in an amount to be determined at trial.

23        2.    For exemplary and punitive damages in an amount to be determined at trial.

24   <u>ON THE THIRD CAUSE OF ACTION:</u>

25        1.    For general damages and special damages in an amount to be determined at trial.

26        2.    For exemplary and punitive damages in an amount to be determined at trial.

27   <u>ON THE FOURTH CAUSE OF ACTION:</u>

28        1.    For general damages and special damages in an amount to be determined at trial.

1 | ON THE FIFTH CAUSE OF ACTION:

2 |         1.      For general and special damages in an amount to be determined at trial.

3 |         2.      For exemplary and punitive damages in an amount to be determined at trial.

4 | ON THE SIXTH CAUSE OF ACTION:

5 |         1.      For actual damages in an amount to be determined at trial.

6 |         2.      For exemplary and punitive damages in an amount to be determined at trial.

7 | ON THE SEVENTH CAUSE OF ACTION:

8 |         1.      For general and special damages in an amount to be determined at trial.

9 |         2.      For exemplary and punitive damages in an amount to be determined at trial.

10 | ON ALL CAUSES OF ACTION:

11 |        1.      For Plaintiffs' reasonable attorney's fees as provided by contract, statute and/or

12 |                law.

13 |        2.      For costs of suit, including expert costs as permitted by statute.

14 |        3.      For such other relief as the court may deem just and proper.

15 | DATED: January 17, 2013          CHANDRA GEHRI SPENCER,
                                      A PROFESSIONAL LAW CORPORATION

16 |

17 |

18 |                                  By:_____
                                          Chandra Gehri Spencer
                                          Attorneys for Plaintiffs

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

EXHIBIT 1 - PAGE 000033

1

## DEMAND FOR JURY TRIAL

2    TO DEFENDANTS AND TO THIS HONORABLE COURT:

3        Plaintiffs hereby demand a trial by jury in this matter.

4    DATED:  January 17, 2013          CHANDRA GEHRI SPENCER,
                                        A PROFESSIONAL LAW CORPORATION
5

6

7                                       By: _____
                                             Chandra Gehri Spencer
8                                            Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                  26
                    COMPLAINT; DEMAND FOR JURY TRIAL

EXHIBIT 1 - PAGE 000034

**EXHIBIT A**

EXHIBIT 1 - PAGE 000035

# RENTAL AGREEMENT AND/OR LEASE

This Rental Agreement and/or Lease (Agreement) shall evidence the complete terms and conditions under which the parties whose signatures appear below have agreed PAMA MANAGEMENT CO. Landlord, Landlord/Lessor/Agent shall be referred to as "LANDLORD" and _Florence Medina_ Tenant(s) Lessee(s) shall be referred to as "TENANT". As consideration for this Agreement, LANDLORD agrees to rent/lease to TENANT and TENANT agrees to rent/lease from LANDLORD for use SOLELY AS A PRIVATE RESIDENCE, the premises known as Apartment No. _23_ located at _8410 Langdon_ in the city of _N. Hills Ca 91343_

1. **TERMS:** TENANT agrees to pay in advance $ _700.00_ per Month on the 1st (first) day of each Month. This agreement shall commence on _5-01_ 20 _10_ and continue on a month-to-month tenancy until either party that terminates this Agreement by giving a written notice of intention to terminate at least 30 days prior to the date of termination.

2. **PAYMENTS:** Rent and/or other charges are to be paid at the office or apartment of the manager of the building or at such other place designated in writing by LANDLORD. For the safety of the manager, all payments are to be made by cashier's check or money order and no cash or personal checks shall be accepted. LANDLORD acknowledges receipt of the First Month's rent of $ _499.00_ and a Security Deposit of $ _4000.00_ for a total payment of $ _899.00_. All payments are to be made payable to: PAMA MANAGEMENT CO.

_Fred deJean Medina_
Full Name

Full Name

Full Name

Birth Date _12-30-39_    Social Security Number _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_

Birth Date    Social Security Number

Birth Date    Social Security Number

No additional person shall occupy the said premises, or any part thereof, without Landlord's prior written consent endorsed hereon, unless prior financial arrangements have been made with the management.

This Agreement is conditional upon, and subject to the following:

1. Failure of Tenant to pay the rent or other charges due hereunder or to comply with any of the covenants or conditions herein contained shall, at Landlord's option, forthwith terminate this Agreement and Tenant's rights therein as provided by law.

2. **LATE CHARGE** - Tenant acknowledges that the Landlord will incur certain administrative costs in connection with late rental payments, and that the amount of such administrative costs would be difficult or impracticable to ascertain. If Tenant fails to pay rent in full by the end of the 3rd (third) day of the month rent is due, Tenant shall pay a late charge of $50.00 as additional rent. Landlord does not waive the right to insist on payment of rent in full on the day it is due.

3. **USE AND OCCUPANCY** - Tenant agrees to use and maintain the premises as follows:
A - Solely for private residential purposes for the Tenants listed herein, for a total of ___ occupants, and by no other persons without prior written consent of the Landlord.
B - Resident agrees not to violate any law, statute, or ordinance, nor to commit, suffer or permit any waste, or nuisance in, on, or about the said premises, or in any way to annoy, molest or interfere with any other tenant or occupants of the building, nor to use in a wasteful or unreasonable or hazardous manner any of the utilities furnished by Landlord, not to maintain any mechanical, electrical or other appliance or device operated by or said utilities except as herein listed and specifically approved by Landlord in writing.
C - Tenant agrees not to alter the premises whatsoever without Landlord's express permission in writing and agrees to return said premises to the Landlord in the same condition as it was received except ordinary wear and tear. To the extent permitted by law, any repairs initiated by Tenant must be performed by Landlord approved vendors. Written list will be provided upon request. Invoice and proof of payment for work performed must be provided to Landlord within seven (7) days of work completion.
D - Tenant shall be responsible for maintaining the cleanliness of the unit, including window coverings, and carpets if applicable. Tenant agrees to keep the premises in good repair and free from trash and unsightly material, and to immediately notify Landlord in writing of any defects or dangerous conditions in or about the premises. Tenant shall reimburse Landlord for the cost of repair damage by Tenant through misuse or neglect including screens, closets and windows.

4. **JOINT AND SEVERAL LIABILITY** - The undersigned Tenant(s) whether or not in actual possession of premises, are jointly and severally liable for all rent incurred during the term of this Agreement, and for all damages to the demised premises caused or permitted by Tenants, their guests and invitees. Any breach of this Agreement by any one or more of the Tenants shall not terminate the Agreement nor shall it relieve the remaining Tenants from fulfilling the terms of this Agreement.

5. **TERMINATION AND AMENDMENTS** - Said tenancy may be terminated by either party giving the other 30-days written notice of termination in writing pursuant to California Civil Code 1946; however, if the Tenant has resided in the unit for one year or more, then the Landlord must give at least 60-days written notice to terminate tenancy (CC 1946). This Agreement may be modified with 30 notice in writing. For a

rent increase: (a) if the amount of the increase, when added to all other increases during the prior 12 months, is 10% or less of the lowest rent charged during the prior 12 months. Landlord may serve a 30-day rent increase notice; (b) if the amount of the increase, when added to all other increases during the prior 12 months, exceeds 10% of the lowest rent charged during the prior 12 months, Landlord must serve a 60-day rent increase notice. In either case, if the notice is served by mail, the effective date of the rent increase is extended and additional 5 days from the date of mailing.

6. **WAIVER** - Waiver by Landlord of a breach of any covenant of this Agreement will not be construed to be a continuing waiver of any subsequent breach. Landlord's receipt of rent with knowledge of Tenant's violation of a covenant does not waive his rights to enforce any covenant of this Agreement. The invalidity or partial invalidity of any provision of this Agreement shall not render the remainder of the Agreement invalid or unenforceable.

7. **UTILITIES** - Tenant shall pay for all utilities, services, and charges, if any, except: _for all water_

8. **ASSIGNMENT AND SUBLETTING** - Tenant may not assign all or any portion of the Agreement nor shall Tenant sublet all or any portion of the premises. Any attempt at assignment or subleasing shall be void and an irreconcilable breach of this Agreement.

9. **ATTORNEY'S FEES / WAIVER OF JURY TRIAL** - If any legal action or proceeding is brought by either party to enforce any part of this Agreement, the prevailing party shall recover, in addition to all other relief, actual attorney's fees and costs pursuant to California Civil Code 1717, but not to exceed $500.00. Recognizing that Jury Trials are both time consuming and expensive, Landlord and Tenant hereby waive their right to a trial by jury on any matter arising out of this Agreement, or the use, or the occupancy of the premises herein.

10. **CREDIT REPORT** - As required by law, you are hereby notified that negative credit reports reflecting on your credit record may be submitted to a credit reporting agency and/or your credit may be checked periodically.

11. **RIGHT OF ENTRY** - Landlord reserves the right to himself or his agent to enter said premises in case of emergency, to make necessary or agreed repairs, decorations, alterations or improvements, supplying necessary or agreed services or exhibit the dwelling to prospective purchasers, mortgagees, tenants, workmen or contractors or when any tenant has abandoned or surrendered the premises or pursuant to court order. Except in cases of emergency or abandonment, entry will be made during normal business hours and Landlord shall give the Tenant reasonable notice of intent to enter premises of no less than 24 hours pursuant to California Civil Code 1954. Tenant agrees not to change any lock or locking device to said premises without the prior written consent of the landlord, but Tenant will, upon demand, forthwith Landlord with the keys for the purpose of making duplicates thereof. Upon demand by Landlord, Tenant shall temporarily vacate the premises for a reasonable period of time to allow pest or vermin control work to be done. Tenant shall comply with all instructions, forthwith, from pest controller, fumigator and/or exterminator regarding the preparation of the premises for the work, including the proper bagging and storage of food particles and medicine.

12. Landlord shall not be liable or responsible in any way for injury to any person, or for loss of, or damage to, any article belonging to Tenant located in said premises, or other premises under control of Landlord. No right of storage is given by this Agreement. Landlord shall not be liable for non-delivery or mis-delivery of messages nor shall Landlord be liable for and this Agreement shall not be terminated

X _Florence Medina_    X _Fred ... ...n_

Form 103-1 (5/04)

EXHIBIT 1 - PAGE 000036

by reason of any interruption of, or interference with, services or accommodation due Tenant, caused by strike, riot, orders of public authorities, acts of other tenants, accident, the making of necessary repairs to the building of which said premises are a part, or any other cause beyond Landlord's control.

13. It is understood by Tenant and all parties that Tenant's personal effects are not insured by Landlord and that Tenant may insure his own personal property with his/her own tenant insurance policy.

14. **SECURITY DEPOSIT** - Tenant shall deposit with Landlord, as a Security Deposit, $_____ as security for performance of the Agreement. (Total of all deposits not to exceed two (2) months rent for an unfurnished or three (3) months for furnished unit.) At no time shall any portion of this deposit be considered as an advance payment of rent, including last month's rent, nor is to be used or refunded prior to leased premises being completely vacated by all Tenants. After the premises are completely vacant, Landlord shall furnish the Tenant with an itemized written statement of the basis for, and the amount of, any security withheld and shall return any remaining portion of such security to the Tenant within twenty-one (21) days pursuant to California Civil Code 1950.5.

15. **SMOKE DETECTOR** - The premises are equipped with Smoke Detection device(s) and:

a. Tenant acknowledges that the Smoke Detector(s) was tested and its operation explained by Landlord in the presence of the Tenant at the time of initial occupancy and that the Smoke Detector(s) were in proper working order at the time.

b. Each Tenant shall perform the Manufacturer's recommended test to determine if the Smoke Detector(s) is/are operating properly at least once a week.

c. **TENANT(S) INITIALS ONLY IF BATTERY OPERATED:** By initialing as provided, each Tenant understands that said Smoke Detector(s) and Alarm is a battery operated and it shall be each Tenant's responsibility to:
1. Ensure that the battery is in operating condition at all times;
2. Replace the battery as needed (unless otherwise provided by law);
3. If, after replacing the battery, the Smoke Detector(s) do not work, inform the Landlord immediately in writing.
d. Tenant(s) must inform the Landlord immediately, in writing, of any defect malfunction or failure of any detector(s).
e. If local law requires the Landlord to test the Smoke Detector(s), the Tenant shall allow the Landlord access to the premises for that purpose.

16. **INITIAL and complete this section only if premises were built before 1978: LEAD WARNING STATEMENT** - Housing built before 1978 may contain lead-based paint. Lead from paint chips and dust can pose health hazards if not managed properly. Lead exposure is especially harmful to young children and pregnant women. Before renting pre-1978 housing, landlords must disclose the presence of lead-based paint and/or lead-based paint hazards in the dwelling. Renters must also receive a federally approved pamphlet on lead poisoning prevention.

**LANDLORD'S DISCLOSURE** (initial where appropriate)
___ Landlord has no knowledge of lead-based paint and/or lead-based paint hazards in the premises. Landlord has no reports or records pertaining to lead-based paint and/or lead-based paint hazards in the premises, or
___ Landlord has knowledge of lead-based paint and/or lead-based paint hazards that are present in the premises and has provided the Tenant with all available records and reports pertaining to lead-based paint and/or lead-based paint hazards in the premises. The following documents have been provided:
_____
_____

**TENANT'S ACKNOWLEDGMENT**
___ Tenant(s) initialed: Tenant has received a copy of the pamphlet "Protect Your Family From Lead In Your Home" and copies of documents listed above, if any.

NOTICE: The California Department of Justice, sheriff's departments, police departments, police departments serving jurisdictions of 200,000 or more and many other local law enforcement authorities maintain for public access a data base of the locations of persons required to register pursuant to paragraph (1) of subdivision (a) of Section 290.4 of the Penal Code. The data base is updated on a quarterly basis and is a source of information about the presence of these individuals in any neighborhood. The Department of Justice maintains a Sex Offender Identification website at http://www.meganslaw.ca.gov through which inquiries about individuals may be made.

The undersigned Tenant(s) acknowledges having read and understood the foregoing, and receipt of a duplicate original.

Dated this 29 day of Abril 2010

---

Tenant agrees to promptly notify Landlord of any deteriorated and/or peeling paint. **REAL ESTATE AGENT'S ACKNOWLEDGMENT** (initial only if agent involved in rental process).

___ Real estate agent has informed the Landlord of the Landlord's obligation under 42 U.S.C. 4852d, EPA 40 CFR 745.107, 745.113 and 745.115 and is aware of his/her responsibility to ensure compliance.

17. **MOLD AND MILDEW STATEMENT** - Mold and Mildew may damage property and may be injurious to one's health, and if moisture is allowed to accumulate in the unit, it can cause mildew and mold to grow. Therefore, Tenant acknowledges that: (a) Tenant has inspected the premises, and every part thereof, at the outset of the tenancy; (b) Tenant has found no signs of moisture, mold or mildew therein; (c) Tenant agrees to keep premises free of dirt and debris that can harbor mold; (d) Tenant shall (i) keep the premises well ventilated, clean and dry, and remove any signs of mold or mildew from all surfaces, (ii) promptly notify Landlord of any dampness from leaks, overflows, water intrusion, etc., and (iii) promptly notify Landlord of any malfunction of ventilation, air conditioning or heating systems. Tenant will use bathroom and kitchen fans to exhaust moisture from bathing, showering, cooking, and dishwashing. Tenant shall be liable for any injuries or damages that may result from any negligent performance of the foregoing duties.

18. **TENANT INITIAL and complete only if premises built before 1979 and Landlord has 10 or more employees.**
**ASBESTOS DISCLOSURE** - The California Asbestos Notification Act requires Landlords with more than 10 employees of structures built before 1979 to notify Tenants and their employees and contractors of any knowledge they may have regarding any asbestos-containing construction materials ("ACM"). In that regard, note that while Landlord is not specifically aware of any ACM in the premises, it is possible that given the age of the building, ACM may be present. Accordingly, as a precaution, Tenant hereby agrees to not, under any circumstances, to disturb or remove acoustic ceilings or flooring material, not to sand, cut or otherwise abrade dry wall material, and not to drill into the doors or remove floor tiles. California Health & Safety Code section 25249.6 requires that notice be provided to persons warning that they may be exposed to chemicals known in the State to cause cancer. Asbestos is one of those chemicals. Assuming Tenant's compliance with the precautionary measures described above, however, Landlord has no reason to believe that any person on the premises is exposed to significant risk levels. The notice provided in this paragraph is accordingly provided to Tenant merely to comply with the technical notification requirements.
___ TENANT(S) INITIALS

19. **PROPOSITION 65 WARNING:** The State of California has determined certain chemicals commonly found in and around residences are known to cause cancer and birth defects or other reproductive harm. These can be found in California health & safety code section 25249.6. Among such chemicals are second hand cigarette smoke, alcohol, lead paint, and asbestos. Tenant is aware of such chemicals and the dangers they pose.
___ TENANT(S) INITIALS

20. **ATTACHMENTS** - By initialing as provided, Tenant acknowledges receipt of only those indicated attachments, copy(s) of which is/are attached hereto, and are incorporated herein as though fully set forth at length. Each Tenant should initial to the right of the marked attachment.
___ Addendum/House Rules and Regulations
___ Pool Rules & Regulations
___ Satellite Dish Addendum

---

Rental Management Co. does not discriminate against any person because of race, color, religion, sex, or national origin.

(Rental Agreement) Page 9

Form 100-2 (3/06)

**8400- 8414 Langdon Avenue**
**North Hills, CA**

On June 20, 2012 inspection of the property at 8400-8414 Langdon Avenue resulted in the following list of defects:

**General**

1. Window screens are torn, damaged or missing throughout.  [H.&S.C. Code 17920.3(c); L.A.M.C. Sec. 91.8104.5.1]

2. Handrail at stairway access to unit 49 not properly anchored to wall and installation compromises the required weather protection at the exterior wall. [H.&S.C. Code 17920.3(a)13; 17920.3(c) & 17920.3(g) ; L.A.M.C. Sec. 91.8104.1] (photo jpg  100_1823)

**8400 Langdon Avenue**
**Unit 7** (photos jpg 100_1781 to 100_1807)

1. Old galvanized water supply piping to kitchen sink in processed of being replaced with copper piping.  Status of the required permit and inspection approval process is not known. (photo 100_1807) Observations of workmanship include:
   - Point of connection where inter-mixing of dissimilar metals required to be exposed or in an accessible location. [CPC Sec. 311.6] (photo 100_1795)
   - Improper connection fittings at transition from copper to galvanized pipe. (brass or dielectric fitting required) [CPC Sec. 316.2 & 316.2.4] (photo 100_1795)
   - Improper isolation of copper pipe from dissimilar materials. [CPC Sec. 316.2 & 316.2.4] (photos 100_1783, 100_1884 & 100_1795)
   - Piping joints under the slab were connected with soldered fittings, where CPC minimum standards call for brazed joints. [CPC Sec. 609.3.2] (photo 100_1782, 100_1783, 100_1784 & 100_1795)

2. Infestation of insects. [H.&S.C. Sec.17920.3(a)12] (photos 100_1790, 100_1791, 100_1793 & 100_1794)

3. Window at kitchen deteriorated and does not lock properly. [H.&S.C. Code 17920.3(c); L.A.M.C. Sec. 91.6715.1] (photo 100_1786)

4. Oven/stove does not function properly. [H.&S.C. Sec. 17920.3(c)]

5. Burner knobs at stove improperly identify on-off operations and create a potential safety hazard. [H.&S.C. Sec. 17920.3(c)] (photo 100_1788)

EXHIBIT 1 - PAGE 000038

6.  Wall behind oven damaged and deteriorated and does not provide effective seal for preventing insect intrusion. [H.&S.C. Sec. 17920.3(c); L.A.M.C. Sec. 91.8104.4] (photos 100_1790 & 100_1791)

7.  Exterior wall at kitchen water damaged and deteriorated. [H.&S.C. Sec. 17920.3(c); L.A.M.C. Sec. 91.8104.4] (photo 100_1787)

8.  Walls throughout are deteriorated and in need of repair and paint. [H.&S.C. Sec. 17920.3(c); L.A.M.C. Sec. 91.8104.4] (photos 100_1787, 100_1790, 100_1796, 100_1798 & 100_1802)

9.  Window at living room deteriorated and does not lock properly. [H.&S.C. Code 17920.3(c); L.A.M.C. Sec. 91.6715.1]

10. Window screens are torn, damaged or missing throughout.  [H.&S.C. Code 17920.3(c); L.A.M.C. Sec. 91.8104.5.1]

11. Thermostat for radient heat system deteriorated and does not appear to function. [H.&S.C. Sec 17920.3(a)6; L.A.M.C. Sec. 91.8104.11]

12. Smoke detector not installed. [H.&S.C. Code 17920.3(m); L.A.M.C. Sec. 91.8603.1.1 and 91.8603.2.1]

13. Bathtub/shower water supply valve leaks. [H&S Code Sec. 17920.3(e); L.A.M.C. Sec. 91.8104.7] (photos 100_1799 & 100_1801)

14. Shower enclosure grout and/or caulking is missing or otherwise not maintained free of mold/mildew. [H.&S.C. Code Sec. 17920.3(c); L.A.M.C. Sec. 91.8104.7] (photos 100_1799 & 100_1801)

15. Tub glazing is deteriorated. [H&S Code Sec. 17920.3(e); L.A.M.C. Sec. 91.8104.7] (photos 100_1800 & 100_1801)

16. Wall adjacent to tub damaged and deteriorated. [H.&S.C. Sec. 17920.3(c); L.A.M.C. Sec. 91.8104.4]

17. Wall and header wall covering at bathroom window water damaged and deteriorated with mold and/or mildew.  [H.&S.C. Code 17920.3(c); L.A.M.C. Sec. 91.8104.4] (photo 100_1802)

18. Bathroom door deteriorated at hinge and door not supported properly. [H.&S.C. Code Sec. 17920.3(a)13 &17920.3(c)]  (photo 100_1805)

19. Bathroom sink counter caulking is missing or otherwise not maintained free of mold/mildew. [H.&S.C. Code Sec. 17920.3(c); L.A.M.C. Sec. 91.8104.7] (photo 100_1804)

EXHIBIT 1 - PAGE 000039

20. Tile floor uneven at transition to hall tile creating an exposed cut tile edge. [H.&S.C. Code Sec. 17920.3(c)]

**8414 Langdon Avenue**
**Unit 1** (photo jpg 100_1766 to 100_1779)

1. Infestation of insects. [H.&S.C. Sec.17920.3(a)12] (photo jpg 100_1767, 100_1768 & 100_1774)

2. Windowsill at kitchen deteriorated. [H.&S.C. Sec. 17920.3(c); L.A.M.C. Sec. 91.8104.4] (photo jpg 100_1770 & 100_1771)

3. Window at kitchen deteriorated and does not lock properly. [H.&S.C. Code 17920.3(c); L.A.M.C. Sec. 91.6715.1] (photo jpg 100_1770)

4. Range hood electrical wiring connection not properly installed or connected to appliance. [H.&S.C. Sec. 17920.3(f) & 17920.3(d); L.A.M.C. Sec. 91.8104.8.1] (photo jpg 100_1769)

5. Oven/stove unsanitary. [H.&S.C. Sec. 17920.3(c)] (Photo jpg 100_1772)

6. Ceiling at living room water damaged. [H.&S.C. Sec. 17920.3(c); L.A.M.C. Sec. 91.8104.4] (Photo jpg 100_1773)

7. Heating unit air register unsanitary. [H.&S.C. Sec 17920.3(a)13; L.A.M.C. Sec. 91.8104.11] (photo jpg 100_1779)

8. Patio door lock deteriorated and does not lock, or operate effectively. [H.&S.C. Sec. 17920.3(c); L.A.M.C. Sec. 91.8104.5.1 & 91.6715.1]

9. Flush valve at water closet deteriorated. [H.&S.C. Code Sec. 17920.3(e); L.A.M.C. Sec. 91.8104.7]

10. Walls and ceiling at bathroom damaged or deteriorated with mold and/or mildew. [H.&S.C. Sec. 17920.3(c); L.A.M.C. Sec. 91.8104.4] (photo jpg 100_1774, 100_1775 & 100_1776)

11. Tub/shower enclosure is unsanitary with mold/mildew. [H&S Code Sec. 17920.3(c) & 17920.3(e); L.A.M.C. Sec. 91.8104.7] (photo jpg 100_1777)

12. Medicine cabintet at bathroom unsanitary. [H.&S.C. Sec. 17920.3(c); L.A.M.C. Sec. 91.8104.5.1] (photo jpg 100_1778)

EXHIBIT 1 - PAGE 000040

13. Smoke detector not installed. [H.&S.C. Code 17920.3(m); L.A.M.C. Sec. 91.8603.1.1 and 91.8603.2.1]

**8414 Langdon Avenue**
**Unit 3** (photos 100_1824 to 100_1842)

1. Bathroom sink fixture leaks. [H.&S.C. Code Sec. 17920.3(e); L.A.M.C. Sec.91.8104.7] (photo 100_1825)

2. Walls and ceiling at bathroom damaged or deteriorated with mold and/or mildew. [H.&S.C. Sec. 17920.3(c); L.A.M.C. Sec. 91.8104.4] (photos 100_1826 & 100_1831)

3. Tub/shower enclosure is unsanitary with mold/mildew. [H&S Code Sec. 17920.3(c) & 17920.3(e); L.A.M.C. Sec. 91.8104.7] (photo 100_1827)

4. Window at bathroom deteriorated and does not lock properly. [H.&S.C. Code 17920.3(c); L.A.M.C. Sec. 91.6715.1] (photo 100_1830)

5. Wall in bathroom adjacent to tub damaged and deteriorated. [H.&S.C. Code Sec. 17920.3(c); L.A.M.C. Sec. 91.8104.7] (photo 100_1828)

6. Water closet lacks a positive seal at contact points to floor. Caulking is missing and/or not maintained free from mold/mildew. [H.&S.C. Code Sec. 17920.3(c) & 17920.3(e); L.A.M.C. Sec.91.8104.7] (photo 100_1829)

7. Window at bedroom deteriorated and does not lock properly. [H.&S.C. Code 17920.3(c); L.A.M.C. Sec. 91.6715.1] (photo 100_1833)

8. Smoke detector does not function. [H.&S.C. Code 17920.3(m); L.A.M.C. Sec. 91.8603.1.1 and 91.8603.2.1]

9. Window at kitchen/dining room deteriorated and does not lock properly. [H.&S.C. Code 17920.3(c); L.A.M.C. Sec. 91.6715.1] (photo 100_1835)

10. Screen at patio door deteriorated. [H.&S.C. Code 17920.3(c); L.A.M.C. Sec. 91.8104.5.1] (photo 100_1834)

11. Kitchen cabinet door hinge at range hood deteriorated. [H.&S.C. Code 17920.3(c); L.A.M.C. Sec. 91.8104.5.1] (photo 100_1837)

12. Range hood filter unsanitary. [H.&S.C. Sec. 17920.3(c)] (photo 100_1838)

13. Tile at kitchen counters cracked, broken or damaged. [H.&S.C. Sec. 17920.3(c)] (photos 100_1839 & 100_1840)

EXHIBIT 1 - PAGE 000041

14. Peninsula counter not anchored to cabinet. [H.&S.C. Code 17920.3(c); L.A.M.C. Sec. 91.8104.5.1]

15. Cabinet bottom under kitchen sink deteriorated. [H.&S.C. Code 17920.3(c); L.A.M.C. Sec. 91.8104.5.1] (photo 100_1841)

16. Infestation of insects. [H.&S.C. Sec.17920.3(a)12] (photos 100_1836 & 100_1842)

**8414 Langdon Avenue**
**Unit 23** (photo 100_1744 to 100_1765)

1. Ceiling water damaged and/or cracked and deteriorated. [H.&S.C. Sec. 17920.3(c); L.A.M.C. Sec. 91.8104.4] (photos 100_1745 &100_1746)

2. Smoke detector not installed at front room. [H.&S.C. Code 17920.3(m); L.A.M.C. Sec. 91.8603.1.1 and 91.8603.2.1] (photos 100_1745 &100_1746)

3. Smoke detector at hallway not installed. [H.&S.C. Code 17920.3(m); L.A.M.C. Sec. 91.8603.1.1 and 91.8603.2.1] (photo 100_1745)

4. A/C unit deteriorated and lacks air filter screen.  [H.&S.C. Sec. 17920.3(c) & 17920.3(f)] (photos 100_1747 &100_1748)

5. Infestation of insects. [H.&S.C. Sec.17920.3(a)12]  (Photo100_1761)

6. Kitchen counter tile cracked and deteriorated. [H.&S.C. Sec. 17920.3(c)] (photo 100_1749)

7. Range hood electrical wiring connection not properly installed or connected to appliance.  [H.&S.C. Sec. 17920.3(f) & 17920.3(d); L.A.M.C. Sec. 91.8104.8.1] (photos 100_1750 &100_1751)

8. Oven/stove unsanitary. [H.&S.C. Sec. 17920.3(c)]

9. Walls and ceilings deteriorated throughout and in need of repair and paint. [H.&S.C. Sec. 17920.3(c); L.A.M.C. Sec. 91.8104.4] (photos 100_1745, 100_1753 &100_1765)

10. Tub/shower enclosure is unsanitary with mold/mildew. [H&S Code Sec. 17920.3(c) & 17920.3(e); L.A.M.C. Sec. 91.8104.7] (photos 100_1752 &100_1754)

11. Bathroom sink counter caulking is missing or otherwise not maintained free of mold/mildew. [H.&S.C. Code Sec. 17920.3(c); L.A.M.C. Sec. 91.8104.7] (photos 100_1756 & 100_1757)

EXHIBIT 1 - PAGE 000042

12. Water closet lacks a positive seal at contact points to floor. Caulking is missing and/or not maintained free from mold/mildew. [H.&S.C. Code Sec. 17920.3(c) & 17920.3(e); L.A.M.C. Sec.91.8104.7] (photo 100_1755)

13. Wall heater cover not fastened properly to wall heater. [H.&S.C. Code Sec. 17920.3(c) & 17920.3(f); L.A.M.C. Sec.91.8104]

14. Heating unit does not appear to function. Tenant indicated heater did not work, further testing required. [H.&S.C. Sec 17920.3(a)6; L.A.M.C. Sec. 91.8104.11]

15. Carpet deteriorated throughout. [H.&S.C. Code 17920.3(a)13; L.A.M.C. Sec. 91.8104.6] (Photo 100_1559, 100_1769, 100_1763 & 100_1764)

**8414 Langdon Avenue**
**Unit 49** (photos 100_1808 to 100_1822)

1. Balcony floor covering cracked and deteriorated. [H.&S.C. Code 17920.3(b)2 & 17920.3(g)2; L.A.M.C. Sec. 91.8104.6] (photos 100_1809 & 100_1810)

2. Balcony guardrail balusters loose creating a potential fall hazard. [H.&S.C. Code 17920.3(a)13; 17920.3(b) & 17920.3(c) 5; L.A.M.C. Sec. 91.8104.1] (photo 100_1811)

3. Ceiling at living room cracked. [H.&S.C. Code 17920.3(c); L.A.M.C. Sec. 91.8104.4] (photo 100_1812)

4. Tile grout at kitchen counter cracked, broken or damaged and unsanitary with mold/mildew. [H.&S.C. Sec. 17920.3(c)] (photos 100_1813 & 100_1814 )

5. Range hood electrical wiring connection not properly installed or connected to appliance. [H.&S.C. Sec. 17920.3(f) & 17920.3(d); L.A.M.C. Sec. 91.8104.8.1] (photo 100_1815)

6. Screen at patio door deteriorated. [H.&S.C. Code 17920.3(c); L.A.M.C. Sec. 91.8104.5.1]

7. Carpet at living room deteriorated at transition trim to kitchen, entry and bedroom door. [H.&S.C. Code 17920.3(c)3; L.A.M.C. Sec. 91.8104.6] (photos 100_1816, 100_1817 & 100_1818)

8. Electrical receptacle cover plate missing at bathroom. [H.&S.C. Code Sec. 17920.3(d)] (photo 100_1821)

EXHIBIT 1 - PAGE 000043

9.  Bathroom counter caulking at wall is missing or otherwise not maintained free of mold/mildew. [H.&S.C. Code Sec. 17920.3(c); L.A.M.C. Sec. 91.8104.7] (photos 100_1819 & 100_1820)

10. Bathroom ceiling deteriorated and in need of paint. [H.&S.C. Sec. 17920.3(c); L.A.M.C. Sec. 91.8104.4] (photo 100_1822)

**Anthony Weimholt**

EXHIBIT 1 - PAGE 000044

**EXHIBIT C**

EXHIBIT 1 - PAGE 000045





6640 Van Nuys Blvd
Van Nuys, CA 91405
(818) 756-1473

Los Angeles Housing Department
LAHD

November 07, 2011
Case Number: 364669
APN: 2654027025

Property Owner:    GROUP V SAN BERNARDINO LP
Mailing Address:    4900 SANTA ANITA AVE #2C
EL MONTE , CA 91731

In Addition Notify:
Mailing Address:

## NOTICE AND ORDER TO COMPLY
Sections 161.702 and 161.354, Los Angeles Municipal Code
Sections 17980 and 17980.6, California Health and Safety Code

Our records indicate you are the owner of the property located at **8414 N LANGDON AVE** . An inspection of the premises has revealed conditions that affect the health and safety of the occupants and cause the building to be determined to be in violation of the City of Los Angeles Municipal Code. These conditions, their location on the premises, and the specific violation(s) of the Los Angeles Municipal Code (LAMC) and or California Health and Safety Code are described on the attached pages.

You, as the property owner, or responsible party, are ordered to eliminate all of the described conditions and diligently pursue the work necessary to eliminate any violations of the LAMC and Health and Safety Code on or before **12/20/2011**.

Some of the work required to repair the building may require that you obtain a permit and request related inspections from the Department of Building and Safety. We strongly urge you to seek the services of qualified installers, properly licensed by the State Contractors License Board.

A re-inspection of the premises will be conducted on **12/21/2011** between **3:00 PM** and **5:00 PM**. You or your representative must be present to escort the Housing Inspector. Any and all units are subject to re-inspection and require the same uniform compliance throughout the premises. You must provide notice to all affected tenants not less than 24 hours prior to the scheduled inspection. The entire premises must be in full compliance with the Los Angeles Municipal Code. Any questions you have may be directed to the office identified at the top of this notice. *Si tiene preguntas, favor de llamar al número que se encuentra al principio de esta notificación.*

Issuing Inspector: David Brandon

Proof of Mailing -- On 11/7/2011 the undersigned
mailed this notice by regular mail, postage
prepaid, to the person(s) listed on the last
equalized assessment roll.

*Maria Perez*

Form/NOC/06/05

APN: 2654027025

EXHIBIT 1 - PAGE 000046

## SANITATION

Failure to maintain the required window and/or door insect screens. Sections. 91.8104.5 L.A.M.C.; 17920.3(c) H.&S.C.

      8414 N LANGDON AVE 8414 52
      KITCHEN

## PLUMBING

Failure to maintain the plumbing system free from defective, damaged/leaking faucets or plumbing fixtures. Sections 91.8104.7; 94.0101.5.5; L.A.M.C.; 17920.3.c; 17920.3.e H.&S.C.

      8414 N LANGDON AVE 8414 52
      HALL BATH, Note: toilet and tub faucets

EXHIBIT 1 - PAGE 000047

| | |
|---|---|
| Inspector Name | David Brandon |
| Office Location | 6640 Van Nuys Blvd |
| | 1st Floor |
| | Van Nuys, CA 91405 |
| Survey Date | 11/1/2011 |

WHERE INDICATED ABOVE, PLANS AND/OR A BUILDING PERMIT FROM THE DEPARTMENT OF BUILDING AND SAFETY IS REQUIRED TO BE OBTAINED BEFORE REPAIR OR DEMOLITION WORK IS STARTED.

For consultation regarding this notice, or for information regarding obtaining Permits, the Inspector whose name appears on this Notice may be contacted by telephone between the hours of 7:30 and 9:00 a.m., Monday through Friday.

YOU MAY BE SCHEDULED FOR A GENERAL MANAGER'S HEARING, AND A LIEN MAY BE RECORDED AGAINST YOUR PROPERTY FOR ALL ADMINISTRATIVE AND INSPECTION COSTS ASSOCIATED WITH YOUR FAILURE TO COMPLY WITH THIS ORDER.

## FAILURE TO COMPLY WARNING

You may be scheduled for a General Manager's hearing, and a lien may be recorded on this property for all administrative and inspection costs associated with your failure to comply with this notice and order. This matter may be referred to the City Attorney for further enforcement. Any person who violates or causes or permits another person to violate any provision of the Los Angeles Municipal Code is guilty of a misdemeanor, which is punishable by a fine of not more than $1,000.00 and/or six months imprisonment per LAMC Section 11.00 (m).

## LEAD HAZARD WARNING

Due to the possible presence of lead-based paint, lead safe work practices are required on all repairs in pre-1979 buildings that disturb paint. Failure to do so could create lead hazards that violate California Health and Safety Code Section 17920.10 and 105256 and may be subject to a $1,000.00 fine or criminal prosecution. For more information call the L.A. Housing Department at (866) 557-7368. In order to locate a Lead Certified Professional and obtain additional information, call the L.A. Housing Department at (866) 557-7368 or go to the California Department of Health Services Website at: http://www.dhs.ca.gov/childlead/html/GENclist.html.

## TAX WARNING

The Housing Department has determined this building to be substandard per Section and 24436.5 of the State Revenue and Taxation Code. This section provides in part that a taxpayer who derives rental income from housing determined by the local regulatory agency to be substandard by reason of violation of state and local codes dealing with health, safety, or building, cannot deduct from state personal income tax and corporate income tax, deductions for interest, depreciation, or taxes attributable to such substandard structure where the substandard conditions are not corrected within six (6) months after notice of violation by the regulatory agency. Please note that the Compliance Date of this order marks the beginning of the six (6) month period. The department is required by law to notify the State Franchise Tax Board of failure to comply with these codes.

## SUBSTANDARD NOTIFICATION

When a building is determined to be a substandard building as defined under Section 17920.3 of the Health and Safety Code, a Notice of Non Compliance is recorded at the Los Angeles County Recorders Office (Health and Safety Code section 17985).

## RENT ESCROW ACCOUNT PROGRAM (REAP) NOTICE

Failure to correct the conditions that constitute the violations specified by this notice may subject this property and units to inclusion in the City of Los Angeles Rent Escrow Account Program (REAP). Inclusion in REAP entails a rent reduction based on the level of severity of the uncorrected conditions, and allows the tenant to pay the reduced rent to the City instead of the landlord. (Sections 162.00, et. seq. LAMC)

## INSPECTION AND PENALTY FEES

If the conditions found during a Systematic Code Enforcement Program(SCEP) inspection remain uncorrected after the first reinspection, Los Angeles Municipal Code Section 161.901.1 & 2 require that the Departments cost of all subsequent re-inspections be billed to the property owner. All Complaint-based inspections where a Notice to Comply is issued will be billed to the property owner. A late charge penalty equal to two times the fee or cost and a collection fee equal to 50 percent of the original fee or cost shall be imposed if any fees or costs imposed by this division are not paid within 30 days of service of the notice of the imposition of the fee or costs or, if timely appealed, of any decision on the appeal. Any person who fails to pay the assessment fee or cost, penalty, or collection fee shall also pay interest at the rate of one percent per month, or fraction thereof, on the amount of the fee or cost, penalty and collection fee imposed, from the 60th day following the date the billing notice was mailed. (Sections 161.901, et seq. )

## CITATIONS

A citation requiring a personal appearance in court may be issued if compliance is not obtained by the compliance date. Violation of the Los Angeles Municipal Code may be a misdemeanor or infraction and is punishable by a fine of not more than $1,000.00 and/or six (6) months imprisonment. (Sections 161.410 and 11.00(m) LAMC.)

EXHIBIT 1 - PAGE 000049

APPEALS

As of May 1, 2008 an Appeal Processing Fee of $128.00 shall be paid to the Department prior to processing the Appeal and obtaining a determination from a Senior Inspector. Section 161.902 of the Los Angeles Municipal Code.

Any person or entity subject to a notice or order or an inspection fee without hearing, pursuant to Section 161.901, et. seq. may request to appeal the notice, order, or fee, or may request an extension of time from, a Senior Inspector. The request to appeal shall be made in writing, upon appropriate forms provided by the department, and shall specify the grounds for appeal. The appeal shall be filed within ten days of the issuance of the notice or order, or within 10 days of the imposition of the fee. (Section 161.00 161.1001.1 LAMC.)

PROPERTY MANAGEMENT TRAINING PROGRAM (PMTP)

When a property owner has failed to comply with a notice or order within 45 days or less of the specified compliance date, the owner is required to pay a $225.00 registration fee and attend PMTP training sessions. The registration fee must be paid directly to the approved training agency. Failure to comply may result in the imposition of a criminal infraction, punishable by a fine of $250.00. (Section 154.02, et seq. LAMC.)

RETALIATION

No lessor may retaliate against a lessee because of his complaint to an appropriate agency as to the tenantability of a dwelling pursuant to Section 1942.5 of the Civil Code.

HISTORICAL PRESERVATION

Your property might be located within a Historical Preservation Overlay Zone, or may otherwise be determined historically significant. The scope of work required to correct conditions that constitute violations specified in this notice may require advanced approval from the appropriate regulatory agency.

RELOCATION INFORMATION

Any tenant who is displaced or subject to displacement from a residential rental unit as a result of a Notice to Vacate or any order requiring the vacation of the unit by the Enforcement Agency, shall be entitled to relocation benefits payable by the landlord to the tenant in each unit in the amounts prescribed in Section 163.05 L.A.M.C. Furthermore if the landlord fails, neglects, or refuses to pay relocation payments, the City may advance relocation payments to the affected tenant(s). Recovery of the relocation payments plus a penalty of 50% will be assessed against the property in the form of a lien as per H&S Code Section 50657(b).

COMPLIANCE

A property owner has complied with this Notice/Order to Comply when an Inspector from the Los Angeles Housing Department had verified the abatement of the cited violations in conformity with the requirements of the Los Angeles Municipal Code. Section 161.355, 161.403, & 91.108.6 L.A.M.C.

EXHIBIT 1 - PAGE 000050

EXHIBIT 1 - PAGE 000051



Los Angeles Housing Department

# ATTENTION!

This building was built before 1979 and may contain Lead-Based Paint. Lead based paint can be dangerous to your health, especially dangerous to children and pregnant women.

1. If lead-based paint is deteriorated or disturbed it can create lead dust. **LEAD DUST IS DANGEROUS. IT IS THE NUMBER ONE WAY THAT CHILDREN ARE POISONED BY LEAD.**

2. Lead dust is created by renovations or repairs where workers dry scrape or sand lead-based paint and is **PROHIBITED BY LAW.**

3. All workers disturbing lead-based paint **MUST use Lead Safe Work Practices. IT IS THE LAW.**

4. If you see unsafe work practices such as dry scraping without plastic sheets protecting the floor or ground you should immediately call **1(866) 557-7368**

All reports are confidential and it is illegal to retaliate against tenants for reporting unsafe work practices!

It is a misdemeanor to remove, deface, cover or hide this notice.

# ¡ATENCIÓN!

Este edificio fue construido antes de 1979 y puede contener Pintura a Base de Plomo. La Pintura a base de plomo puede ser peligrosa para la salud, especialmente para los niños y mujeres embarazadas.

1. Si la pintura a base de plomo está en malas condiciones o se daña puede crear polvo con plomo. **EL POLVO CON PLOMO ES PELIGROSO Y ES LA CAUSA PRINCIPAL EN QUE LOS NIÑOS SE ENVENENAN.**

2. El polvo con plomo es el resultado de las renovaciones o reparaciones donde los trabajadores raspan o lijan la pintura a base de plomo y es **PROHIBIDO POR LA LEY.**

3. Todos los trabajadores que dañan la pintura a base de plomo están **OBLIGADOS a usar Técnicas de Trabajo Seguras del Plomo. ES LA LEY.**

4. Si ven que los trabajadores están usando técnicas peligrosas como raspando la pintura sin poner plástico para proteger el piso o el suelo debe llamar inmediatamente al **1(866) 557-7368**

¡El inquilino puede reportar los trabajos que se hagan de manera insegura, todos los reportes son confidenciales y es ilegal tomar represalias contra ellos/ellas!

Es contra la ley remover, dañar, o esconder este aviso.

# Los Angeles Housing Department

Inspection Report

Reinspection Date: 12/21/2011 3:00:00 PM
APN: 2654027025   Address: 8414 N LANGDON AVE
Inspector Name:David Brandon

| Address | Room | Description | Permit | Notes |
|---------|------|-------------|--------|-------|
| 8414 N LANGDON AVE 8414 52 | HALL BATH | FIXTURE DEF/LEAK | | toilet and tub faucets |
| | KITCHEN | INSECT SCREENS | | |

EXHIBIT 1 - PAGE 000052





6640 Van Nuys Blvd
Van Nuys, CA 91405
(818) 756-1473

December 09, 2010
Case Number: 322859
APN: 2654027025

Property Owner:   GROUP V SAN BERNARDINO LP
Mailing Address:   4900 SANTA ANITA AVE ## 2C
EL MONTE , CA 91731

In Addition Notify:
Mailing Address:

## NOTICE AND ORDER TO COMPLY
### Sections 161.702 and 161.354, Los Angeles Municipal Code
### Sections 17980 and 17980.6, California Health and Safety Code

Our records indicate you are the owner of the property located at **8414 N LANGDON AVE** . An inspection of the premises has revealed conditions that affect the health and safety of the occupants and cause the building to be determined to be in violation of the City of Los Angeles Municipal Code. These conditions, their location on the premises, and the specific violation(s) of the Los Angeles Municipal Code (LAMC) and or California Health and Safety Code are described on the attached pages.

You, as the property owner, or responsible party, are ordered to eliminate all of the described conditions and diligently pursue the work necessary to eliminate any violations of the LAMC and Health and Safety Code on or before **1/15/2011**.

Some of the work required to repair the building may require that you obtain a permit and request related inspections from the Department of Building and Safety. We strongly urge you to seek the services of qualified installers, properly licensed by the State Contractors License Board.

A re-inspection of the premises will be conducted on **1/19/2011** between **10:30 AM** and **12:30 PM**. You or your representative must be present to escort the Housing Inspector. Any and all units are subject to re-inspection and require the same uniform compliance throughout the premises. You must provide notice to all affected tenants not less than 24 hours prior to the scheduled inspection. The entire premises must be in full compliance with the Los Angeles Municipal Code. Any questions you have may be directed to the office identified at the top of this notice. *Si tiene preguntas, favor de llamar al número que se encuentra al principio de esta notificación.*

Issuing Inspector: James McDevitt

Proof of Mailing — On 12/9/2010 the undersigned mailed this notice by regular mail, postage prepaid, to the person(s) listed on the last equalized assessment roll.


Oscar Canizales

Form/NOC/06/05

APN: 2654027025

EXHIBIT 1 - PAGE 000053

MAINTENANCE

Failure to maintain plaster/drywall walls/ceilings in a smooth and sanitary condition. Sections 91.8104; 91.8104.4; 91.8104.5.1 L.A.M.C.; 17920.3(a)13 H.&S.C.

8414 N LANGDON AVE 34
KITCHEN, Note: Peeling paint at ceiling and sill. Repair in approved manner.

EXHIBIT 1 - PAGE 000054

| | |
|---|---|
| Inspector Name | James McDevitt |
| Office Location | 6640 Van Nuys Blvd |
| | 1st Floor |
| | Van Nuys, CA 91405 |
| Survey Date | 12/8/2010 |

**WHERE INDICATED ABOVE, PLANS AND/OR A BUILDING PERMIT FROM THE DEPARTMENT OF BUILDING AND SAFETY IS REQUIRED TO BE OBTAINED BEFORE REPAIR OR DEMOLITION WORK IS STARTED.**

For consultation regarding this notice, or for information regarding obtaining Permits, the inspector whose name appears on this Notice may be contacted by telephone between the hours of 7:30 and 9:00 a.m., Monday through Friday.

YOU MAY BE SCHEDULED FOR A GENERAL MANAGER'S HEARING, AND A LIEN MAY BE RECORDED AGAINST YOUR PROPERTY FOR ALL ADMINISTRATIVE AND INSPECTION COSTS ASSOCIATED WITH YOUR FAILURE TO COMPLY WITH THIS ORDER.

## FAILURE TO COMPLY WARNING

You may be scheduled for a General Manager's hearing, and a lien may be recorded on this property for all administrative and inspection costs associated with your failure to comply with this notice and order. This matter may be referred to the City Attorney for further enforcement. Any person who violates or causes or permits another person to violate any provision of the Los Angeles Municipal Code is guilty of a misdemeanor, which is punishable by a fine of not more than $1,000.00 and/or six months imprisonment per LAMC Section 11.00 (m) .

## LEAD HAZARD WARNING

Due to the possible presence of lead-based paint, lead safe work practices are required on all repairs in pre-1979 buildings that disturb paint. Failure to do so could create lead hazards that violate California Health and Safety Code Section 17920.10 and 105256 and may be subject to a $1,000.00 fine or criminal prosecution. For more information call the L.A. Housing Department at (866) 557-7368. In order to locate a Lead Certified Professional and obtain additional information, call the L.A. Housing Department at (866) 557-7368 or go to the California Department of Health Services Website at: http://www.dhs.ca.gov/childlead/html/GENclist.html.

## TAX WARNING

The Housing Department has determined this building to be substandard per Section and 24436.5 of the State Revenue and Taxation Code. This section provides in part that a taxpayer who derives rental income from housing determined by the local regulatory agency to be substandard by reason of violation of state and local codes dealing with health, safety, or building, cannot deduct from state personal income tax and corporate income tax, deductions for interest, depreciation, or taxes attributable to such substandard structure where the substandard conditions are not corrected within six (6) months after notice of violation by the regulatory agency. Please note that the Compliance Date of this order marks the beginning of the six (6) month period. The department is required by law to notify the State Franchise Tax Board of failure to comply with these codes.

## SUBSTANDARD NOTIFICATION

When a building is determined to be a substandard building as defined under Section 17920.3 of the Health and Safety Code, a Notice of Non Compliance is recorded at the Los Angeles County Recorders Office (Health and Safety Code section 17985).

## RENT ESCROW ACCOUNT PROGRAM (REAP) NOTICE

Failure to correct the conditions that constitute the violations specified by this notice may subject this property and units to inclusion in the City of Los Angeles Rent Escrow Account Program (REAP). Inclusion in REAP entails a rent reduction based on the level of severity of the uncorrected conditions, and allows the tenant to pay the reduced rent to the City instead of the landlord. (Sections 162.00, et. seq. LAMC)

## INSPECTION AND PENALTY FEES

If the conditions found during a Systematic Code Enforcement Program(SCEP) Inspection remain uncorrected after the first reinspection, Los Angeles Municipal Code Section 161.901.1 & 2 require that the Departments cost of all subsequent re-inspections be billed to the property owner. All Complaint-based inspections where a Notice to Comply is issued will be billed to the property owner. A late charge penalty equal to two times the fee or cost and a collection fee equal to 50 percent of the original fee or cost shall be imposed if any fees or costs imposed by this division are not paid within 30 days of service of the notice of the imposition of the fee or costs or, if timely appealed, of any decision on the appeal. Any person who fails to pay the assessment fee or cost, penalty, or collection fee shall also pay interest at the rate of one percent per month, or fraction thereof, on the amount of the fee or cost, penalty and collection fee imposed, from the 60th day following the date the billing notice was mailed. (Sections 161.901, et seq. )

## CITATIONS

A citation requiring a personal appearance in court may be issued if compliance is not obtained by the compliance date. Violation of the Los Angeles Municipal Code may be a misdemeanor or infraction and is punishable by a fine of not more than $1,000.00 and/or six (6) months imprisonment. (Sections 161.410 and 11.00(m) LAMC.)

EXHIBIT 1 - PAGE 000056

## APPEALS

As of May 1, 2008 an Appeal Processing Fee of $128.00 shall be paid to the Department prior to processing the Appeal and obtaining a determination from a Senior Inspector. Section 161.902 of the Los Angeles Municipal Code.

Any person or entity subject to a notice or order or an inspection fee without hearing, pursuant to Section 161.901, et. seq. may request to appeal the notice, order, or fee, or may request an extension of time from, a Senior Inspector. The request to appeal shall be made in writing, upon appropriate forms provided by the department, and shall specify the grounds for appeal. The appeal shall be filed within ten days of the issuance of the notice or order, or within 10 days of the imposition of the fee. (Section 161.00 161.1001.1 LAMC.)

## PROPERTY MANAGEMENT TRAINING PROGRAM (PMTP)

When a property owner has failed to comply with a notice or order within 45 days or less of the specified compliance date, the owner is required to pay a $225.00 registration fee and attend PMTP training sessions. The registration fee must be paid directly to the approved training agency. Failure to comply may result in the imposition of a criminal infraction, punishable by a fine of $250.00. (Section 154.02, et seq. LAMC.)

## RETALIATION

No lessor may retaliate against a lessee because of his complaint to an appropriate agency as to the tenantability of a dwelling pursuant to Section 1942.5 of the Civil Code.

## HISTORICAL PRESERVATION

Your property might be located within a Historical Preservation Overlay Zone, or may otherwise be determined historically significant. The scope of work required to correct conditions that constitute violations specified in this notice may require advanced approval from the appropriate regulatory agency.

## RELOCATION INFORMATION

Any tenant who is displaced or subject to displacement from a residential rental unit as a result of a Notice to Vacate or any order requiring the vacation of the unit by the Enforcement Agency, shall be entitled to relocation benefits payable by the landlord to the tenant in each unit in the amounts prescribed in Section 163.05 L.A.M.C. Furthermore if the landlord fails, neglects, or refuses to pay relocation payments, the City may advance relocation payments to the affected tenant(s). Recovery of the relocation payments plus a penalty of 50% will be assessed against the property in the form of a lien as per H&S Code Section 50657(b).

## COMPLIANCE

A property owner has complied with this Notice/Order to Comply when an Inspector from the Los Angeles Housing Department had verified the abatement of the cited violations in conformity with the requirements of the Los Angeles Municipal Code. Section 161.355, 161.403, & 91.108.6 L.A.M.C.

EXHIBIT 1 - PAGE 000057



**LAHD**

# ATTENTION!                    # ¡ATENCION!

This building was built before 1979 and may contain **Lead-Based Paint.** Lead based paint can be dangerous to your health, especially dangerous to children and pregnant women.

1. If lead-based paint is deteriorated or disturbed it can create lead dust. LEAD DUST IS DANGEROUS AND IS THE NUMBER ONE WAY THAT CHILDREN ARE POISONED BY LEAD.

2. Lead dust is created by renovations or repairs where workers dry scrape or sand lead-based paint and is **PROHIBITED BY LAW.**

3. All workers disturbing lead-based paint MUST use Lead Safe Work Practices. **IT IS THE LAW**

4. If you see unsafe work practices such as dry scraping without plastic sheets protecting the floor or ground you should immediately call 1(866) 557-7368

All reports are confidential and it is illegal to retaliate against tenants for reporting unsafe work practices!

Este edificio fué construido antes de 1979 y puede contener **Pintura a Base de Plomo.** La Pintura a base de plomo puede ser peligrosa para la salud, especialmente para los niños y mujeres embarazadas.

1. Si la pintura a base de plomo está en malas condiciones o se daña puede crear polvo con plomo. EL POLVO CON PLOMO ES PELIGROSO Y ES LA CAUSA PRINCIPAL EN QUE LOS NIÑOS SE ENVENENAN.

2. El polvo con plomo es el resultado de las renovaciones o reparaciones donde los trabajadores raspan o lijan la pintura a base de plomo y es **PROHIBIDO POR LA LEY.**

3. Todos los trabajadores que dañan la pintura a base de plomo están OBLIGADOS a usar Técnicas de Trabajo Seguras del Plomo. **ES LA LEY**

4. Si ven que los trabajadores están usando técnicas peligrosas como raspando la pintura sin poner plástico para proteger el piso o el suelo debe llamar inmediatamente al 1(866) 557-7368

¡El inquilino puede reportar los trabajos que se hagan de manera insegura, todos los reportes son confidenciales y es ilegal tomar represalias contra ellos/ellas!

**It is a misdemeanor to remove, deface, cover or hide this notice.**
**Es contra la ley remover, dañar, o esconder este aviso.**

EXHIBIT 1 - PAGE 000058

# Los Angeles Housing Department

Inspection Report

Reinspection Date: 1/19/2011 10:30:00 AM
APN: 2654027025    Address: 8414 N LANGDON AVE
Inspector Name: James McDevitt

| Address | Room | Description | Permit | Notes |
|---|---|---|---|---|
| 8414 N LANGDON AVE 34 | KITCHEN | INTER-WALLS/CEILING | | Peeling paint at ceiling and sill. Repair in approved manner. |

EXHIBIT 1 - PAGE 000059





6640 Van Nuys Blvd
Van Nuys, CA 91405
(818) 756-1473

November 22, 2010

Case Number: 313469

APN: 2654027025

Property Owner:   GROUP V SAN BERNARDINO LP
Mailing Address:   4900 SANTA ANITA AVE ## 2C
                   EL MONTE , CA 91731

In Addition Notify:
Mailing Address:

## NOTICE AND ORDER TO COMPLY
### Sections 161.702 and 161.354, Los Angeles Municipal Code
### Sections 17980 and 17980.6, California Health and Safety Code

Our records indicate you are the owner of the property located at **8414 N LANGDON AVE** . An inspection of the premises has revealed conditions that affect the health and safety of the occupants and cause the building to be determined to be in violation of the City of Los Angeles Municipal Code. These conditions, their location on the premises, and the specific violation(s) of the Los Angeles Municipal Code (LAMC) and or California Health and Safety Code are described on the attached pages.

You, as the property owner, or responsible party, are ordered to eliminate all of the described conditions and diligently pursue the work necessary to eliminate any violations of the LAMC and Health and Safety Code on or before **1/5/2011**.

Some of the work required to repair the building may require that you obtain a permit and request related inspections from the Department of Building and Safety. We strongly urge you to seek the services of qualified installers, properly licensed by the State Contractors License Board.

A re-inspection of the premises will be conducted on **1/6/2011** between **12:45 PM** and **2:45 PM**. You or your representative must be present to escort the Housing Inspector. Any and all units are subject to re-inspection and require the same uniform compliance throughout the premises. You must provide notice to all affected tenants not less than 24 hours prior to the scheduled inspection. The entire premises must be in full compliance with the Los Angeles Municipal Code. Any questions you have may be directed to the office identified at the top of this notice. *Si tiene preguntas, favor de llamar al número que se encuentra al principio de esta notificación.*

Issuing Inspector: Hugo Garrido-Garza

Proof of Mailing – On 11/22/2010 the
undersigned mailed this notice by regular mail,
postage prepaid, to the person(s) listed on the
last equalized assessment roll.

Form/NOC/06/05

APN: 2654027025

EXHIBIT 1 - PAGE 000060

## FIRE SAFETY

Failure to provide and maintain the required permanently wired, with battery back-up, smoke detectors at all sleeping rooms, and areas adjacent to sleeping rooms. Sections 91.310.9.1.1; 91.310.9.1.4; 91.310.9.1.5; 91.8603.1.1; 91.8603.1.2 L.A.M.C.; 17920.3(m) H.&S.C.)

8414 N LANGDON AVE 1
LIVING ROOM, Permit Required,

8414 N LANGDON AVE 12
HALL

8414 N LANGDON AVE 13
DINING ROOM, Permit Required,

8414 N LANGDON AVE 46
DINING ROOM

## SANITATION

Failure to maintain the building, structure, premises or portion thereof in conformity with the code regulations and department approvals in effect at the time of construction. Section 91.8104 L.A.M.C.

8414 N LANGDON AVE 2
BALCONY/DECK

8414 N LANGDON AVE 7
BALCONY/DECK

8414 N LANGDON AVE 13
BALCONY/DECK

8414 N LANGDON AVE 24
BALCONY/DECK, Note:  Remove all open storage from balcony/deck

Failure to maintain dwelling unit in a safe and sanitary condition. Sections 91.8102.2; 91.8104.2 L.A.M.C.; 17920.3(j) H.&S.C.

8414 N LANGDON AVE 48
ENTIRE UNIT, Note: RICHARD CHAYENE WIGGINS

Failure to maintain the premises free from vermin and/or rodent infestations. Sections 91.8902.1.12; 91.8104 L.A.M.C.; 17920.3(j) H.&S.C.

8414 N LANGDON AVE 1
ENTIRE UNIT

8414 N LANGDON AVE 7
ENTIRE UNIT

8414 N LANGDON AVE 14
ENTIRE UNIT

8414 N LANGDON AVE 15
ENTIRE UNIT

EXHIBIT 1 - PAGE 000061

8414 N LANGDON AVE 18
ENTIRE UNIT

8414 N LANGDON AVE 19
ENTIRE UNIT

8414 N LANGDON AVE 23
ENTIRE UNIT

8414 N LANGDON AVE 33
ENTIRE UNIT

8414 N LANGDON AVE 42
ENTIRE UNIT

8414 N LANGDON AVE 43
ENTIRE UNIT

8414 N LANGDON AVE 48
ENTIRE UNIT

8414 N LANGDON AVE 53
ENTIRE UNIT

Failure to maintain the required window and/or door insect screens. Sections. 91.8104.5 L.A.M.C.; 17920.3(c) H.&S.C.

8414 N LANGDON AVE 27
BALCONY/DECK

8414 N LANGDON AVE 34
HALL BATH

8414 N LANGDON AVE 35
BALCONY/DECK

8414 N LANGDON AVE 52
BALCONY/DECK

## WEATHER PROTECTION

Failure to maintain the roof covering in weatherproof condition and free from deterioration and defect. Sections 91.8104.3 L.A.M.C.; 17920.3(g)2 H.&S.C.

8414 N LANGDON AVE 38
KITCHEN

## MAINTENANCE

Failure to maintain windows, doors, cabinets, and frames operable, clean and sanitary and in good repair. Sections 91.8104.5 L.A.M.C.; 17920.3.a.13 H.&S.C.

8414 N LANGDON AVE 54
HALL BATH

8414 N LANGDON AVE 54

EXHIBIT 1 - PAGE 000062

ENTIRE UNIT

Failure to maintain safe and sanitary floor covering. Sections 91.8104.6 L.A.M.C.; 17920.3(a)13 H.&S.C.

8414 N LANGDON AVE 30
ENTIRE UNIT

Failure to maintain plaster/drywall walls/ceilings in a smooth and sanitary condition. Sections 91.8104; 91.8104.4; 91.8104.5.1 L.A.M.C.; 17920.3(a)13 H.&S.C.

8414 N LANGDON AVE 32
LIVING ROOM

8414 N LANGDON AVE 38
BEDROOM1

PLUMBING

Failure to maintain the plumbing system free from defective, damaged/leaking faucets or plumbing fixtures. Sections 91.8104.7; 94.0101.5.5; L.A.M.C.; 17920.3.c; 17920.3.e H.&S.C.

8414 N LANGDON AVE 38
HALL BATH

8414 N LANGDON AVE 54
KITCHEN

Failure to provide and maintain a positive seal (caulk or grout) between plumbing fixtures at contact point with walls and/or floors. Sections 91.8104.7; 94.0408.2 L.A.M.C.; 17920.3(c) H.&S.C.

8414 N LANGDON AVE 16
HALL BATH

HEATING AND VENTILATION

Failure to maintain the required mechanical or natural bathroom ventilation. Sections 91.1201; 91.1203.3; 91.3402; 91.8104 L.A.M.C.; 17920.3(c)7 H.&S.C.

8414 N LANGDON AVE 12
HALL BATH

8414 N LANGDON AVE 40
HALL BATH

ACCESS FOR NEW UNIT INSPECTION

Make arrangements to provide access for inspection of all units that were not inspected on the initial inspection. Section 161.601 L.A.M.C.

8414 N LANGDON AVE 3
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 6
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

EXHIBIT 1 - PAGE 000063

8414 N LANGDON AVE 16
ENTIRE UNIT, Note:  This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 21
ENTIRE UNIT, Note:  This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 22
ENTIRE UNIT, Note:  This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 26
ENTIRE UNIT, Note:  This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 31
ENTIRE UNIT, Note:  This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 36
ENTIRE UNIT, Note:  This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 37
ENTIRE UNIT, Note:  This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 41
ENTIRE UNIT, Note:  This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 47
ENTIRE UNIT

8414 N LANGDON AVE 48
ENTIRE UNIT, Note:  This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 51
ENTIRE UNIT, Note:  This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 55
ENTIRE UNIT, Note:  This unit was not inspected. Provide access on re-inspection date

## FIRE SAFETY

Failure to maintain the building, structure, premises or portion thereof in conformity with the code regulations and department approvals in effect at the time of construction. Section 91.8104 L.A.M.C.
MECHANICAL, Note: Mechanical/elec/accessory rooms:Patch openings in an approved manner
        8414 N LANGDON AVE

## SANITATION

Failure to maintain the building, structure, premises or portion thereof in conformity with the code regulations and department approvals in effect at the time of construction. Section 91.8104 L.A.M.C.
COMMON, Note:  Remove all open storage, trash, debris,
        8414 N LANGDON AVE
EXTERIOR, Note:  Remove all open storage from balcony/decks & exterior surfaces
        8414 N LANGDON AVE

Failure to maintain the required window and/or door insect screens. Sections. 91.8104.5 L.A.M.C.; 17920.3(c) H.&S.C.
EXTERIOR, Note: Provide approved fly screens over all openable windows & sliding doors
        8414 N LANGDON AVE

EXHIBIT 1 - PAGE 000064

LAUNDRY, Note: Provide approved fly screens over all openable window
8414 N LANGDON AVE

## WEATHER PROTECTION

Failure to paint all exposed building surfaces to maintain exterior weatherproofing. Section 91.8104.1 L.A.M.C. Attention: Buildings constructed prior to 1978 may contain lead-based paint. For more information with regard to your lead hazards responsibilities call the Los Angeles County Health Department at (800) 524-5323.
EXTERIOR, Note: FASCIA BOARDS/WOOD TRIM/GUARD RAILS/ALL OTHER EXT. SURFACES
8414 N LANGDON AVE
GARAGE, Note:  Paint all exposed surfaces to maintain exterior weatherproofing.
8414 N LANGDON AVE

## MAINTENANCE

Failure to maintain the decking, walkway, or stairway surfaces, and their physical elements in conformity with the code regulations and department approvals in effect at the time of construction. Sections 91.8104.1 L.A.M.C.; 17920.3.c H.&S.C.
EXTERIOR, Note:  Repair damaged/peeling deck surfaces in an approved manner.
8414 N LANGDON AVE

Failure to properly maintain portions of the building that are dilapidated due to dry rot or insect infestation. Sections 91.8104.1 L.A.M.C.; 17920.3(a)13 H.&S.C.
EXTERIOR, Note: Remove/replace defective/damaged/deteriorated. WOOD MEMBERS
8414 N LANGDON AVE

Failure to maintain windows, doors, cabinets, and frames operable, clean and sanitary and in good repair. Sections 91.8104.5 L.A.M.C.; 17920.3.a.13 H.&S.C.
LAUNDRY, Note: LAUNDRY ROOM: REPAIR/REPLACE DEFECTIVE/DAMAGED LAUNDRY DOOR
8414 N LANGDON AVE
MECHANICAL, Note: Repair/replace defective/doors doors @ mechanical/electrical rooms
8414 N LANGDON AVE

Failure to maintain safe and sanitary floor covering. Sections 91.8104.6 L.A.M.C.; 17920.3(a)13 H.&S.C.
LAUNDRY, Note:  Repair/replace any/all damaged flooring in approved manner.
8414 N LANGDON AVE

Failure to maintain plaster/drywall walls/ceilings in a smooth and sanitary condition. Sections 91.8104; 91.8104.4; 91.8104.5.1 L.A.M.C.; 17920.3(a)13 H.&S.C.
LAUNDRY, Note:
8414 N LANGDON AVE

## ELECTRICAL

Maintaining electrical wiring without obtaining an electrical permit and the required inspection approvals from the Department of Building and Safety for all new wiring. Sections 93.0104; 93.0201; 93.0304; 93.0314 L.A.M.C.; 17920.3(d) H.&S.C.
EXTERIOR, Note:  Eliminate the exposed wiring (Splicing outside box)
8414 N LANGDON AVE

EXHIBIT 1 - PAGE 000065

Inspector Name   Hugo Garrido-Garza
Office Location   6640 Van Nuys Blvd
                  1st Floor
                  Van Nuys, CA 91405
Survey Date      10/4/2010

WHERE INDICATED ABOVE, PLANS AND/OR A BUILDING PERMIT FROM THE DEPARTMENT OF BUILDING AND SAFETY IS
REQUIRED TO BE OBTAINED BEFORE REPAIR OR DEMOLITION WORK IS STARTED.

For consultation regarding this notice, or for information regarding obtaining Permits, the Inspector whose name appears on
this Notice may be contacted by telephone between the hours of 7:30 and 9:00 a.m., Monday through Friday.

YOU MAY BE SCHEDULED FOR A GENERAL MANAGER'S HEARING, AND A LIEN MAY BE RECORDED AGAINST YOUR
PROPERTY FOR ALL ADMINISTRATIVE AND INSPECTION COSTS ASSOCIATED WITH YOUR FAILURE TO COMPLY WITH THIS
ORDER.

Form Revision Date: 6/26/03        AN EQUAL EMPLOYMENT OPPORTUNITY - AFFIRMATIVE ACTION EMPLOYER        APN: 2654027025

EXHIBIT 1 - PAGE 000066

## FAILURE TO COMPLY WARNING

You may be scheduled for a General Manager's hearing, and a lien may be recorded on this property for all administrative and inspection costs associated with your failure to comply with this notice and order. This matter may be referred to the City Attorney for further enforcement. Any person who violates or causes or permits another person to violate any provision of the Los Angeles Municipal Code is guilty of a misdemeanor, which is punishable by a fine of not more than $1,000.00 and/or six months imprisonment per LAMC Section 11.00 (m) .

## LEAD HAZARD WARNING

Due to the possible presence of lead-based paint, lead safe work practices are required on all repairs in pre-1979 buildings that disturb paint. Failure to do so could create lead hazards that violate California Health and Safety Code Section 17920.10 and 105256 and may be subject to a $1,000.00 fine or criminal prosecution. For more information call the L.A. Housing Department at (866) 557-7368. In order to locate a Lead Certified Professional and obtain additional information, call the L.A. Housing Department at (866) 557-7368 or go to the California Department of Health Services Website at: http://www.dhs.ca.gov/childlead/html/GENclist.html.

## TAX WARNING

The Housing Department has determined this building to be substandard per Section and 24436.5 of the State Revenue and Taxation Code. This section provides in part that a taxpayer who derives rental income from housing determined by the local regulatory agency to be substandard by reason of violation of state and local codes dealing with health, safety, or building, cannot deduct from state personal income tax and corporate income tax, deductions for interest, depreciation, or taxes attributable to such substandard structure where the substandard conditions are not corrected within six (6) months after notice of violation by the regulatory agency. Please note that the Compliance Date of this order marks the beginning of the six (6) month period. The department is required by law to notify the State Franchise Tax Board of failure to comply with these codes.

## SUBSTANDARD NOTIFICATION

When a building is determined to be a substandard building as defined under Section 17920.3 of the Health and Safety Code, a Notice of Non Compliance is recorded at the Los Angeles County Recorders Office (Health and Safety Code section 17985).

## RENT ESCROW ACCOUNT PROGRAM (REAP) NOTICE

Failure to correct the conditions that constitute the violations specified by this notice may subject this property and units to inclusion in the City of Los Angeles Rent Escrow Account Program (REAP). Inclusion in REAP entails a rent reduction based on the level of severity of the uncorrected conditions, and allows the tenant to pay the reduced rent to the City instead of the landlord. (Sections 162.00, et. seq. LAMC)

## INSPECTION AND PENALTY FEES

If the conditions found during a Systematic Code Enforcement Program(SCEP) inspection remain uncorrected after the first reinspection, Los Angeles Municipal Code Section 161.901.1 & 2 require that the Departments cost of all subsequent re-inspections be billed to the property owner. All Complaint-based inspections where a Notice to Comply is issued will be billed to the property owner. A late charge penalty equal to two times the fee or cost and a collection fee equal to 50 percent of the original fee or cost shall be imposed if any fees or costs imposed by this division are not paid within 30 days of service of the notice of the imposition of the fee or costs or, if timely appealed, of any decision on the appeal. Any person who fails to pay the assessment fee or cost, penalty, or collection fee shall also pay interest at the rate of one percent per month, or fraction thereof, on the amount of the fee or cost, penalty and collection fee imposed, from the 60th day following the date the billing notice was mailed. (Sections 161.901, et seq. )

## CITATIONS

A citation requiring a personal appearance in court may be issued if compliance is not obtained by the compliance date. Violation of the Los Angeles Municipal Code may be a misdemeanor or infraction and is punishable by a fine of not more than $1,000.00 and/or six (6) months imprisonment. (Sections 161.410 and 11.00(m) LAMC.)

EXHIBIT 1 - PAGE 000067

## APPEALS

As of May 1, 2008 an Appeal Processing Fee of $128.00 shall be paid to the Department prior to processing the Appeal and obtaining a determination from a Senior Inspector. Section 161.902 of the Los Angeles Municipal Code.

Any person or entity subject to a notice or order or an Inspection fee without hearing, pursuant to Section 161.901, et. seq. may request to appeal the notice, order, or fee, or may request an extension of time from, a Senior Inspector. The request to appeal shall be made in writing, upon appropriate forms provided by the department, and shall specify the grounds for appeal. The appeal shall be filed within ten days of the issuance of the notice or order, or within 10 days of the imposition of the fee. (Section 161.00 161.1001.1 LAMC.)

## PROPERTY MANAGEMENT TRAINING PROGRAM (PMTP)

When a property owner has failed to comply with a notice or order within 45 days or less of the specified compliance date, the owner is required to pay a $225.00 registration fee and attend PMTP training sessions. The registration fee must be paid directly to the approved training agency. Failure to comply may result in the imposition of a criminal infraction, punishable by a fine of $250.00. (Section 154.02, et seq. LAMC.)

## RETALIATION

No lessor may retaliate against a lessee because of his complaint to an appropriate agency as to the tenantability of a dwelling pursuant to Section 1942.5 of the Civil Code.

## HISTORICAL PRESERVATION

Your property might be located within a Historical Preservation Overlay Zone, or may otherwise be determined historically significant. The scope of work required to correct conditions that constitute violations specified in this notice may require advanced approval from the appropriate regulatory agency.

## RELOCATION INFORMATION

Any tenant who is displaced or subject to displacement from a residential rental unit as a result of a Notice to Vacate or any order requiring the vacation of the unit by the Enforcement Agency, shall be entitled to relocation benefits payable by the landlord to the tenant in each unit in the amounts prescribed in Section 163.05 L.A.M.C. Furthermore if the landlord fails, neglects, or refuses to pay relocation payments, the City may advance relocation payments to the affected tenant(s). Recovery of the relocation payments plus a penalty of 50% will be assessed against the property in the form of a lien as per H&S Code Section 50657(b).

## COMPLIANCE

A property owner has complied with this Notice/Order to Comply when an Inspector from the Los Angeles Housing Department had verified the abatement of the cited violations in conformity with the requirements of the Los Angeles Municipal Code. Section 161.355, 161.403, & 91.108.6 L.A.M.C.

EXHIBIT 1 - PAGE 000068



# LAHD

# ATTENTION!     ¡ATENCION!

This building was built before 1979 and may contain Lead-Based Paint. Lead based paint can be dangerous to your health, especially dangerous to children and pregnant women.

1. If lead-based paint is deteriorated or disturbed it can create lead dust. LEAD DUST IS DANGEROUS AND IS THE NUMBER ONE WAY THAT CHILDREN ARE POISONED BY LEAD.

2. Lead dust is created by renovations or repairs where workers dry scrape or sand lead-based paint and is PROHIBITED BY LAW.

3. All workers disturbing lead-based paint MUST use Lead Safe Work Practices. IT IS THE LAW

4. If you see unsafe work practices such as dry scraping without plastic sheets protecting the floor or ground you should immediately call 1(866) 557-7368

All reports are confidential and it is illegal to retaliate against tenants for reporting unsafe work practices!

Este edificio fué construido antes de 1979 y puede contener Pintura a Base de Plomo. La Pintura a base de plomo puede ser peligrosa para la salud, especialmente para los niños y mujeres embarazadas.

1. Si la pintura a base de plomo está en malas condiciones o se daña puede crear polvo con plomo. EL POLVO CON PLOMO ES PELIGROSO Y ES LA CAUSA PRINCIPAL EN QUE LOS NIÑOS SE ENVENENAN.

2. El polvo con plomo es el resultado de las renovaciones o reparaciones donde los trabajadores raspan o lijan la pintura a base de plomo y es PROHIBIDO POR LA LEY.

3. Todos los trabajadores que dañan la pintura a base de plomo están OBLIGADOS a usar Técnicas de Trabajo Seguras del Plomo. ES LA LEY

4. Si ven que los trabajadores están usando técnicas peligrosas como raspando la pintura sin poner plástico para proteger el piso o el suelo debe llamar inmediatamente al 1(866) 557-7368

¡El inquilino puede reportar los trabajos que se hagan de manera insegura, todos los reportes son confidenciales y es ilegal tomar represalias contra ellos/ellas!

**It is a misdemeanor to remove, deface, cover or hide this notice.**
**Es contra la ley remover, dañar, o esconder este aviso.**

EXHIBIT 1 - PAGE 000069

# Los Angeles Housing Department

Inspection Report

Reinspection Date: 1/6/2011 12:45:00 PM
APN: 2654027025   Address: 8414 N LANGDON AVE
Inspector Name: Hugo Garrido-Garza

| Address | Room | Description | Permit | Notes |
|---|---|---|---|---|
| 8414 N LANGDON AVE | COMMON | GENERAL SANITATION | | Remove all open storage, trash, debris. |
| | EXTERIOR | EXPOSED WIRING | | Eliminate the exposed wiring (Splicing outside box) |
| | EXTERIOR | DRY-ROT/TERMITES | | Remove/replace defective/damaged/deteriorated. WOOD MEMBERS |
| | EXTERIOR | STAIR/WALK/DECK | | Repair damaged/peeling deck surfaces in an approved manner. |
| | EXTERIOR | GENERAL SANITATION | | Remove all open storage from balcony/decks & exterior surfaces |
| | EXTERIOR | INSECT SCREENS | | Provide approved fly screens over all openable windows & sliding doors |
| | EXTERIOR | EXTERIOR PAINT | | FASCIA BOARDS/WOOD TRIM/GUARD RAILS/ALL OTHER EXT. SURFACES |
| | GARAGE | EXTERIOR PAINT | | Paint all exposed surfaces to maintain exterior weatherproofing. |
| | LAUNDRY | FLOOR COVERING | | Repair/replace any/all damaged flooring in approved manner. |
| | LAUNDRY | INTER-WALLS/CEILING | | |
| | LAUNDRY | WINDOW/DOOR MAINT | | LAUNDRY ROOM: REPAIR/REPLACE DEFECTIVE/DAMAGED LAUNDRY DOOR |
| | LAUNDRY | INSECT SCREENS | | Provide approved fly screens over all openable window |
| | MECHANICAL | GENERAL FIRE SAFETY | | Mechanical/elec/accessory rooms:Patch openings in an approved manner |
| | MECHANICAL | WINDOW/DOOR MAINT | | Repair/replace defective/doors doors @ mechanical/electrical rooms |
| 8414 N LANGDON AVE 1 | ENTIRE UNIT | INFESTATION | | |
| | LIVING ROOM | SMOKE DETECTORS | required: | |
| 8414 N LANGDON AVE 12 | HALL | SMOKE DETECTORS | | |
| | HALL BATH | VENTILATION-BATHS | | |
| 8414 N LANGDON AVE 13 | BALCONY/DECK | GENERAL SANITATION | | |
| | DINING ROOM | SMOKE DETECTORS | required: | |
| 8414 N LANGDON AVE 14 | ENTIRE UNIT | INFESTATION | | |
| 8414 N LANGDON AVE 15 | ENTIRE UNIT | INFESTATION | | |
| 8414 N LANGDON AVE 16 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| | HALL BATH | CAULKING | | |
| 8414 N LANGDON AVE 18 | ENTIRE UNIT | INFESTATION | | |
| 8414 N LANGDON AVE 19 | ENTIRE UNIT | INFESTATION | | |
| 8414 N LANGDON AVE 2 | BALCONY/DECK | GENERAL SANITATION | | |
| 8414 N LANGDON AVE 21 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| 8414 N LANGDON AVE 22 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| 8414 N LANGDON AVE 23 | ENTIRE UNIT | INFESTATION | | |
| 8414 N LANGDON AVE 24 | BALCONY/DECK | GENERAL SANITATION | | Remove all open storage from balcony/deck |
| 8414 N LANGDON AVE 26 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| 8414 N LANGDON AVE 27 | BALCONY/DECK | INSECT SCREENS | | |
| 8414 N LANGDON AVE 3 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| 8414 N LANGDON AVE 30 | ENTIRE UNIT | FLOOR COVERING | | |

EXHIBIT 1 - PAGE 000070

| | | | |
|---|---|---|---|
| 84 14 N LANGDON AVE 31 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 32 | LIVING ROOM | INTER-WALLS/CEILING | |
| 84 14 N LANGDON AVE 33 | ENTIRE UNIT | INFESTATION | |
| 84 14 N LANGDON AVE 34 | HALL BATH | INSECT SCREENS | |
| 84 14 N LANGDON AVE 35 | BALCONY/DECK | INSECT SCREENS | |
| 84 14 N LANGDON AVE 36 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 37 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 38 | BEDROOM1 | INTER-WALLS/CEILING | |
| | HALL BATH | FIXTURE DEF/LEAK | |
| | KITCHEN | ROOF WEATHERPROOFING | |
| 84 14 N LANGDON AVE 40 | HALL BATH | VENTILATION-BATHS | |
| 84 14 N LANGDON AVE 41 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 42 | ENTIRE UNIT | INFESTATION | |
| 84 14 N LANGDON AVE 43 | ENTIRE UNIT | INFESTATION | |
| 84 14 N LANGDON AVE 46 | DINING ROOM | SMOKE DETECTORS | |
| 84 14 N LANGDON AVE 47 | ENTIRE UNIT | UNIT ACCESS | |
| 84 14 N LANGDON AVE 48 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| | ENTIRE UNIT | INFESTATION | |
| | ENTIRE UNIT | TENANT SANITATION | RICHARD CHAYENE WIGGINS |
| 84 14 N LANGDON AVE 51 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 52 | BALCONY/DECK | INSECT SCREENS | |
| 84 14 N LANGDON AVE 53 | ENTIRE UNIT | INFESTATION | |
| 84 14 N LANGDON AVE 54 | ENTIRE UNIT | WINDOW/DOOR MAINT | |
| | HALL BATH | WINDOW/DOOR MAINT | |
| | KITCHEN | FIXTURE DEF/LEAK | |
| 84 14 N LANGDON AVE 55 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 6 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 7 | BALCONY/DECK | GENERAL SANITATION | |
| | ENTIRE UNIT | INFESTATION | |

EXHIBIT 1 - PAGE 000071





6640 Van Nuys Blvd
Van Nuys, CA 91405
(818) 756-1473

October 05, 2010
Case Number: 313469
APN: 2654027025

Property Owner:   GROUP V SAN BERNARDINO LP
Mailing Address:  4900 SANTA ANITA AVE ## 2C
                  EL MONTE , CA 91731

In Addition Notify:
Mailing Address:

## NOTICE AND ORDER TO COMPLY
### Sections 161.702 and 161.354, Los Angeles Municipal Code
### Sections 17980 and 17980.6, California Health and Safety Code

Our records indicate you are the owner of the property located at 8414 N LANGDON AVE . An inspection of the premises has revealed conditions that affect the health and safety of the occupants and cause the building to be determined to be in violation of the City of Los Angeles Municipal Code. These conditions, their location on the premises, and the specific violation(s) of the Los Angeles Municipal Code (LAMC) and or California Health and Safety Code are described on the attached pages.

You, as the property owner, or responsible party, are ordered to eliminate all of the described conditions and diligently pursue the work necessary to eliminate any violations of the LAMC and Health and Safety Code on or before 11/18/2010.

Some of the work required to repair the building may require that you obtain a permit and request related inspections from the Department of Building and Safety. We strongly urge you to seek the services of qualified installers, properly licensed by the State Contractors License Board.

A re-inspection of the premises will be conducted on 11/19/2010 between 11:15 AM and 1:15 PM. You or your representative must be present to escort the Housing Inspector. Any and all units are subject to re-inspection and require the same uniform compliance throughout the premises. You must provide notice to all affected tenants not less than 24 hours prior to the scheduled inspection. The entire premises must be in full compliance with the Los Angeles Municipal Code. Any questions you have may be directed to the office identified at the top of this notice. *Si tiene preguntas, favor de llamar al número que se encuentra al principio de esta notificación.*

Issuing Inspector: Hugo Garrido-Garza

Proof of Mailing – On 10/5/2010 the undersigned
mailed this notice by regular mail, postage
prepaid, to the person(s) listed on the last
equalized assessment roll.

Form/NOC/06/05

APN: 2654027025

EXHIBIT 1 - PAGE 000072

## ACCESS FOR NEW UNIT INSPECTION

Make arrangements to provide access for inspection of all units that were not inspected on the initial inspection. Section 161.601L.A.M.C.

8414 N LANGDON AVE 1
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 2
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 3
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 4
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 5
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 6
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 7
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 8
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 9
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 10
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 11
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 12
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 13
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 14
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 15
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 16
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 17
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

EXHIBIT 1 - PAGE 000073

8414 N LANGDON AVE 18
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 19
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 20
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 21
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 22
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 23
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 24
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 25
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 26
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 27
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 28
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 29
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 30
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 31
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 32
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 33
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 34
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 35
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 36
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

EXHIBIT 1 - PAGE 000074

8414 N LANGDON AVE 37
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 38
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 39
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 40
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 41
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 42
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 43
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 44
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 45
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 46
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 47
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 48
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 49
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 50
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 51
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 52
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 53
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 54
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

8414 N LANGDON AVE 55
ENTIRE UNIT, Note: This unit was not inspected. Provide access on re-inspection date

EXHIBIT 1 - PAGE 000075

## FIRE SAFETY

Failure to maintain the building, structure, premises or portion thereof in conformity with the code regulations and department approvals in effect at the time of construction. Section 91.8104 L.A.M.C.
MECHANICAL, Note: Mechanical/elec/accessory rooms;Patch openings in an approved manner
8414 N LANGDON AVE

## SANITATION

Failure to maintain the building, structure, premises or portion thereof in conformity with the code regulations and department approvals in effect at the time of construction. Section 91.8104 L.A.M.C.
COMMON, Note:  Remove all open storage, trash, debris,
8414 N LANGDON AVE
EXTERIOR, Note:  Remove all open storage from balcony/decks & exterior surfaces
8414 N LANGDON AVE

Failure to maintain the required window and/or door insect screens. Sections. 91.8104.5 L.A.M.C.; 17920.3(c) H.&S.C.
EXTERIOR, Note: Provide approved fly screens over all openable windows & sliding doors
8414 N LANGDON AVE
LAUNDRY, Note: Provide approved fly screens over all openable window
8414 N LANGDON AVE

## WEATHER PROTECTION

Failure to paint all exposed building surfaces to maintain exterior weatherproofing. Section 91.8104.1 L.A.M.C. Attention: Buildings constructed prior to 1978 may contain lead-based paint. For more information with regard to your lead hazards responsibilities call the Los Angeles County Health Department at (800) 524-5323.
EXTERIOR, Note: FASCIA BOARDS/WOOD TRIM/GUARD RAILS/ALL OTHER EXT. SURFACES
8414 N LANGDON AVE
GARAGE, Note:  Paint all exposed surfaces to maintain exterior weatherproofing.
8414 N LANGDON AVE

## MAINTENANCE

Failure to maintain the decking, walkway, or stairway surfaces, and their physical elements in conformity with the code regulations and department approvals in effect at the time of construction. Sections 91.8104.1 L.A.M.C.; 17920.3.c H.&S.C.
EXTERIOR, Note:  Repair damaged/peeling deck surfaces in an approved manner.
8414 N LANGDON AVE

Failure to properly maintain portions of the building that are dilapidated due to dry rot or insect infestation. Sections 91.8104.1 L.A.M.C.; 17920.3(a)13 H.&S.C.
EXTERIOR, Note: Remove/replace defective/damaged/deteriorated. WOOD MEMBERS
8414 N LANGDON AVE

Failure to maintain windows, doors, cabinets, and frames operable, clean and sanitary and in good repair. Sections 91.8104.5 L.A.M.C.; 17920.3.a.13 H.&S.C.
LAUNDRY, Note: LAUNDRY ROOM: REPAIR/REPLACE DEFECTIVE/DAMAGED LAUNDRY DOOR
8414 N LANGDON AVE
MECHANICAL, Note: Repair/replace defective/doors doors @ mechanical/electrical rooms
8414 N LANGDON AVE

Failure to maintain safe and sanitary floor covering. Sections 91.8104.6 L.A.M.C.; 17920.3(a)13 H.&S.C.
LAUNDRY, Note:  Repair/replace any/all damaged flooring in approved manner.
8414 N LANGDON AVE

EXHIBIT 1 - PAGE 000076

ELECTRICAL

Maintaining electrical wiring without obtaining an electrical permit and the required inspection approvals from the Department of Building and Safety for all new wiring. Sections 93.0104; 93.0201; 93.0304; 93.0314 L.A.M.C.; 17920.3(d) H.&S.C. EXTERIOR, Note:  Eliminate the exposed wiring (Splicing outside box)
8414 N LANGDON AVE

EXHIBIT 1 - PAGE 000077

| | |
|---|---|
| Inspector Name | Hugo Garrido-Garza |
| Office Location | 6640 Van Nuys Blvd |
| | 1st Floor |
| | Van Nuys, CA 91405 |
| Survey Date | 10/4/2010 |

WHERE INDICATED ABOVE, PLANS AND/OR A BUILDING PERMIT FROM THE DEPARTMENT OF BUILDING AND SAFETY IS
REQUIRED TO BE OBTAINED BEFORE REPAIR OR DEMOLITION WORK IS STARTED.

For consultation regarding this notice, or for information regarding obtaining Permits, the inspector whose name appears on
this Notice may be contacted by telephone between the hours of 7:30 and 9:00 a.m., Monday through Friday.

YOU MAY BE SCHEDULED FOR A GENERAL MANAGER'S HEARING, AND A LIEN MAY BE RECORDED AGAINST YOUR
PROPERTY FOR ALL ADMINISTRATIVE AND INSPECTION COSTS ASSOCIATED WITH YOUR FAILURE TO COMPLY WITH THIS
ORDER.

FAILURE TO COMPLY WARNING

You may be scheduled for a General Manager's hearing, and a lien may be recorded on this property for all administrative and inspection costs associated with your failure to comply with this notice and order. This matter may be referred to the City Attorney for further enforcement. Any person who violates or causes or permits another person to violate any provision of the Los Angeles Municipal Code is guilty of a misdemeanor, which is punishable by a fine of not more than $1,000.00 and/or six months imprisonment per LAMC Section 11.00 (m) .

LEAD HAZARD WARNING

Due to the possible presence of lead-based paint, lead safe work practices are required on all repairs in pre-1979 buildings that disturb paint. Failure to do so could create lead hazards that violate California Health and Safety Code Section 17920.10 and 105256 and may be subject to a $1,000.00 fine or criminal prosecution. For more information call the L.A. Housing Department at (866) 557-7368. In order to locate a Lead Certified Professional and obtain additional information, call the L.A. Housing Department at (866) 557-7368 or go to the California Department of Health Services Website at: http://www.dhs.ca.gov/childlead/html/GENclist.html.

TAX WARNING

The Housing Department has determined this building to be substandard per Section and 24436.5 of the State Revenue and Taxation Code. This section provides in part that a taxpayer who derives rental income from housing determined by the local regulatory agency to be substandard by reason of violation of state and local codes dealing with health, safety, or building, cannot deduct from state personal income tax and corporate income tax, deductions for interest, depreciation, or taxes attributable to such substandard structure where the substandard conditions are not corrected within six (6) months after notice of violation by the regulatory agency. Please note that the Compliance Date of this order marks the beginning of the six (6) month period. The department is required by law to notify the State Franchise Tax Board of failure to comply with these codes.

SUBSTANDARD NOTIFICATION

When a building is determined to be a substandard building as defined under Section 17920.3 of the Health and Safety Code, a Notice of Non Compliance is recorded at the Los Angeles County Recorders Office (Health and Safety Code section 17985).

RENT ESCROW ACCOUNT PROGRAM (REAP) NOTICE

Failure to correct the conditions that constitute the violations specified by this notice may subject this property and units to inclusion in the City of Los Angeles Rent Escrow Account Program (REAP). Inclusion in REAP entails a rent reduction based on the level of severity of the uncorrected conditions, and allows the tenant to pay the reduced rent to the City instead of the landlord. (Sections 162.00, et. seq. LAMC)

INSPECTION AND PENALTY FEES

If the conditions found during a Systematic Code Enforcement Program(SCEP) inspection remain uncorrected after the first reinspection, Los Angeles Municipal Code Section 161.901.1 & 2 require that the Departments cost of all subsequent re-inspections be billed to the property owner. All Complaint-based inspections where a Notice to Comply is issued will be billed to the property owner. A late charge penalty equal to two times the fee or cost and a collection fee equal to 50 percent of the original fee or cost shall be imposed if any fees or costs imposed by this division are not paid within 30 days of service of the notice of the imposition of the fee or costs or, if timely appealed, of any decision on the appeal. Any person who fails to pay the assessment fee or cost, penalty, or collection fee shall also pay interest at the rate of one percent per month, or fraction thereof, on the amount of the fee or cost, penalty and collection fee imposed, from the 60th day following the date the billing notice was mailed. (Sections 161.901, et seq. )

CITATIONS

A citation requiring a personal appearance in court may be issued if compliance is not obtained by the compliance date. Violation of the Los Angeles Municipal Code may be a misdemeanor or infraction and is punishable by a fine of not more than $1,000.00 and/or six (6) months imprisonment. (Sections 161.410 and 11.00(m) LAMC.)

EXHIBIT 1 - PAGE 000079

## APPEALS

As of May 1, 2008 an Appeal Processing Fee of $128.00 shall be paid to the Department prior to processing the Appeal and obtaining a determination from a Senior Inspector. Section 161.902 of the Los Angeles Municipal Code.

Any person or entity subject to a notice or order or an inspection fee without hearing, pursuant to Section 161.901, et. seq. may request to appeal the notice, order, or fee, or may request an extension of time from, a Senior Inspector. The request to appeal shall be made in writing, upon appropriate forms provided by the department, and shall specify the grounds for appeal. The appeal shall be filed within ten days of the issuance of the notice or order, or within 10 days of the imposition of the fee. (Section 161.00 161.1001.1 LAMC.)

## PROPERTY MANAGEMENT TRAINING PROGRAM (PMTP)

When a property owner has failed to comply with a notice or order within 45 days or less of the specified compliance date, the owner is required to pay a $225.00 registration fee and attend PMTP training sessions. The registration fee must be paid directly to the approved training agency. Failure to comply may result in the imposition of a criminal infraction, punishable by a fine of $250.00. (Section 154.02, et seq. LAMC.)

## RETALIATION

No lessor may retaliate against a lessee because of his complaint to an appropriate agency as to the tenantability of a dwelling pursuant to Section 1942.5 of the Civil Code.

## HISTORICAL PRESERVATION

Your property might be located within a Historical Preservation Overlay Zone, or may otherwise be determined historically significant. The scope of work required to correct conditions that constitute violations specified in this notice may require advanced approval from the appropriate regulatory agency.

## RELOCATION INFORMATION

Any tenant who is displaced or subject to displacement from a residential rental unit as a result of a Notice to Vacate or any order requiring the vacation of the unit by the Enforcement Agency, shall be entitled to relocation benefits payable by the landlord to the tenant in each unit in the amounts prescribed in Section 163.05 L.A.M.C. Furthermore if the landlord fails, neglects, or refuses to pay relocation payments, the City may advance relocation payments to the affected tenant(s). Recovery of the relocation payments plus a penalty of 50% will be assessed against the property in the form of a lien as per H&S Code Section 50657(b).

## COMPLIANCE

A property owner has complied with this Notice/Order to Comply when an Inspector from the Los Angeles Housing Department had verified the abatement of the cited violations in conformity with the requirements of the Los Angeles Municipal Code. Section 161.355, 161.403, & 91.108.6 L.A.M.C.

EXHIBIT 1 - PAGE 000080



**LAHD**

# ATTENTION!      ¡ATENCION!

This building was built before 1979 and may contain **Lead-Based Paint**. Lead based paint can be dangerous to your health, especially dangerous to children and pregnant women.

1. If lead-based paint is deteriorated or disturbed it can create lead dust. LEAD DUST IS DANGEROUS AND IS THE NUMBER ONE WAY THAT CHILDREN ARE POISONED BY LEAD.

2. Lead dust is created by renovations or repairs where workers dry scrape or sand lead-based paint and is **PROHIBITED BY LAW**.

3. All workers disturbing lead-based paint MUST use Lead Safe Work Practices. **IT IS THE LAW**

4. If you see unsafe work practices such as dry scraping without plastic sheets protecting the floor or ground you should immediately call 1(866) 557-7368

All reports are confidential and it is illegal to retaliate against tenants for reporting unsafe work practices!

Este edificio fué construido antes de 1979 y puede contener **Pintura a Base de Plomo**. La Pintura a base de plomo puede ser peligrosa para la salud, especialmente para los niños y mujeres embarazadas.

1. Si la pintura a base de plomo está en malas condiciones o se daña puede crear polvo con plomo. EL POLVO CON PLOMO ES PELIGROSO Y ES LA CAUSA PRINCIPAL EN QUE LOS NIÑOS SE ENVENENAN.

2. El polvo con plomo es el resultado de las renovaciones o reparaciones donde los trabajadores raspan o lijan la pintura a base de plomo y es **PROHIBIDO POR LA LEY**.

3. Todos los trabajadores que dañan la pintura a base de plomo están **OBLIGADOS** a usar Técnicas de Trabajo Seguras del Plomo. **ES LA LEY**

4. Si ven que los trabajadores están usando técnicas peligrosas como raspando la pintura sin poner plástico para proteger el piso o el suelo debe llamar inmediatamente al 1(866) 557-7368

¡El inquilino puede reportar los trabajos que se hagan de manera insegura, todos los reportes son confidenciales y es ilegal tomar represalias contra ellos/ellas!

**It is a misdemeanor to remove, deface, cover or hide this notice.**
**Es contra la ley remover, dañar, o esconder este aviso.**

EXHIBIT 1 - PAGE 000081

# Los Angeles Housing Department

Inspection Report

Reinspection Date: 11/19/2010 11:15:00 AM
APN: 2654027025    Address: 8414 N LANGDON AVE
Inspector Name: Hugo Garrido-Garza

| Address | Room | Description | Permit | Notes |
|---|---|---|---|---|
| 8414 N LANGDON AVE | COMMON | GENERAL SANITATION | | Remove all open storage, trash, debris, |
| | EXTERIOR | EXPOSED WIRING | | Eliminate the exposed wiring (Splicing outside box) |
| | EXTERIOR | DRY-ROT/TERMITES | | Remove/replace defective/damaged/deteriorated. WOOD MEMBERS |
| | EXTERIOR | STAIR/WALK/DECK | | Repair damaged/peeling deck surfaces in an approved manner. |
| | EXTERIOR | GENERAL SANITATION | | Remove all open storage from balcony/decks & exterior surfaces |
| | EXTERIOR | INSECT SCREENS | | Provide approved fly screens over all openable window & sliding doors |
| | EXTERIOR | EXTERIOR PAINT | | FASCIA BOARDS/WOOD TRIM/GUARD RAILS/ALL OTHER EXT. SURFACES |
| | GARAGE | EXTERIOR PAINT | | Paint all exposed surfaces to maintain exterior weatherproofing. |
| | LAUNDRY | FLOOR COVERING | | Repair/replace any/all damaged flooring in approved manner. |
| | LAUNDRY | WINDOW/DOOR MAINT | | LAUNDRY ROOM: REPAIR/REPLACE DEFECTIVE/DAMAGED LAUNDRY DOOR |
| | LAUNDRY | INSECT SCREENS | | Provide approved fly screens over all openable window |
| | MECHANICAL | GENERAL FIRE SAFETY | | Mechanical/elec/accessory rooms:Patch openings in an approved manner |
| | MECHANICAL | WINDOW/DOOR MAINT | | Repair/replace defective/doors doors @ mechanical/electrical rooms |
| 8414 N LANGDON AVE 1 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| 8414 N LANGDON AVE 10 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| 8414 N LANGDON AVE 11 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| 8414 N LANGDON AVE 12 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| 8414 N LANGDON AVE 13 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| 8414 N LANGDON AVE 14 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| 8414 N LANGDON AVE 15 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| 8414 N LANGDON AVE 16 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| 8414 N LANGDON AVE 17 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| 8414 N LANGDON AVE 18 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| 8414 N LANGDON AVE 19 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| 8414 N LANGDON AVE 2 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| 8414 N LANGDON AVE 20 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| 8414 N LANGDON AVE 21 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| 8414 N LANGDON AVE 22 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| 8414 N LANGDON AVE 23 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| 8414 N LANGDON AVE 24 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| 8414 N LANGDON AVE 25 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| 8414 N LANGDON AVE 26 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| 8414 N LANGDON AVE 27 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |
| 8414 N LANGDON AVE 28 | ENTIRE UNIT | UNIT ACCESS | | This unit was not inspected. Provide access on re-inspection date |

EXHIBIT 1 - PAGE 000082

| | | | |
|---|---|---|---|
| 84 14 N LANGDON AVE 29 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 3 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 30 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 31 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 32 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 33 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 34 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 35 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 36 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 37 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 38 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 39 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 4 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 40 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 41 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 42 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 43 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 44 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 45 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 46 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 47 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 48 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 49 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 5 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 50 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 51 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 52 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 53 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 54 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 55 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 6 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 7 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 8 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |
| 84 14 N LANGDON AVE 9 | ENTIRE UNIT | UNIT ACCESS | This unit was not inspected. Provide access on re-inspection date |

EXHIBIT 1 - PAGE 000083





Antonio R. Villaraigosa, Mayor
Rushmore D. Cervantes, Interim General Manager

GROUP V SAN BERNARDINO LP                        12/7/2009
4900 SANTA ANITA AVE ## 2C
EL MONTE , CA 91731                          **Case ID#** 263883
                                             APN: <u>2654027025</u>

# Failure to Comply Notice

This letter is to inform you that our records indicate that you have failed to comply with an official notice and order issued by the Code Enforcement Division of the Los Angeles Housing Department concerning the property located at 8414 N. LANGDON AVE , SEPULVEDA , CA 91343 . As a result, your property has been referred to the Case Management Section for legal enforcement.

**PLEASE CALL (818) 756-1449 IF YOU HAVE CORRECTED THE VIOLATIONS TO SCHEDULE A FINAL INSPECTION.**

**FAVOR DE LLAMAR AL (818) 756-1449 SI USTED YA ARREGLO LAS VIOLACIONES Y DESEA HACER UNA INSPECCION PARA CERRAR SU CASO.**

You may be scheduled for a General Manager's hearing, and a lien may be recorded on this property for all administrative and inspection costs associated with your failure to comply with this notice and order. This matter may be referred to the City Attorney for further enforcement. Any person who violates or causes or permits another person to violate any provision of the Los Angeles Municipal Code is guilty of a misdemeanor, which is punishable by a fine of not more than $1,000.00 and/or six months imprisonment per LAMC Section 11.00 (m).

As per the State of California Revenue and Taxation Code, this building is considered substandard per Section 24436.5. This section provides in part that a taxpayer who derives rental income from housing determined by the local regulatory agency to be substandard by reason of violation of state and local codes dealing with health, safety, or building, cannot deduct from state personal income tax and corporate income tax, deductions for interest, depreciation, or taxes attributable to such substandard structure where the substandard conditions are not corrected within six (6) months after notice of violation by the regulatory agency. Please note that the Compliance Date of this order marks the beginning of the six (6) month period. The department is required by law to notify the State Franchise Tax Board of failure to comply with these codes.

To avoid further enforcement action we urge you to correct any outstanding violations and contact our case manager immediately at **(818) 756-1449** to schedule a final inspection.

FTC REV. 6/2008

EXHIBIT 1 - PAGE 000084





6640 Van Nuys Blvd
Van Nuys, CA 91405
(818) 756-1473

August 17, 2009
Case Number: 263883
APN: 2654027025

Property Owner:   GROUP V SAN BERNARDINO LP
Mailing Address:  4900 SANTA ANITA AVE ## 2C
                  EL MONTE , CA 91731

In Addition Notify:
Mailing Address:

## NOTICE AND ORDER TO COMPLY
Sections 161.702 and 161.354, Los Angeles Municipal Code
Sections 17980 and 17980.6, California Health and Safety Code

Our records indicate you are the owner of the property located at 8414 N LANGDON AVE . An inspection of the premises has revealed conditions that affect the health and safety of the occupants and cause the building to be determined to be in violation of the City of Los Angeles Municipal Code. These conditions, their location on the premises, and the specific violation(s) of the Los Angeles Municipal Code (LAMC) and or California Health and Safety Code are described on the attached pages.

You, as the property owner, or responsible party, are ordered to eliminate all of the described conditions and diligently pursue the work necessary to eliminate any violations of the LAMC and Health and Safety Code on or before 9/25/2009.

Some of the work required to repair the building may require that you obtain a permit and request related inspections from the Department of Building and Safety. We strongly urge you to seek the services of qualified installers, properly licensed by the State Contractors License Board.

A re-inspection of the premises will be conducted on 9/29/2009 between 1:30 PM and 3:30 PM. You or your representative must be present to escort the Housing Inspector. Any and all units are subject to re-inspection and require the same uniform compliance throughout the premises. You must provide notice to all affected tenants not less than 24 hours prior to the scheduled inspection. The entire premises must be in full compliance with the Los Angeles Municipal Code. Any questions you have may be directed to the office identified at the top of this notice. *Si tiene preguntas, favor de llamar al número que se encuentra al principio de esta notificación.*

Issuing Inspector: Robert Stagnitta

Proof of Mailing — On 8/17/2009 the undersigned mailed this notice by regular mail, postage prepaid, to the person(s) listed on the last equalized assessment roll.

Oscar Canizales

Form/NOC/06/05

APN: 2654027025

EXHIBIT 1 - PAGE 000085

## FIRE SAFETY

Failure to maintain the required one-hour fire separation between rooms containing a boiler, central heating plant, or hot water supply boilers from the rest of the building. Section 91.302.5 L.A.M.C.
MECHANICAL, Note:

8414 N LANGDON AVE

## SANITATION

Failure to provide adequate supply of hot and cold running water to all kitchen and bathroom plumbing fixtures at all times. Sections 91.8104.10.2; 91.8104.10.3; L.A.M.C.; 17920.3.A.5 H.&S.C.
MECHANICAL, Note: Repair water heater in an approved manner preformed by a license plumbing contractor

8414 N LANGDON AVE

## ELECTRICAL

Failure to maintain electrical conduit in good repair and/or maintain the required mechanical continuity. Sections 91.8104.8; 93.0311 L.A.M.C.; 300-10; 300-12 N.E.C.; 17920.3(d) H.&S.C.
MECHANICAL, Note:

8414 N LANGDON AVE

Failure to maintain the required switch/receptacle cover plates, grounding means, in good repair and free from defects or missing portions. Sections 91.8104.8; 93.0311; L.A.M.C.; 380-9(a), (b) and/or (c); 410-56(d) N.E.C.; 17920.3(d) H.&S.C.
MECHANICAL, Note:

8414 N LANGDON AVE

Maintaining electrical wiring without obtaining an electrical permit and the required inspection approvals from the Department of Building and Safety for all new wiring. Sections 93.0104; 93.0201; 93.0304; 93.0314 L.A.M.C.; 17920.3(d) H.&S.C.
MECHANICAL, Note:

8414 N LANGDON AVE

## PLUMBING

Failure to properly cap or plug an abandoned gas outlet. Sections 91.8104.7 L.A.M.C.; 17920.3(c) H.&S.C.
MECHANICAL, Note: Cap abandoned gas piping

8414 N LANGDON AVE

Failure to anchor or strap water heater tank(s) in an approved manner to prevent horizontal or vertical displacement in the event of an earthquake. Sections 91.310.14; 94.510.5 L.A.M.C.; 17920.3(c) H.&S.C.
MECHANICAL, Note: Strap water heaters in an approved manner. Strapping must complete one full revolution around water heater

8414 N LANGDON AVE

Failure to properly install/terminate water heater relief valve piping. Sections 94.608.5 L.A.M.C.; 17920.3(c); 17920.3(e) H.&S.C.
MECHANICAL, Note:

8414 N LANGDON AVE

## HEATING AND VENTILATION

Failure to maintain the required appliance venting system in a good and safe condition, and in conformance with applicable laws at the time of installation. Sections 91.8902.6; 95.801; 95.803.1 L.A.M.C.; 17920.3.c H.&S.C.

EXHIBIT 1 - PAGE 000086

Inspector Name   Robert Stagnitta
Office Location   6640 Van Nuys Blvd
                  1st Floor
                  Van Nuys, CA 91405
Survey Date       8/14/2009

**WHERE INDICATED ABOVE, PLANS AND/OR A BUILDING PERMIT FROM THE DEPARTMENT OF BUILDING AND SAFETY IS REQUIRED TO BE OBTAINED BEFORE REPAIR OR DEMOLITION WORK IS STARTED.**

For consultation regarding this notice, or for information regarding obtaining Permits, the inspector whose name appears on this Notice may be contacted by telephone between the hours of 7:30 and 9:00 a.m., Monday through Friday.

**YOU MAY BE SCHEDULED FOR A GENERAL MANAGER'S HEARING, AND A LIEN MAY BE RECORDED AGAINST YOUR PROPERTY FOR ALL ADMINISTRATIVE AND INSPECTION COSTS ASSOCIATED WITH YOUR FAILURE TO COMPLY WITH THIS ORDER.**

FAILURE TO COMPLY WARNING

You may be scheduled for a General Managers hearing, and a lien may be recorded on this property for all administrative and inspection costs associated with your failure to comply with this notice and order. This matter may be referred to the City Attorney for further enforcement. Any person who violates or causes or permits another person to violate any provision of the Los Angeles Municipal Code is guilty of a misdemeanor, which is punishable by a fine of not more than $1,000.00 and/or six months imprisonment per LAMC Section 11.00 (m).

LEAD HAZARD WARNING

Due to the possible presence of lead-based paint, lead safe work practices are required on all repairs in pre-1979 buildings that disturb paint. Failure to do so could create lead hazards that violate California Health and Safety Code Section 17920.10 and 105256 and may be subject to a $1,000.00 fine or criminal prosecution. For more information call the L.A. Housing Department at (866) 557-7368. In order to locate a Lead Certified Professional and obtain additional information, call the L.A. Housing Department at (866) 557-7368 or go to the California Department of Health Services Website at: http://www.dhs.ca.gov/childlead/html/GENclist.html.

TAX WARNING

The Housing Department has determined this building to be substandard per Section and 24436.5 of the State Revenue and Taxation Code. This section provides in part that a taxpayer who derives rental income from housing determined by the local regulatory agency to be substandard by reason of violation of state and local codes dealing with health, safety, or building, cannot deduct from state personal income tax and corporate income tax, deductions for interest, depreciation, or taxes attributable to such substandard structure where the substandard conditions are not corrected within six (6) months after notice of violation by the regulatory agency. Please note that the Compliance Date of this order marks the beginning of the six (6) month period. The department is required by law to notify the State Franchise Tax Board of failure to comply with these codes.

SUBSTANDARD NOTIFICATION

When a building is determined to be a substandard building as defined under Section 17920.3 of the Health and Safety Code, a Notice of Non Compliance is recorded at the Los Angeles County Recorders Office (Health and Safety Code section 17985).

RENT ESCROW ACCOUNT PROGRAM (REAP) NOTICE

Failure to correct the conditions that constitute the violations specified by this notice may subject this property and units to inclusion in the City of Los Angeles Rent Escrow Account Program (REAP). Inclusion in REAP entails a rent reduction based on the level of severity of the uncorrected conditions, and allows the tenant to pay the reduced rent to the City instead of the landlord. (Sections 162.00, et. seq. LAMC)

INSPECTION AND PENALTY FEES

If the conditions found during a Systematic Code Enforcement Program(SCEP) inspection remain uncorrected after the first reinspection, Los Angeles Municipal Code Section 161.901.1 & 2 require that the Departments cost of all subsequent re-inspections be billed to the property owner. All Complaint-based inspections where a Notice to Comply is issued will be billed to the property owner. A late charge penalty equal to two times the fee or cost and a collection fee equal to 50 percent of the original fee or cost shall be imposed if any fees or costs imposed by this division are not paid within 30 days of service of the notice of the imposition of the fee or costs or, if timely appealed, of any decision on the appeal. Any person who fails to pay the assessment fee or cost, penalty, or collection fee shall also pay interest at the rate of one percent per month, or fraction thereof, on the amount of the fee or cost, penalty and collection fee imposed, from the 60th day following the date the billing notice was mailed. (Sections 161.901, et seq. )

CITATIONS

A citation requiring a personal appearance in court may be issued if compliance is not obtained by the compliance date. Violation of the Los Angeles Municipal Code may be a misdemeanor or infraction and is punishable by a fine of not more than $1,000.00 and/or six (6) months imprisonment. (Sections 161.410 and 11.00(m) LAMC.)

EXHIBIT 1 - PAGE 000088

## APPEALS

As of May 1, 2008 an Appeal Processing Fee of $128.00 shall be paid to the Department prior to processing the Appeal and obtaining a determination from a Senior Inspector. Section 161.902 of the Los Angeles Municipal Code.

Any person or entity subject to a notice or order or an inspection fee without hearing, pursuant to Section 161.901, *et. seq.* may request to appeal the notice, order, or fee, or may request an extension of time from, a Senior Inspector. The request to appeal shall be made in writing, upon appropriate forms provided by the department, and shall specify the grounds for appeal. The appeal shall be filed within ten days of the issuance of the notice or order, or within 10 days of the imposition of the fee. (Section 161.00 161.1001.1 LAMC.)

## PROPERTY MANAGEMENT TRAINING PROGRAM (PMTP)

When a property owner has failed to comply with a notice or order within 45 days or less of the specified compliance date, the owner is required to pay a $225.00 registration fee and attend PMTP training sessions. The registration fee must be paid directly to the approved training agency. Failure to comply may result in the imposition of a criminal infraction, punishable by a fine of $250.00. (Section 154.02, *et seq.* LAMC.)

## RETALIATION

No lessor may retaliate against a lessee because of his complaint to an appropriate agency as to the tenantability of a dwelling pursuant to Section 1942.5 of the Civil Code.

## HISTORICAL PRESERVATION

Your property might be located within a Historical Preservation Overlay Zone, or may otherwise be determined historically significant. The scope of work required to correct conditions that constitute violations specified in this notice may require advanced approval from the appropriate regulatory agency.

## RELOCATION INFORMATION

Any tenant who is displaced or subject to displacement from a residential rental unit as a result of a Notice to Vacate or any order requiring the vacation of the unit by the Enforcement Agency, shall be entitled to relocation benefits payable by the landlord to the tenant in each unit in the amounts prescribed in Section 163.05 L.A.M.C. Furthermore if the landlord fails, neglects, or refuses to pay relocation payments, the City may advance relocation payments to the affected tenant(s). Recovery of the relocation payments plus a penalty of 50% will be assessed against the property in the form of a lien as per H&S Code Section 50657(b).

EXHIBIT 1 - PAGE 000089

# Los Angeles Housing Department

Inspection Report

Reinspection Date: 9/29/2009 1:30:00 PM
APN: 2654027025    Address: 8414 N LANGDON AVE
Inspector Name: Robert Stagnitta

| Address | Room | Description | Permit | Notes |
|---|---|---|---|---|
| 8414 N LANGDON AVE | MECHANICAL | COVERS-SWITCH/RECEP | | |
| | MECHANICAL | DAMAGED CONDUIT | | |
| | MECHANICAL | EXPOSED WIRING | | |
| | MECHANICAL | FIRE SEP UNITS | | |
| | MECHANICAL | VENTING SYSTEM | | |
| | MECHANICAL | GAS OUTLET-ABANDONED | | Cap abandoned gas piping |
| | MECHANICAL | W/H STRAP/SECURE | | Strap water heaters in an approved manner. Strapping must complete one full revolution around water heater |
| | MECHANICAL | W/H T/P EXTENSION | | |
| | MECHANICAL | HOT/COLD WATER | | Repair water heater in an approved manner preformed by a license plumbing contractor |

EXHIBIT 1 - PAGE 000090


Los Angeles Housing Department
**LAHD**

## URGENT REPAIR PROGRAM

**CITY OF LOS ANGELES HOUSING DEPARTMENT**
1200 W. Seventh Street, Suite 100
Los Angeles, CA 90017

| JOB ADDRESS: | 8414 Langdon Ave | A.P.N. | 2654-027-025 | C.D. | 7 |
| | | C.T. | 117406 | #Units: | 55 |

| Attn: | | In addition notify: | |
| Owner: | GROUP V SAN BERNARDINO LP | Attn: | |
| Address: | 4900 SANTA ANITA AVE | Address: | |
| City & State: | EL MONTE, CA | Zip Code: 91731 | City & State: | Zip Code: |

## TWO-DAY ORDER TO REPAIR    EFFECTIVE DATE: 3/23/09

An inspection of the above described premises by the Los Angeles Housing Department (LAHD) has revealed deficiencies which constitute a present, imminent, extreme, and immediate hazard or danger to life or limb, health or safety. Furthermore the deficiencies described below render the premises uninhabitable as defined in Section 1941.1 of the California Civil Code or the Los Angeles Municipal Code Section 57.0135 as defined in Section B thereof. You are hereby ordered to commence the work to eliminate all listed deficiencies within two days of the effective date, obtain the services of qualified installers when necessary, secure all required permits from the Department of Building and Safety, and obtain the required final inspection approvals. Sections: 161.101 and 50.00 Los Angeles Municipal Code. If other habitability violations exist or are cited, beyond those listed below, and the building has been placed in R.E.A.P., the building shall remain in R.E.A.P. until all other code violations cited by the appropriate enforcement agency are corrected. PARA OBTENER AYUDA EN ESPANOL DE ESTA NOTIFICACION, FAVOR DE LLAMAR A LOS SIGUIENTES NUMEROS TELEFONICOS (213) 808-8564.

**WARNING:** If the necessary repair work is not commenced within two days of the effective date, the Los Angeles Housing Department may designate a preselected contractor to make the repairs, and conduct a hearing on 10 days notice to you for placement of the property in the Rent Escrow Account Program (R.E.A.P.) and/or file a lien with the County Recorders Office for the recovery of any costs incurred.

| Permit Req'd | Location | HAZARDOUS CONDITIONS |
| --- | --- | --- |
| | | Lack of effective waterproofing. Section: 1941.1 (a) California Civil Code. |
| | | Lack of effective weather protection (roof), (exterior walls), (broken windows), (broken doors). Section 1941.1 (a) California Civil Code. |
| | | Lack of plumbing or gas facilities maintained in good working order. Section 1941.1 (b) California Civil Code. |
| | | Lack of a water supply approved under applicable law, which is under the control of the tenant, capable of producing hot and cold running water. Section 1941.1 (c) California Civil Code. |
| | Unit 34 | Lack of a water supply approved under applicable law, under the control of the landlord, which produces hot and cold running water, furnished to the appropriate fixtures, and connected to an approved sewage disposal system. Section 1941.1 (c) California Civil Code. |
| | | Lack of heating facilities which conformed with applicable law at the time of installation, maintained in good working order. Section 1941.1 (d) California Civil Code. |
| | | Lack of electrical lighting, with wiring and electrical equipment which conformed with applicable law at the time of installation, maintained in good working order. Section 1941.1 (e) California Civil Code. |
| | | Lack of electrical fire warning system in good working order. Section1941.1 (e) California Civil Code. |
| | | Lack of maintenance of the building, grounds and appurtenances free from accumulation of debris, filth, rubbish, garbage, rodents and vermin. Section 1941.1 (f) California Civil Code. |
| | | Lack of an adequate number of receptacles for garbage and rubbish, in clean condition and good repair. Section 1941.1 (g) California Civil Code. |
| | | Lack of floors, stairways, and railings maintained in good repair. Section1941.1 (h) California Civil Code. |

**WHERE INDICATED ABOVE, A BUILDING PERMIT FROM THE DEPARTMENT OF BUILDING AND SAFETY IS REQUIRED BEFORE REPAIR OR DEMOLITION WORK IS STARTED.**
For further information regarding this order, the inspector whose name appears below may be contacted by telephone between the hours of 7:30 and 9:00 a.m.

| INSPECTOR'S NAME: (PRINT) | INSPECTOR'S SIGNATURE: |
| R. STAGNITTA | |

| INSPECTOR'S PHONE #: | INSPECTOR'S OFFICE LOCATION: | COMPLIANCE INSPECTION DATE: |
| 818-756-1437 | 6640 VAN NUYS BLVD VAN NUYS, CA 91405 | 3/25/09 |

Original

EXHIBIT 1 - PAGE 000091





6640 Van Nuys Blvd
Van Nuys, CA 91405
(818) 756-1473

March 24, 2009
Case Number: 241556
APN: 2654027025

Property Owner: GROUP V SAN BERNARDINO LP
Mailing Address: 4900 SANTA ANITA AVE # 2C
EL MONTE , CA 91731

In Addition Notify:
Mailing Address:

## NOTICE AND ORDER TO COMPLY
Sections 161.702 and 161.354, Los Angeles Municipal Code
Sections 17980 and 17980.6, California Health and Safety Code

Our records indicate you are the owner of the property located at **8414 N LANGDON AVE** . An inspection of the premises has revealed conditions that affect the health and safety of the occupants and cause the building to be determined to be in violation of the City of Los Angeles Municipal Code. These conditions, their location on the premises, and the specific violation(s) of the Los Angeles Municipal Code (LAMC) and or California Health and Safety Code are described on the attached pages.

You, as the property owner, or responsible party, are ordered to eliminate all of the described conditions and diligently pursue the work necessary to eliminate any violations of the LAMC and Health and Safety Code on or before **4/30/2009**.

Some of the work required to repair the building may require that you obtain a permit and request related inspections from the Department of Building and Safety. We strongly urge you to seek the services of qualified installers, properly licensed by the State Contractors License Board.

A re-inspection of the premises will be conducted on **5/4/2009** between **12:30 PM** and **2:30 PM**. You or your representative must be present to escort the Housing Inspector. Any and all units are subject to re-inspection and require the same uniform compliance throughout the premises. You must provide notice to all affected tenants not less than 24 hours prior to the scheduled inspection. The entire premises must be in full compliance with the Los Angeles Municipal Code. Any questions you have may be directed to the office identified at the top of this notice. *Si tiene preguntas, favor de llamar al número que se encuentra al principio de esta notificación.*

Issuing Inspector: Robert Stagnitta

Proof of Mailing — On 3/24/2009 the undersigned
mailed this notice by regular mail, postage
prepaid, to the person(s) listed on the last
equalized assessment roll.

Oscar Canizales

APN: 2654027025

Form/NOC/06/05

EXHIBIT 1 - PAGE 000092

FIRE SAFETY

Failure to provide and maintain the required permanently wired, with battery back-up, smoke detectors at all sleeping rooms, and areas adjacent to sleeping rooms. Sections 91.310.9.1.1; 91.310.9.1.4; 91.310.9.1.5; 91.8603.1.1; 91.8603.1.2 L.A.M.C.; 17920.3(m) H.&S.C.)

8414 N LANGDON AVE 34
LIVING ROOM

EXHIBIT 1 - PAGE 000093

Inspector Name   Robert Stagnitta
Office Location   6640 Van Nuys Blvd
                  1st Floor
                  Van Nuys, CA 91405
Survey Date       3/23/2009

WHERE INDICATED ABOVE, PLANS AND/OR A BUILDING PERMIT FROM THE DEPARTMENT OF BUILDING AND SAFETY IS
REQUIRED TO BE OBTAINED BEFORE REPAIR OR DEMOLITION WORK IS STARTED.

For consultation regarding this notice, or for information regarding obtaining Permits, the inspector whose name appears on
this Notice may be contacted by telephone between the hours of 7:30 and 9:00 a.m., Monday through Friday.

YOU MAY BE SCHEDULED FOR A GENERAL MANAGER'S HEARING, AND A LIEN MAY BE RECORDED AGAINST YOUR
PROPERTY FOR ALL ADMINISTRATIVE AND INSPECTION COSTS ASSOCIATED WITH YOUR FAILURE TO COMPLY WITH THIS
ORDER.

## FAILURE TO COMPLY WARNING

You may be scheduled for a General Managers hearing, and a lien may be recorded on this property for all administrative and inspection costs associated with your failure to comply with this notice and order. This matter may be referred to the City Attorney for further enforcement. Any person who violates or causes or permits another person to violate any provision of the Los Angeles Municipal Code is guilty of a misdemeanor, which is punishable by a fine of not more than $1,000.00 and/or six months imprisonment per LAMC Section 11.00 (m) .

## LEAD HAZARD WARNING

Due to the possible presence of lead-based paint, lead safe work practices are required on all repairs in pre-1979 buildings that disturb paint. Failure to do so could create lead hazards that violate California Health and Safety Code Section 17920.10 and 105256 and may be subject to a $1,000.00 fine or criminal prosecution. For more information call the L.A. Housing Department at (866) 557-7368. In order to locate a Lead Certified Professional and obtain additional information, call the L.A. Housing Department at (866) 557-7368 or go to the California Department of Health Services Website at: http://www.dhs.ca.gov/childlead/html/GENclist.html.

## TAX WARNING

The Housing Department has determined this building to be substandard per Section and 24436.5 of the State Revenue and Taxation Code. This section provides in part that a taxpayer who derives rental income from housing determined by the local regulatory agency to be substandard by reason of violation of state and local codes dealing with health, safety, or building, cannot deduct from state personal income tax and corporate income tax, deductions for interest, depreciation, or taxes attributable to such substandard structure where the substandard conditions are not corrected within six (6) months after notice of violation by the regulatory agency. Please note that the Compliance Date of this order marks the beginning of the six (6) month period. The department is required by law to notify the State Franchise Tax Board of failure to comply with these codes.

## SUBSTANDARD NOTIFICATION

When a building is determined to be a substandard building as defined under Section 17920.3 of the Health and Safety Code, a Notice of Non Compliance is recorded at the Los Angeles County Recorders Office (Health and Safety Code section 17985).

## RENT ESCROW ACCOUNT PROGRAM (REAP) NOTICE

Failure to correct the conditions that constitute the violations specified by this notice may subject this property and units to inclusion in the City of Los Angeles Rent Escrow Account Program (REAP). Inclusion in REAP entails a rent reduction based on the level of severity of the uncorrected conditions, and allows the tenant to pay the reduced rent to the City instead of the landlord. (Sections 162.00, et. seq. LAMC)

## INSPECTION AND PENALTY FEES

If the conditions found during a Systematic Code Enforcement Program(SCEP) Inspection remain uncorrected after the first reinspection, Los Angeles Municipal Code Section 161.901.1 & 2 require that the Departments cost of all subsequent re-inspections be billed to the property owner. All Complaint-based inspections where a Notice to Comply is issued will be billed to the property owner. A late charge penalty equal to two times the fee or cost and a collection fee equal to 50 percent of the original fee or cost shall be imposed if any fees or costs imposed by this division are not paid within 30 days of service of the notice of the imposition of the fee or costs or, if timely appealed, of any decision on the appeal. Any person who fails to pay the assessment fee or cost, penalty, or collection fee shall also pay interest at the rate of one percent per month, or fraction thereof, on the amount of the fee or cost, penalty and collection fee imposed, from the 60th day following the date the billing notice was mailed. (Sections 161.901, et seq. )

## CITATIONS

A citation requiring a personal appearance in court may be issued if compliance is not obtained by the compliance date. Violation of the Los Angeles Municipal Code may be a misdemeanor or infraction and is punishable by a fine of not more than $1,000.00 and/or six (6) months imprisonment. (Sections 161.410 and 11.00(m) LAMC.)

EXHIBIT 1 - PAGE 000095

## APPEALS

As of May 1, 2008 an Appeal Processing Fee of $128.00 shall be paid to the Department prior to processing the Appeal and obtaining a determination from a Senior Inspector. Section 161.902 of the Los Angeles Municipal Code.

Any person or entity subject to a notice or order or an inspection fee without hearing, pursuant to Section 161.901, et. seq. may request to appeal the notice, order, or fee, or may request an extension of time from, a Senior Inspector. The request to appeal shall be made in writing, upon appropriate forms provided by the department, and shall specify the grounds for appeal. The appeal shall be filed within ten days of the issuance of the notice or order, or within 10 days of the imposition of the fee. (Section 161.00 161.1001.1 LAMC.)

## PROPERTY MANAGEMENT TRAINING PROGRAM (PMTP)

When a property owner has failed to comply with a notice or order within 45 days or less of the specified compliance date, the owner is required to pay a $225.00 registration fee and attend PMTP training sessions. The registration fee must be paid directly to the approved training agency. Failure to comply may result in the imposition of a criminal infraction, punishable by a fine of $250.00. (Section 154.02, et seq. LAMC.)

## RETALIATION

No lessor may retaliate against a lessee because of his complaint to an appropriate agency as to the tenantability of a dwelling pursuant to Section 1942.5 of the Civil Code.

## HISTORICAL PRESERVATION

Your property might be located within a Historical Preservation Overlay Zone, or may otherwise be determined historically significant. The scope of work required to correct conditions that constitute violations specified in this notice may require advanced approval from the appropriate regulatory agency.

## RELOCATION INFORMATION

Any tenant who is displaced or subject to displacement from a residential rental unit as a result of a Notice to Vacate or any order requiring the vacation of the unit by the Enforcement Agency, shall be entitled to relocation benefits payable by the landlord to the tenant in each unit in the amounts prescribed in Section 163.05 L.A.M.C. Furthermore if the landlord fails, neglects, or refuses to pay relocation payments, the City may advance relocation payments to the affected tenant(s). Recovery of the relocation payments plus a penalty of 50% will be assessed against the property in the form of a lien as per H&S Code Section 50657(b).

EXHIBIT 1 - PAGE 000096

# Los Angeles Housing Department

Inspection Report

Reinspection Date: 5/4/2009 12:30:00 PM
APN: 2654027025   Address: 8414 N LANGDON AVE
Inspector Name:Robert Stagnitta

| Address | Room | Description | Permit | Notes |
|---|---|---|---|---|
| 8414 N LANGDON AVE 34 | LIVING ROOM | SMOKE DETECTORS | | |

EXHIBIT 1 - PAGE 000097





6640 Van Nuys Blvd
Van Nuys, CA 91405
(818) 756-1473

March 10, 2009
Case Number: 239270
APN: 2654027025

Property Owner:   GROUP V SAN BERNARDINO LP
Mailing Address:   4900 SANTA ANITA AVE # 2C
                   EL MONTE , CA 91731

In Addition Notify:
Mailing Address:

## NOTICE AND ORDER TO COMPLY
Sections 161.702 and 161.354, Los Angeles Municipal Code
Sections 17980 and 17980.6, California Health and Safety Code

Our records indicate you are the owner of the property located at **8414 N LANGDON AVE** . An inspection of the premises has revealed conditions that affect the health and safety of the occupants and cause the building to be determined to be in violation of the City of Los Angeles Municipal Code. These conditions, their location on the premises, and the specific violation(s) of the Los Angeles Municipal Code (LAMC) and or California Health and Safety Code are described on the attached pages.

You, as the property owner, or responsible party, are ordered to eliminate all of the described conditions and diligently pursue the work necessary to eliminate any violations of the LAMC and Health and Safety Code on or before **4/16/2009**.

Some of the work required to repair the building may require that you obtain a permit and request related inspections from the Department of Building and Safety. We strongly urge you to seek the services of qualified installers, properly licensed by the State Contractors License Board.

A re-inspection of the premises will be conducted on **4/21/2009** between **12:30 PM** and **2:30 PM**. You or your representative must be present to escort the Housing Inspector. Any and all units are subject to re-inspection and require the same uniform compliance throughout the premises. You must provide notice to all affected tenants not less than 24 hours prior to the scheduled inspection. The entire premises must be in full compliance with the Los Angeles Municipal Code. Any questions you have may be directed to the office identified at the top of this notice. *Si tiene preguntas, favor de llamar al número que se encuentra al principio de esta notificación.*

Issuing Inspector: Robert Stagnitta

Proof of Mailing — On 3/10/2009 the undersigned mailed this notice by regular mail, postage prepaid, to the person(s) listed on the last equalized assessment roll.

Oscar Canizales

Form/NOC/06/05

APN: 2654027025

EXHIBIT 1 - PAGE 000098

## SANITATION

Failure to maintain habitable room(s) free from dampness. Section 17920.3(a)11 H.&SC.

> 8414 N LANGDON AVE 53
> LIVING ROOM

## WEATHER PROTECTION

Failure to maintain the roof covering in weatherproof condition and free from deterioration and defect. Sections 91.8104.3 L.A.M.C.; 17920.3(g)2 H.&S.C.

> 8414 N LANGDON AVE 53
> LIVING ROOM

EXHIBIT 1 - PAGE 000099

| Inspector Name | Robert Stagnitta |
|---|---|
| Office Location | 6640 Van Nuys Blvd |
| | 1st Floor |
| | Van Nuys, CA 91405 |
| Survey Date | 3/9/2009 |

WHERE INDICATED ABOVE, PLANS AND/OR A BUILDING PERMIT FROM THE DEPARTMENT OF BUILDING AND SAFETY IS
REQUIRED TO BE OBTAINED BEFORE REPAIR OR DEMOLITION WORK IS STARTED.

For consultation regarding this notice, or for information regarding obtaining Permits, the inspector whose name appears on
this Notice may be contacted by telephone between the hours of 7:30 and 9:00 a.m., Monday through Friday.

YOU MAY BE SCHEDULED FOR A GENERAL MANAGER'S HEARING, AND A LIEN MAY BE RECORDED AGAINST YOUR
PROPERTY FOR ALL ADMINISTRATIVE AND INSPECTION COSTS ASSOCIATED WITH YOUR FAILURE TO COMPLY WITH THIS
ORDER.

## FAILURE TO COMPLY WARNING

You may be scheduled for a General Managers hearing, and a lien may be recorded on this property for all administrative and inspection costs associated with your failure to comply with this notice and order. This matter may be referred to the City Attorney for further enforcement. Any person who violates or causes or permits another person to violate any provision of the Los Angeles Municipal Code is guilty of a misdemeanor, which is punishable by a fine of not more than $1,000.00 and/or six months imprisonment per LAMC Section 11.00 (m).

## LEAD HAZARD WARNING

Due to the possible presence of lead-based paint, lead safe work practices are required on all repairs in pre-1979 buildings that disturb paint. Failure to do so could create lead hazards that violate California Health and Safety Code Section 17920.10 and 105256 and may be subject to a $1,000.00 fine or criminal prosecution. For more information call the L.A. Housing Department at (866) 557-7368. In order to locate a Lead Certified Professional and obtain additional information, call the L.A. Housing Department at (866) 557-7368 or go to the California Department of Health Services Website at: http://www.dhs.ca.gov/childlead/html/GENclist.html.

## TAX WARNING

The Housing Department has determined this building to be substandard per Section and 24436.5 of the State Revenue and Taxation Code. This section provides in part that a taxpayer who derives rental income from housing determined by the local regulatory agency to be substandard by reason of violation of state and local codes dealing with health, safety, or building, cannot deduct from state personal income tax and corporate income tax, deductions for interest, depreciation, or taxes attributable to such substandard structure where the substandard conditions are not corrected within six (6) months after notice of violation by the regulatory agency. Please note that the Compliance Date of this order marks the beginning of the six (6) month period. The department is required by law to notify the State Franchise Tax Board of failure to comply with these codes.

## SUBSTANDARD NOTIFICATION

When a building is determined to be a substandard building as defined under Section 17920.3 of the Health and Safety Code, a Notice of Non Compliance is recorded at the Los Angeles County Recorders Office (Health and Safety Code section 17985).

## RENT ESCROW ACCOUNT PROGRAM (REAP) NOTICE

Failure to correct the conditions that constitute the violations specified by this notice may subject this property and units to inclusion in the City of Los Angeles Rent Escrow Account Program (REAP). Inclusion in REAP entails a rent reduction based on the level of severity of the uncorrected conditions, and allows the tenant to pay the reduced rent to the City instead of the landlord. (Sections 162.00, et. seq. LAMC)

## INSPECTION AND PENALTY FEES

If the conditions found during a Systematic Code Enforcement Program(SCEP) inspection remain uncorrected after the first reinspection, Los Angeles Municipal Code Section 161.901.1 & 2 require that the Departments cost of all subsequent re-inspections be billed to the property owner. All Complaint-based inspections where a Notice to Comply is issued will be billed to the property owner. A late charge penalty equal to two times the fee or cost and a collection fee equal to 50 percent of the original fee or cost shall be imposed if any fees or costs imposed by this division are not paid within 30 days of service of the notice of the imposition of the fee or costs or, if timely appealed, of any decision on the appeal. Any person who fails to pay the assessment fee or cost, penalty, or collection fee shall also pay interest at the rate of one percent per month, or fraction thereof, on the amount of the fee or cost, penalty and collection fee imposed, from the 60th day following the date the billing notice was mailed. (Sections 161.901, et seq.)

## CITATIONS

A citation requiring a personal appearance in court may be issued if compliance is not obtained by the compliance date. Violation of the Los Angeles Municipal Code may be a misdemeanor or infraction and is punishable by a fine of not more than $1,000.00 and/or six (6) months imprisonment. (Sections 161.410 and 11.00(m) LAMC.)

EXHIBIT 1 - PAGE 000101

## APPEALS

As of May 1, 2008 an Appeal Processing Fee of $128.00 shall be paid to the Department prior to processing the Appeal and obtaining a determination from a Senior Inspector. Section 161.902 of the Los Angeles Municipal Code.

Any person or entity subject to a notice or order or an inspection fee without hearing, pursuant to Section 161.901, et. seq. may request to appeal the notice, order, or fee, or may request an extension of time from, a Senior Inspector. The request to appeal shall be made in writing, upon appropriate forms provided by the department, and shall specify the grounds for appeal. The appeal shall be filed within ten days of the issuance of the notice or order, or within 10 days of the imposition of the fee. (Section 161.00 161.1001.1 LAMC.)

## PROPERTY MANAGEMENT TRAINING PROGRAM (PMTP)

When a property owner has failed to comply with a notice or order within 45 days or less of the specified compliance date, the owner is required to pay a $225.00 registration fee and attend PMTP training sessions. The registration fee must be paid directly to the approved training agency. Failure to comply may result in the imposition of a criminal infraction, punishable by a fine of $250.00. (Section 154.02, et seq. LAMC.)

## RETALIATION

No lessor may retaliate against a lessee because of his complaint to an appropriate agency as to the tenantability of a dwelling pursuant to Section 1942.5 of the Civil Code.

## HISTORICAL PRESERVATION

Your property might be located within a Historical Preservation Overlay Zone, or may otherwise be determined historically significant. The scope of work required to correct conditions that constitute violations specified in this notice may require advanced approval from the appropriate regulatory agency.

## RELOCATION INFORMATION

Any tenant who is displaced or subject to displacement from a residential rental unit as a result of a Notice to Vacate or any order requiring the vacation of the unit by the Enforcement Agency, shall be entitled to relocation benefits payable by the landlord to the tenant in each unit in the amounts prescribed in Section 163.05 L.A.M.C. Furthermore if the landlord fails, neglects, or refuses to pay relocation payments, the City may advance relocation payments to the affected tenant(s). Recovery of the relocation payments plus a penalty of 50% will be assessed against the property in the form of a lien as per H&S Code Section 50657(b).

EXHIBIT 1 - PAGE 000102

# Los Angeles Housing Department

Inspection Report

Reinspection Date: 4/21/2009 12:30:00 PM
APN: 2654027025   Address: 8414 N LANGDON AVE
Inspector Name:Robert Stagnitta

| Address | Room | Description | Permit | Notes |
|---|---|---|---|---|
| 8414 N LANGDON AVE 53 | LIVING ROOM | DAMPNESS IN ROOMS | | |
| | LIVING ROOM | ROOF WEATHERPROOFING | | |

EXHIBIT 1 - PAGE 000103

**EXHIBIT D**

EXHIBIT 1 - PAGE 000104

(818) 471 07 06 Cell
(818) 221 68 81 Home
(818) 894·66-77 office
Veronica

# APARTMENT BUILDING RULES

## GUESTS MUST PARK OUTSIDE
Parking lot is not a dog walk area.  Gardens are not a potty area for your dog.

**LEASH LAW;**  All dogs to be on leash when outside your apartment. Curb your dog outside of apartment area/parking lot and pick up their poop.

**COMMON AREAS/PARKING LOT**
Parking lot is not a playground
No bikes, No skate boards, No skates, No balls, No BB guns

**COMMON COURTESY/RESPECT**
No loud music
No loud talking/screaming

**PARKING**
Parking is assigned.
If someone is in your spot, get the manager to have that person move.  Please do not sit in car and honk disturbing all tenants. Turn down your car radio before entering the parking lot.

*POOL RULES*
*NO CHILDREN UNDER 13 WITHOUT AN ADULT TO SUPERVISE.*
*NO EATING IN POOL/GATED POOL AREA*
*NO GLASS IN GATED POOL AREA, NO PETS IN POOL OR POOL AREA,*
*CHILDREN SHOULD PLAY IN FRONT OF THEIR OWN APARTMENT AREA*

8400 and 8414 Langdon are separate addresses with their own pool and laundry room. *DO NOT USE POOL OR LAUNDRY ROOM UNLESS YOU LIVE AT THAT ADDRESS!*

*PLEASE PICK UP YOUR TRASH.*  (818) 524 -8269

EXHIBIT 1 - PAGE 000105

# Pama Management Company
# 7 Day Notice to Correct or Quit

TO: _APT 2 3_

ADDRESS: _8400 LANGDON_

DATE: _7-24-2012_  TIME: _1:43 PM_

We have received complaints that you are causing a hardship to the others
With problems that are in violation of the apartment rules and regulations.
Reasons are indicated below.

_____1. You create noise. Loud music, annoy and disturb other tenant.

__X__2. You exhibit inappropriate conduct and unlawful activities with permitting excessive pedestrian traffic to and from your apartment.

_____3. You are not keeping the apartment in clean and neat condition.

_____4. The yard is not kept clean and neat, it has refused. Trash, rubbish, junk, discarded furniture, appliances and the grass area is dry and in need of attention.

_____5. You maintain junk vehicles, park inoperable vehicles, do mechanical repairs, and oil change on the premises. If inoperable vehicles are not removed they will be towed away at your expense.

__X__6. You do not impose control over your children and allow them to loiter on the premises creating a nuisance to others.

_____7. You have allowed other individuals to live in your apartment with-out authorization

__X__8. You are allowing individuals to live in your apartment without authorization while knowing fully well that they have been evicted from the premises.

_____9. You has refused to permit the pest control service to fumigate your apartment.

_____10. You are keeping pets, cat or dog, on the premises without prior written consent of the owner.

_____11. You keep objects, toys and plants in the walkways.

_____12. You allow your vistors to park on the premises.

_____Other. Causing conflicts And Harassing Tenants.

You are required to correct the above specific violation. If within 7 Days After service upon you of this notice you do not make corrections you must vacate the premises or legal eviction proceedings will be initiated.

If you have any questions please call immediately (909)883-5357 or (626)575-3070

_Security_ Sincerely

EXHIBIT 1 - PAGE 000106

SUM-100

**SUMMONS**
**(CITACION JUDICIAL)**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
ORIGINAL FILED
Northwest District

JAN 18 2013

LOS ANGELES
SUPERIOR COURT

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

GROUP V SAN BERNARDINO, LP; PAMA MANAGEMENT CO;
and DOES 1 THROUGH 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

DARLENE GARCIA, (see additional names attached)

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
| (El nombre y dirección de la corte es): LOS ANGELES SUPERIOR COURT | (Número del Caso): C 099543 |

Van Nuys Courthouse East-Northwest District
6230 Sylmar Ave., Van Nuys, CA  91403

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Chandra Gehri Spencer (SBN 184010), CHANDRA GEHRI SPENCER, APLC, 2625 Townsgate Rd., #330,
Westlake Village, CA, 91361  Phon: 213-631-8331 FAX: 888-932-8027

| DATE: | Clerk, by | , Deputy |
| (Fecha) | (Secretario) G.F. MOLINA | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]
JAN 18 2013  JOHN A. CLARKE

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT 1 - PAGE 000107

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| GARCIA V. GROUP V SAN BERNARDINO, LP | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** (Check only one box. Use a separate page for each type of party.):

[✓] Plaintiff  [ ] Defendant  [ ] Cross-Complainant  [ ] Cross-Defendant

ANGELA MENDOZA;

ROSEMARY PEREZ;

DALIA GARCIA;

JACKIE GARCIA;

FERNANDO CAMPOS;

ABDUL MOHAMMED;

LISA WILSON;

SONNY ROYBALL;

FRED MEDINA;

FLORENCE MEDINA;

ANA CECILIA ARAUJO;

ROMULO ROMERO;

BETTY DRESDA;

BEATRIZ DIAZ RETANA;

JACINTO CORIO BRITO;

and DOLORES CAMACHO

Page ____ of ____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

EXHIBIT 1 - PAGE 000108

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Margaret Elder (SBN 177424)<br>Law Offices of Margaret Elder<br>17011 Beach Blvd., Suite #900<br>Huntington Beach, CA 92647<br>TELEPHONE NO.: (714) 375-6696    FAX NO. *(Optional):* (714) 362-3186<br>E-MAIL ADDRESS *(Optional):* margaret@margaretelder.com<br>ATTORNEY FOR *(Name):* Plaintiffs | **ORIGINAL FILED**<br><br>FEB 1 5 2013<br><br>**LOS ANGELES<br>SUPERIOR COURT** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS:   6230 Sylmar Ave.,
MAILING ADDRESS:
CITY AND ZIP CODE:   Van Nuys, CA 91401
BRANCH NAME:   Van Nuys Courthouse East-Northwest District

PLAINTIFF/PETITIONER: Darlene Garcia, et. al.

DEFENDANT/RESPONDENT: Group V San Bernardino, LP et. al.

| PROOF OF SERVICE OF SUMMONS | CASE NUMBER:<br>LC099543 |
|---|---|
| | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Notice of Case Assignment, , SEE ATTACHMENT

3. a. Party served *(specify name of party as shown on documents served):*
      Pama Management Co

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   4900 Santa Anita Ave., Suite 2-C, El Monte, CA 91731

5. I served the party *(check proper box)*
   a. [ ] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                   (2) at *(time):*
   b. [✓] by substituted service. On *(date):* 1/31/13    at *(time):* 10:25a    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
        Junita, Hispanic, early twenties, with dark Hair.
      (1) [✓] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [✓] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 2/12/13    from *(city):* Huntington Beach    or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

EXHIBIT 1 - PAGE 000109

| PLAINTIFF/PETITIONER:  Darlene Garcia, et. al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Group V San Bernardino, LP et. al. | LC099543 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                 (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):*  Pama Management Co
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)            ☑ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                                      ☐ other:

7.  **Person who served papers**
  a. Name: Katharine Reger
  b. Address: 17011 Beach Blvd., Suite 900, Huntington Beach, CA 92647
  c. Telephone number: (714) 262-8368
  d. The fee for service was: $ 31.25
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8.  ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 2/12/13

Katharine Reger
<u>(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)</u>

▶                      *(SIGNATURE)*

EXHIBIT 1 - PAGE 000110

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Darlene Garcia v. Group V San Bernardino, LP | LC099543 |

ATTACHMENT (Number): __2(f)_____

*(This Attachment may be used with any Judicial Council form.)*

Notice of Case Management Conference, Voluntary Efficient Litigation Stipulations, Stipulation to Participate in ADR.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page _____ of _____

*(Add pages as required)*

www.courtinfo.ca.gov

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

EXHIBIT 1 - PAGE 000111

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Margaret Elder (SBN 177424)<br>Law Offices of Margaret Elder<br>17011 Beach Blvd., Suite #900<br>Huntington Beach, CA 92647<br>TELEPHONE NO: (714) 375-6696   FAX NO. *(Optional):* (714) 362-3186<br>E-MAIL ADDRESS *(Optional):* margaret@margaretelder.com<br>ATTORNEY FOR *(Name):* Plaintiffs | **ORIGINAL FILED**<br>FEB 1 5 2013<br>LOS ANGELES<br>SUPERIOR COURT |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
    STREET ADDRESS:   6230 Sylmar Ave.,
    MAILING ADDRESS:
    CITY AND ZIP CODE:   Van Nuys, CA 91401
    BRANCH NAME:   Van Nuys Courthouse East-Northwest District

| PLAINTIFF/PETITIONER: Darlene Garcia, et. al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Group V San Bernardino, LP et. al. | LC099543 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  ☑  Summons
    b.  ☑  complaint
    c.  ☑  Alternative Dispute Resolution (ADR) package
    d.  ☐  Civil Case Cover Sheet *(served in complex cases only)*
    e.  ☐  cross-complaint
    f.  ☑  other *(specify documents):*  Notice of Case Assignment, , SEE ATTACHMENT

3.  a.  Party served *(specify name of party as shown on documents served):*
        Group V San Bernardino, LP

    b.  ☐  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4.  Address where the party was served:
        4900 Santa Anita Ave., Suite 2-C, El Monte, CA 91731
5.  I served the party *(check proper box)*
    a.  ☐  by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*              (2) at *(time):*
    b.  ☑  by substituted service. On *(date):* 1/31/13      at *(time):* 10:25a   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
        Junita, Hispanic, with dark Hair.

        (1)  ☑  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4)  ☑  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 2/12/13   from *(city):* Huntington Beach   or ☐ a declaration of mailing is attached.

        (5)  ☐  I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

EXHIBIT 1 - PAGE 000112

| PLAINTIFF/PETITIONER: Darlene Garcia, et. al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Group V San Bernardino, LP et. al. | LC099543 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

     (1) on *(date):*                 (2) from *(city):*

     (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

     (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

     ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☑ On behalf of *(specify):*  Group V San Bernardino, LP
     under the following Code of Civil Procedure section:

     ☐ 416.10 (corporation)                 ☐ 415.95 (business organization, form unknown)
     ☐ 416.20 (defunct corporation)          ☐ 416.60 (minor)
     ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
     ☑ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
     ☐ 416.50 (public entity)                ☐ 415.46 (occupant)
                                        ☐ other:

7. **Person who served papers**
   a. Name: Katharine Reger
   b. Address: 17011 Beach Blvd., Suite 900, Huntington Beach, CA 92647
   c. Telephone number: (714) 262-8368
   d. The fee for service was: $ 31.25
   e. I am:
     (1) ☑ not a registered California process server.
     (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
     (3) ☐ a registered California process server:
       (i) ☐ owner  ☐ employee  ☐ independent contractor.
       (ii) Registration No.:
       (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     **or**

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 2/12/13

Katharine Reger
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *(signature)*

EXHIBIT 1 - PAGE 000113

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Darlene Garcia v. Group V San Bernardino, LP | LC099543 |

**ATTACHMENT** *(Number):* 2(f)

*(This Attachment may be used with any Judicial Council form.)*

Notice of Case Management Conference, Voluntary Efficient Litigation Stipulations, Stipulation to Participate in ADR.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page _____ of _____

*(Add pages as required)*

www.courtinfo.ca.gov

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

EXHIBIT 1 - PAGE 000114

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 355 South Grand Avenue, Fifteenth Floor, Los Angeles, CA 90071-1560.

On March 18, 2013, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(A) AND (C) (FEDERAL QUESTION)** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Yukevich Cavanaugh's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY CM/ECF** for parties that are CM/ECF participants.  Service is being made electronically on those parties on the attached list that are registered users of the Court's Electronic Case Filing System.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 18, 2013, at Los Angeles, California.

_____
Deanna Castellanos

YUKEVICH CALFO & CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR,
LOS ANGELES, CALIFORNIA 90071-1560
TELPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1108293.1 / 131-006

# SERVICE LIST

### *DARLENE GARCIA, et al. v. PAMA MANAGEMENT, et al.*
## Superior Court Los Angeles County -- Northwest District Case No. LC099543

| | |
|---|---|
| Chandra Gehri Spencer<br>CHANDRA GEHRI SPENCER, APLC<br>2625 Townsgate Road, Suite 330<br>Westlake Village CA 91361 | Attorney for Plaintiffs<br><br>T:    (213) 631-8331<br>F:    (888) 422-8027<br>cgs@cgslaw.com |
| Margaret A. Elder, Esq.<br>17011 Beach Blvd., Suite 900<br>Huntington Beach, CA | Attorney for Plaintiffs<br><br>T:    (714) 375-6696<br>F:    (714) 962-2807<br>margaret@margaretelder.com |
| THOMAS C. CORLESS<br>WILSON ELSER MOSKOWITZ<br>EDELMAN & DICKER LLP<br>555 S. Flower Street - Suite 2900<br>Los Angeles, CA 90071-2407 | Attorneys for Defendants<br>GROUP V SAN BERNARDINO, LP;<br>NIJJAR REALTY INC. dba PAMA<br>MANAGEMENT CO. (erroneously sued<br>as "PAMA MANAGEMENT CO.")<br><br>T:    (213) 330-8890 |
| NORMAND A. AYOTTE (SBN 130609)<br>JONES & AYOTTE<br>221 East Walnut Street, Suite 238<br>Pasadena, CA 91101-1554 | Attorneys for Defendants<br>GROUP V SAN BERNARDINO, LP;<br>NIJJAR REALTY INC. dba PAMA<br>MANAGEMENT CO. (erroneously sued<br>as "PAMA MANAGEMENT CO.")<br><br>T:    (626) 792-9741 |

YUKEVICH CALFO & CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR,
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV13- 1911 MMM (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)         NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

DARLENE GARCIA, ANGELA MENDOZA, ROSEMARY PEREZ, DALIA GARCIA, JACKIE GARCIA, FERNANDO CAMPOS, ABDUL MOHAMMED, LISA WILSON, SONNY ROYBALL, FRED MEDINA, FLORENCE MEDINA, ANA CECILIA ARAUJO, ROMULO ROMERO, et al.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

GROUP V SAN BERNARDINO, LP; NIJJAR REALTY, INC. dba PAMA MANAGEMENT CO. (erroneously sued as "PAMA MANAGEMENT CO."); and DOES 1 THROUGH 50, inclusive.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Chandra Gehri Spencer
CHANDRA GEHRI SPENCER, APLC
2625 Townsgate Rd., Suite 330
Westlake Village, CA 91361; (213) 631-8331

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
James J. Yukevich, Cristina M. Ciminelli, Elizabeth Callahan
YUKEVICH CAVANAUGH
355 S. Grand Ave., 15th Floor
Los Angeles, CA 90071; (213) 362-7777

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** In excess of $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. Section 3602 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☒ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

CV13-01911

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                    CIVIL COVER SHEET                    Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  [x] NO   [ ] YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  [x] NO   [ ] YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** *Lee Callahan*     DATE: March 18, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3     At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My

4 business address is 355 South Grand Avenue, Fifteenth Floor, Los Angeles, CA 90071-1560.

5

6     On March 18, 2013, I served true copies of the following document(s) described as **CIVIL COVER SHEET** on the interested parties in this action as

7 follows:

8

### SEE ATTACHED SERVICE LIST

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed

9 to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily

10 familiar with Yukevich Cavanaugh's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for

11 collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

12

**BY CM/ECF** for parties that are CM/ECF participants.  Service is being made

13 electronically on those parties on the attached list that are registered users of the Court's Electronic Case Filing System.

14

15     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office

16 of a member of the bar of this Court at whose direction the service was made.

     Executed on March 18, 2013, at Los Angeles, California.

17

18

19                                          Deanna Castellanos

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**

*DARLENE GARCIA, et al. v. PAMA MANAGEMENT, et al.*
**Superior Court Los Angeles County -- Northwest District Case No. LC099543**

| | |
|---|---|
| Chandra Gehri Spencer<br>CHANDRA GEHRI SPENCER, APLC<br>2625 Townsgate Road, Suite 330<br>Westlake Village CA 91361 | Attorney for Plaintiffs<br><br>T:     (213) 631-8331<br>F:     (888) 422-8027<br>cgs@cgslaw.com |
| Margaret A. Elder, Esq.<br>17011 Beach Blvd., Suite 900<br>Huntington Beach, CA | Attorney for Plaintiffs<br><br>T:     (714) 375-6696<br>F:     (714) 962-2807<br>margaret@margaretelder.com |
| THOMAS C. CORLESS<br>WILSON ELSER MOSKOWITZ<br>EDELMAN & DICKER LLP<br>555 S. Flower Street - Suite 2900<br>Los Angeles, CA 90071-2407 | Attorneys for Defendants<br>GROUP V SAN BERNARDINO, LP;<br>NIJJAR REALTY INC. dba PAMA<br>MANAGEMENT CO. (erroneously sued<br>as "PAMA MANAGEMENT CO.")<br><br>T:     (213) 330-8890 |
| NORMAND A. AYOTTE (SBN 130609)<br>JONES & AYOTTE<br>221 East Walnut Street, Suite 238<br>Pasadena, CA 91101-1554 | Attorneys for Defendants<br>GROUP V SAN BERNARDINO, LP;<br>NIJJAR REALTY INC. dba PAMA<br>MANAGEMENT CO. (erroneously sued<br>as "PAMA MANAGEMENT CO.")<br><br>T:     (626) 792-9741 |

YUKEVICH CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR,
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28